**No. 23-50162**

---

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

UMG RECORDINGS, INC.; CAPITOL RECORDS, L.L.C.; WARNER
BROS. RECORDS, INCORPORATED; SONY MUSIC
ENTERTAINMENT; ARISTA RECORDS, L.L.C.; ARISTA MUSIC;
ATLANTIC RECORDING CORPORATION; CAPITOL CHRISTIAN
MUSIC GROUP, INC.; ELEKTRA ENTERTAINMENT GROUP,
INCORPORATED; FONOVISA, INC.; FUELED BY RAMEN, LLC;
LAFACE RECORDS, L.L.C.; NONESUCH RECORDS,
INCORPORATED; RHINO ENTERTAINMENT COMPANY;
ROADRUNNER RECORDS, INCORPORATED; ROC-A-FELLA
RECORDS, L.L.C.; TOOTH & NAIL, L.L.C.; ZOMBA RECORDING,
L.L.C.,

*Plaintiffs-Appellees/Cross-Appellants*,

*v.*

GRANDE COMMUNICATIONS NETWORKS, L.L.C.,

*Defendant-Appellant/Cross-Appellee.*

---

On Appeal from the United States District Court
for the Western District of Texas (Austin)
No. 1:17-cv-000365-DAE

---

**PLAINTIFFS-APPELLEES/CROSS-APPELLANTS'
EXCERPTS OF RECORD**

---

**[caption continued on next page]**

Paige Arnette Amstutz
SCOTT, DOUGLASS &
MCCONNICO, LLP
303 Colorado Street
Suite 2400
Austin, TX 78701
(512) 495-6300
pamstutz@scottdoug.com

Andrew H. Bart
Jacob L. Tracer
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
abart@jenner.com
jtracer@jenner.com

Ian Heath Gershengorn
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

*Counsel for Plaintiffs-Appellees/Cross-Appellants*

# TABLE OF CONTENTS

| Tab | Description | ROA Number | Docket Number |
|---|---|---|---|
| 1. | Docket Sheet, No. 1:17-cv-00365-DAE (W.D. Tex. (Austin)) | ROA.1-97 | N/A |
| 2. | Defendant's Notice of Appeal, Mar. 1, 2023 | ROA.10569-70 | Dkt. 488 |
| 3. | Plaintiffs' Notice of Conditional Cross-Appeal, Mar. 13, 2023 | ROA.10585-86 | Dkt. 494 |
| 4. | Defendant's Amended Notice of Appeal, June 9, 2023 | ROA.11056-58 | Dkt. 518 |
| 5. | Verdict Form, Nov. 3, 2022 | ROA.10005-06 | Dkt. 458 |
| 6. | Judgment, Jan. 30, 2023 | ROA.10033-34 | Dkt. 481 |
| 7. | Order: Adopting Report and Recommendations for (Dkt. 140) Motion for Summary Judgment and (Dkt. 172) Cross-Motion for Summary Judgment as to Liability, Mar. 15, 2019 | ROA.6378-30 | Dkt. 268 |
| 8. | Jury Instructions, Nov. 1, 2022 | ROA.9907-34 | Dkt. 449 |
| 9. | Transcript of Jury Trial Proceedings before the Hon. David A. Erza re: Jury Instruction on Conduct Constituting Infringement of Plaintiffs' Exclusive Distribution Right (excerpt), Oct. 28, 2022 | ROA.13346, ROA.13365-71, ROA.13429 | Dkt. 474 |

# CERTIFICATE OF SERVICE

I, Andrew H. Bart, an attorney, hereby certify that on December 1, 2023, I caused **Plaintiff-Appellees/Cross-Appellants' Excerpts Of Record** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished on counsel listed below by the CM/ECF system.

Richard L. Brophy
Zachary C. Howenstine
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
(314) 621-5070
rbrophy@atllp.com
zhowenstine@atllp.com

Dana Livingston
COKINOS YOUNG, P.C.
900 South Capital of Texas Hwy.
Suite 425
Austin, TX 78746
(512) 482-9304
dlivingston@cokinoslaw.com

I further certify that upon the Court's acceptance of the excerpts of record, I will cause four (4) copies of the excerpts to be transmitted to the Court via UPS overnight delivery, delivery charge prepaid.

/s/ Andrew H. Bart
Andrew H. Bart

# TAB 1

APPEAL,COPYRIGHT,MOTION_REFERRED

# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CIVIL DOCKET FOR CASE #: 1:17-cv-00365-DAE

| | |
|---|---|
| UMG Recordings, Inc. et al v. Grande Communications Networks LLC et al | Date Filed: 04/21/2017 |
| Assigned to: Judge David A. Ezra | Date Terminated: 01/30/2023 |
| Related Case:  1:18-mc-00613-LY | Jury Demand: Both |
| Case in other court:  USCA Fifth Circuit, 23-50162 | Nature of Suit: 820 Copyright |
| USCA Fifth Circuit, 23-50441 | Jurisdiction: Federal Question |
| Cause: 17:101 Copyright Infringement | |

**Plaintiff**

| | | |
|---|---|---|
| **UMG Recordings, Inc.** | represented by | **Andrew H. Bart**<br>Jenner & Block LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>212-891-1600<br>Fax: 212-891-1699<br>Email: abart@jenner.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jacob Tracer**<br>Jenner & Block LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>212-891-1600<br>Fax: 212-891-1699<br>Email: jtracer@jenner.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jonathan E. Missner**<br>Stein Mitchell Cipollone Beato & Missner LLP<br>1100 Connecticut Ave., NW, Suite 1100<br>Washington, DC 20036<br>202-661-0956<br>Fax: 202-296-8312<br>Email: jmissner@steinmitchell.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Kevin L. Attridge**<br>Stein Mitchell Beato & Missner LLP<br>901 15th Street, NW, Suite 700<br>Washington, DC 20005<br>202-296-8312 |

Fax: 202-296-8312
Email: kattridge@steinmitchell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
Stein Mitchell Cipollone Beato & Missner
LLP
901 15th Street, NW, Suite 700
Washington, DC 20005
202-601-1604
Fax: 202-296-8312
Email: mpetrino@steinmitchell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
Scott, Douglass & McConnico, LLP
303 Colorado Street
Suite 2400
Austin, TX 78701
(512) 495-6300
Fax: 512-495-6399
Email: pamstutz@scottdoug.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
Stein Mitchell Cipollone Beato & Missner
LLP
1100 Connecticut Ave., NW, Suite 1100
Washington, DC 20036
202-661-0950
Fax: 202-296-8312
Email: pcipollone@steinmitchell.com
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
Stein Mitchell Cipollone Beato & Missner
LLP
1100 Connecticut Ave., NW, Suite 1100
Washington, DC 20036
202-661-0900
Fax: 202-296-8312
Email: pobeirne@steinmitchell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
Stein Mitchell Cipollone Beato & Missner
LLP

1100 Connecticut Ave., NW, Suite 1100
Washington, DC 20036
202-601-1589
Fax: 202-296-8312
Email: rgilmore@steinmitchell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
Scott, Douglas & McConnico, L.L.P.
303 Colorado St., Suite 2400
Austin, TX 78701
512-495-6300
Fax: 512-495-6399
Email: dbitting@scottdoug.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Capitol Records, LLC**                    represented by    **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Warner Bros. Records Inc.**          represented by   **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sony Music Entertainment**                    represented by     **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Arista Records LLC**                     represented by **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Arista Music                                          represented by   **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Atlantic Recording Corporation**             represented by   **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Capitol Christian Music Group, Inc.** | represented by | **Andrew H. Bart**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elektra Entertainment Group Inc.**          represented by   **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fonovisa, Inc.**                          represented by   **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fueled by Ramen LLC**                    represented by  **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LaFace Records LLC**                    represented by  **Andrew H. Bart**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nonesuch Records Inc.**                    represented by    **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rhino Entertainment Company**          represented by   **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roadrunner Records, Inc.**                     represented by  **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roc-A-Fella Records, LLC**                 represented by  **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tooth & Nail, LLC**                    represented by    **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Zomba Recording LLC**                    represented by **Andrew H. Bart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Tracer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan E. Missner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin L. Attridge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Petrino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pasquale A. Cipollone**
(See above for address)
*TERMINATED: 03/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. O'Beirne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Gilmore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel C. Bitting**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Grande Communications Networks LLC**          represented by   **Abigail Twenter**
Armstrong Teasdale
7700 Forsyth Blvd., Suite 18000
St. Louis, MO 63105
314-552-6652
Fax: 314-621-5065
Email: atwenter@atllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Diana L. Nichols**
Kelly Hart & Hallman LLP
301 Congress Avenue

Suite 2000
Austin, TX 78701
(512) 495-6400
Fax: (512) 495-6401
Email: diana.nichols@khh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward F. Behm , Jr.**
Armstrong Teasdale LLP
2005 Market Street, 29th Floor
One Commerce Square
Philadelphia, PA 19103
267-780-2000
Fax: 215-405-9070
Email: ebehm@atllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Stephen Ravel**
Kelly Hart & Hallman LLP
303 Colorado Street
Suite 2000
Austin, TX 78701
(512)495-6429
Fax: 512/495-6610
Email: steve.ravel@kellyhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer E. Hoekel**
Husch Blackwell
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314-480-1500
Fax: 314-480-1505
Email: Jennifer.Hoekel@huschblackwell.com
*TERMINATED: 10/25/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Johnson**
Kelly Hart & Hallman LLP
303 Colorado, Suite 2000
Austin, TX 78701
512-495-6438
Email: jr.johnson@kellyhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Margaret R. Szewczyk**
Armstrong Teasdale, LLP
7700 Forsyth Blvd., Suite 1800

St. Louis, MO 63105
(314) 621-5070
Fax: (314) 621-5065
Email: mszewczyk@armstrongteasdale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark A. Thomas**
Mark A. Thomas
7700 Forsyth Blvd
Ste 1500
St. Louis, MO 63105
314-580-1962
Email: mathomas@atllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard L. Brophy**
Armstrong Teasdale, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
(314) 621-5070
Fax: (314) 621-5065
Email: rbrophy@atllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sydney K. Johnson**
Armstrong Teasdale, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
(314) 621-5070
Fax: (314) 621-5065
Email: skjohnson@atllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary C. Howenstine**
Armstrong Teasdale, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
(314) 621-5070
Fax: (314) 621-5065
Email: zhowenstine@armstrongteasdale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas B. Clifford**
Tucker Ellis LLP
Tucker Ellis LLP
100 South 4th St.
St. Louis
St. Louis, MO 63102

United Sta
314-256-2550
Fax: 314256-2549
Email: nicholas.clifford@tuckerellis.com
*TERMINATED: 10/31/2019*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Patriot Media Consulting, LLC**
*TERMINATED: 03/26/2018*

represented by **Diana L. Nichols**
(See above for address)
*TERMINATED: 03/26/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Stephen Ravel**
(See above for address)
*TERMINATED: 03/26/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Johnson**
(See above for address)
*TERMINATED: 03/26/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Margaret R. Szewczyk**
(See above for address)
*TERMINATED: 03/26/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard L. Brophy**
(See above for address)
*TERMINATED: 03/26/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary C. Howenstine**
(See above for address)
*TERMINATED: 03/26/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas B. Clifford**
(See above for address)
*TERMINATED: 04/23/2018*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Grande Communication Networks LLC**

represented by **Abigail Twenter**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer E. Hoekel**
(See above for address)
*TERMINATED: 10/25/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark A. Thomas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard L. Brophy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sydney K. Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary C. Howenstine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Recording Industry Association of America, Inc.**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/21/2017 | 1 | COMPLAINT ( Filing fee $ 400 receipt number 0542-9517982). No Summons requested at this time, filed by Fueled by Ramen LLC, ATLANTIC RECORDING CORPORATION, Tooth & Nail, LLC, Capitol Records, LLC, UMG RECORDINGS, INC., Zomba Recording LLC, Roc-A-Fella Records, LLC, Nonesuch Records Inc., Arista Music, WARNER BROS. RECORDS INC., Elektra Entertainment Group Inc., LaFace Records LLC, Rhino Entertainment Company, Roadrunner Records, Inc., Capitol Christian Music Group, Inc., Sony Music Entertainment, FONOVISA, INC., ARISTA RECORDS LLC. (Attachments: # 1 Exhibit A)(Bitting, Daniel) (Entered: 04/21/2017) |
| 04/21/2017 | 2 | RULE 7 DISCLOSURE STATEMENT filed by ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, Arista Music, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., FONOVISA, INC., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., Zomba Recording LLC. (Bitting, Daniel) (Entered: 04/21/2017) |

| | | |
|---|---|---|
| 04/21/2017 | | Case Assigned to Judge Lee Yeakel. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (gr) (Entered: 04/24/2017) |
| 04/21/2017 | | DEMAND for Trial by Jury by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., and Zomba Recording LLC. (gr) (Entered: 04/24/2017) |
| 04/24/2017 | 3 | JS44 (Civil Cover Sheet) submitted by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 04/24/2017) |
| 04/24/2017 | 4 | Report on Copyright sent to Register of Copyrights. (gr) (Main Document 4 replaced on 4/24/2017) (gr). (Entered: 04/24/2017) |
| 04/24/2017 | 5 | Letters to Pat A. Cipollone, Jonathan E. Missner, Robert B. Gilmore, and Philip J. O'Beirne. (gr) (Main Document 5 replaced on 4/24/2017) (gr). (Entered: 04/24/2017) |
| 04/25/2017 | 6 | REQUEST FOR ISSUANCE OF SUMMONS by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 04/25/2017) |
| 04/25/2017 | 7 | REQUEST FOR ISSUANCE OF SUMMONS by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 04/25/2017) |
| 04/26/2017 | 8 | Summons Issued as to Grande Communications Networks LLC. (dm) (Entered: 04/26/2017) |
| 04/26/2017 | 9 | Summons Issued as to Patriot Media Consulting, LLC. (dm) (Entered: 04/26/2017) |
| 05/03/2017 | 10 | MOTION to Appear Pro Hac Vice by Daniel C. Bitting *for Pasquale A. Cipollone* ( Filing fee $ 100 receipt number 0542-9551241) by on behalf of Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 05/03/2017) |

| | | |
|---|---|---|
| 05/03/2017 | 11 | MOTION to Appear Pro Hac Vice by Daniel C. Bitting *for Robert B. Gilmore* ( Filing fee $ 100 receipt number 0542-9551327) by on behalf of Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 05/03/2017) |
| 05/03/2017 | 12 | MOTION to Appear Pro Hac Vice by Daniel C. Bitting *for Jonathan E. Missner* ( Filing fee $ 100 receipt number 0542-9551356) by on behalf of Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 05/03/2017) |
| 05/03/2017 | 13 | MOTION to Appear Pro Hac Vice by Daniel C. Bitting *for Philip J. O'Beirne* ( Filing fee $ 100 receipt number 0542-9551364) by on behalf of Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 05/03/2017) |
| 05/18/2017 | 14 | SUMMONS Returned Executed by Fueled by Ramen LLC, Atlantic Recording Corporation, Tooth & Nail, LLC, Capitol Records, LLC, UMG Recordings, Inc., Zomba Recording LLC, Roc-A-Fella Records, LLC, Nonesuch Records Inc., Arista Music, Warner Bros. Records Inc., Elektra Entertainment Group Inc., LaFace Records LLC, Rhino Entertainment Company, Roadrunner Records, Inc., Capitol Christian Music Group, Inc., Sony Music Entertainment, Fonovisa, Inc., Arista Records LLC. Grande Communications Networks LLC served on 4/28/2017, answer due 5/19/2017. (Bitting, Daniel) (Entered: 05/18/2017) |
| 05/18/2017 | 15 | SUMMONS Returned Executed by Fueled by Ramen LLC, Atlantic Recording Corporation, Tooth & Nail, LLC, Capitol Records, LLC, UMG Recordings, Inc., Zomba Recording LLC, Roc-A-Fella Records, LLC, Nonesuch Records Inc., Arista Music, Warner Bros. Records Inc., Elektra Entertainment Group Inc., LaFace Records LLC, Rhino Entertainment Company, Roadrunner Records, Inc., Capitol Christian Music Group, Inc., Sony Music Entertainment, Fonovisa, Inc., Arista Records LLC. Patriot Media Consulting, LLC served on 4/28/2017, answer due 5/19/2017. (Bitting, Daniel) (Entered: 05/18/2017) |
| 05/18/2017 | 16 | MOTION to Appear Pro Hac Vice by J. Stephen Ravel *Zachary C. Howenstine* ( Filing fee $ 100 receipt number 0542-9600732) by on behalf of Grande Communications Networks LLC, Patriot Media Consulting, LLC. (Attachments: # 1 Proposed Order Order Granting Motion)(Ravel, J.) (Entered: 05/18/2017) |
| 05/18/2017 | 17 | MOTION to Appear Pro Hac Vice by J. Stephen Ravel *Richard L. Brophy* ( Filing fee $ 100 receipt number 0542-9600806) by on behalf of Grande Communications Networks LLC, Patriot Media Consulting, LLC. (Attachments: # 1 Proposed Order Order Granting Motion)(Ravel, J.) (Entered: 05/18/2017) |

| 05/18/2017 | 18 | MOTION to Appear Pro Hac Vice by J. Stephen Ravel *Margaret R. Szewczyk* ( Filing fee $ 100 receipt number 0542-9600824) by on behalf of Grande Communications Networks LLC, Patriot Media Consulting, LLC. (Attachments: # 1 Proposed Order Order Granting Motion)(Ravel, J.) (Entered: 05/18/2017) |
|---|---|---|
| 05/18/2017 | 19 | Unopposed MOTION for Extension of Time to File Answer by Grande Communications Networks LLC, Patriot Media Consulting, LLC. (Attachments: # 1 Proposed Order Order Granting Motion)(Ravel, J.) (Entered: 05/18/2017) |
| 05/19/2017 | 20 | ORDER GRANTING 10 Motion to Appear Pro Hac Vice as to Pasquale A. Cipollone. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 05/19/2017) |
| 05/19/2017 | 21 | ORDER GRANTING 11 Motion to Appear Pro Hac Vice as to Robert B. Gilmore. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 05/19/2017) |
| 05/19/2017 | 22 | ORDER GRANTING 12 Motion to Appear Pro Hac Vice as to Jonathan E. Missner. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 05/19/2017) |
| 05/19/2017 | 23 | ORDER GRANTING 13 Motion to Appear Pro Hac Vice as to Philip J. O'Beirne. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 05/19/2017) |
| 05/23/2017 | 24 | ORDER GRANTING 16 Motion to Appear Pro Hac Vice as to Zachary C. Howenstine. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 05/23/2017) |
| 05/23/2017 | 25 | ORDER GRANTING 17 Motion to Appear Pro Hac Vice as to Richard L. Brophy. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 05/23/2017) |
| 05/23/2017 | 26 | ORDER GRANTING 18 Motion to Appear Pro Hac Vice as to Margaret R. Szewczyk. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 05/23/2017) |
| 05/23/2017 | 27 | ORDER GRANTING 19 Motion for Extension of Time to Answer ; Grande Communications Networks LLC answer due 6/19/2017; Patriot Media Consulting, LLC answer due 6/19/2017. Signed by Judge Lee Yeakel. (dm) (Entered: 05/24/2017) |
| 06/19/2017 | 28 | |

| | | Motion to Dismiss for Failure to State a Claim by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 06/19/2017) |
|---|---|---|
| 06/19/2017 | 29 | Motion to Dismiss for Failure to State a Claim by Patriot Media Consulting, LLC. (Brophy, Richard) (Entered: 06/19/2017) |
| 06/21/2017 | 30 | Unopposed MOTION for Extension of Time to File Response/Reply *to Defendants' Motions to Dismiss* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 06/21/2017) |
| 06/27/2017 | 31 | ORDER GRANTING 30 Motion for Extension of Time to File Response. Signed by Judge Lee Yeakel. (dm) (Entered: 06/27/2017) |
| 07/19/2017 | 32 | Scheduling Recommendations/Proposed Scheduling Order *(Joint)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 07/19/2017) |
| 07/21/2017 | 33 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 28 Motion to Dismiss for Failure to State a Claim filed by Defendant Grande Communications Networks LLC (Bitting, Daniel) (Entered: 07/21/2017) |
| 07/21/2017 | 34 | Response in Opposition to Motion, filed by Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 29 Motion to Dismiss for Failure to State a Claim filed by Defendant Patriot Media Consulting, LLC (Bitting, Daniel) (Entered: 07/21/2017) |
| 07/25/2017 | 35 | Unopposed MOTION for Extension of Time to File Response/Reply as to 28 Motion to Dismiss for Failure to State a Claim , 29 Motion to Dismiss for Failure to State a Claim , 33 Response in Opposition to Motion,, 34 Response in Opposition to Motion, by Grande Communications Networks LLC, Patriot Media Consulting, LLC. (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 07/25/2017) |
| 07/26/2017 | 36 | ORDER GRANTING Defendants' 35 Motion for Extension of Time to File Reply Briefs in Support of their Motions to Dismiss. Signed by Judge Lee Yeakel. (klw) (Entered: 07/26/2017) |
| 08/04/2017 | 37 | REPLY to Response to Motion, filed by Grande Communications Networks LLC, re 28 Motion to Dismiss for Failure to State a Claim filed by Defendant Grande Communications Networks LLC *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS REPLY IN SUPPORT OF MOTION TO DISMISS* (Brophy, Richard) |

| | | |
|---|---|---|
| | | (Entered: 08/04/2017) |
| 08/04/2017 | 38 | REPLY to Response to Motion, filed by Patriot Media Consulting, LLC, re 29 Motion to Dismiss for Failure to State a Claim filed by Defendant Patriot Media Consulting, LLC *DEFENDANT PATRIOT MEDIA CONSULTING, LLCS REPLY IN SUPPORT OF MOTION TO DISMISS* (Brophy, Richard) (Entered: 08/04/2017) |
| 08/08/2017 | 39 | Joint MOTION for Protective Order by Grande Communications Networks LLC, Patriot Media Consulting, LLC. (Attachments: # 1 PROTECTIVE ORDER)(Brophy, Richard) (Entered: 08/08/2017) |
| 08/14/2017 | 40 | ORDER REFERRING MOTION: 28 Motion to Dismiss for Failure to State a Claim filed by Grande Communications Networks LLC, 29 Motion to Dismiss for Failure to State a Claim filed by Patriot Media Consulting, LLC. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dm) (Entered: 08/14/2017) |
| 08/14/2017 | 41 | PROTECTIVE ORDER. Signed by Judge Lee Yeakel. (dm) (Entered: 08/14/2017) |
| 08/30/2017 | 42 | Unopposed MOTION for Leave to Exceed Page Limitation *for Plaintiffs' Motion to Compel Documents and Information from Defendants* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 08/30/2017) |
| 08/30/2017 | 43 | MOTION to Compel *Documents and Information from Defendants* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P)(Bitting, Daniel) (Entered: 08/30/2017) |
| 08/30/2017 | 44 | Opposed MOTION for Leave to Exceed Page Limitation *for Plaintiffs' Motion to Compel Documents and Information from Defendants* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 08/30/2017) |
| 08/31/2017 | 45 | ORDER REFERRING MOTION: 43 MOTION to Compel *Documents and Information from Defendants* filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC, 44 Opposed MOTION for Leave to Exceed Page Limitation *for Plaintiffs' Motion to Compel Documents and Information from* |

| | | |
|---|---|---|
| | | *Defendants* filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dm) (Entered: 09/01/2017) |
| 09/01/2017 | 46 | ORDER STAYING CASE, Proposed Scheduling Order due by 9/15/2017. Signed by Judge Lee Yeakel. (dm) (Entered: 09/01/2017) |
| 09/15/2017 | 47 | Proposed Scheduling Order *JOINT PROPOSED SCHEDULING ORDER* by Grande Communications Networks LLC, Patriot Media Consulting, LLC. (Brophy, Richard) (Entered: 09/15/2017) |
| 09/15/2017 | 48 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, Patriot Media Consulting, LLC, re 43 MOTION to Compel *Documents and Information from Defendants* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Brophy, Richard) (Entered: 09/15/2017) |
| 09/15/2017 | 49 | MOTION for Protective Order *DEFENDANTS MOTION TO RETAIN DESIGNATION OF DOCUMENTS AS CONFIDENTIAL-ATTORNEYS EYES ONLY* by Grande Communications Networks LLC, Patriot Media Consulting, LLC. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Brophy, Richard) (Entered: 09/15/2017) |
| 09/21/2017 | 50 | ORDER REFERRING MOTION: 49 MOTION for Protective Order *DEFENDANTS MOTION TO RETAIN DESIGNATION OF DOCUMENTS AS CONFIDENTIAL-ATTORNEYS EYES ONLY* filed by Patriot Media Consulting, LLC, Grande Communications Networks LLC. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dm) (Entered: 09/21/2017) |
| 09/21/2017 | | Case No Longer Stayed. (dm) (Entered: 09/21/2017) |
| 09/21/2017 | 51 | ORDER, ( Initial Pretrial Conference set for 12/13/2017 at 09:30 AM before Judge Lee Yeakel,). Signed by Judge Lee Yeakel. (dm) (Entered: 09/21/2017) |
| 09/22/2017 | 52 | REPLY to Response to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 43 MOTION to Compel *Documents and Information from Defendants* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff |

| | | |
|---|---|---|
| | | Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC *for Plaintiffs' Motion to Compel Documents and Information from Defendants* (Attachments: # 1 Exhibit Q, # 2 Exhibit R)(Bitting, Daniel) (Entered: 09/22/2017) |
| 09/29/2017 | 53 | Unopposed MOTION for Leave to File Plaintiffs' Opposition to Defendants' Motion for Protective Order to Maintain Documents as Attorneys' Eyes Only by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 09/29/2017) |
| 09/29/2017 | 54 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 49 MOTION for Protective Order *DEFENDANTS MOTION TO RETAIN DESIGNATION OF DOCUMENTS AS CONFIDENTIAL-ATTORNEYS EYES ONLY* filed by Defendant Patriot Media Consulting, LLC, Defendant Grande Communications Networks LLC (Bitting, Daniel) (Additional attachment(s) added on 10/23/2017: # 1 Sealed Exhibit A) (dm). (Entered: 09/29/2017) |
| 09/29/2017 | 55 | Unopposed MOTION for Leave to File Exhibit A to Opposition to Defendants' Motion for Protective Order to Maintain Documents as Attorneys' Eyes Only *Under Seal* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Sealed Document, # 2 Proposed Order)(Bitting, Daniel) (Entered: 09/29/2017) |
| 10/06/2017 | 56 | REPLY to Response to Motion, filed by Grande Communications Networks LLC, Patriot Media Consulting, LLC, re 53 Unopposed MOTION for Leave to File Plaintiffs' Opposition to Defendants' Motion for Protective Order to Maintain Documents as Attorneys' Eyes Only filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Brophy, Richard) (Entered: 10/06/2017) |
| 10/11/2017 | | Text Order GRANTING 44 Motion for Leave to File Excess Pages entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 10/11/2017) |
| 10/11/2017 | 57 | ORDER, ORDER Setting Hearing on 29 Motion to Dismiss for Failure to State a Claim , 49 MOTION for Protective Order *DEFENDANTS MOTION TO RETAIN DESIGNATION* |

| | | |
|---|---|---|
| | | *OF DOCUMENTS AS CONFIDENTIAL-ATTORNEYS EYES ONLY*, 28 Motion to Dismiss for Failure to State a Claim , 43 MOTION to Compel *Documents and Information from Defendants* :( Motion Hearing set for 10/24/2017 at 10:30 AM before Judge Andrew W. Austin,). Signed by Judge Andrew W. Austin. (dm) (Entered: 10/11/2017) |
| 10/19/2017 | | Text Order GRANTING 53 Motion for Leave to File entered by Judge Andrew W. Austin. Plaintiffs are granted leave to file their Opposition to the Motion for Protective Order, and it will be considered timely. (This is a text-only entry generated by the court. There is no document associated with this entry.) (AWA) Modified docket text on 10/19/2017 (kkc). (Entered: 10/19/2017) |
| 10/19/2017 | | Text Order GRANTING 55 Motion for Leave to File entered by Judge Andrew W. Austin. Exhibit A to Plaintiffs' Opposition to Motion for Protective Order shall be filed and maintained under seal. (This is a text-only entry generated by the court. There is no document associated with this entry.) (AWA) (Entered: 10/19/2017) |
| 10/24/2017 | 58 | Minute Entry for proceedings held before Judge Andrew W. Austin: Motion Hearing held on 10/24/2017 re 43 MOTION to Compel *Documents and Information from Defendants* filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC, 28 Motion to Dismiss for Failure to State a Claim filed by Grande Communications Networks LLC, 29 Motion to Dismiss for Failure to State a Claim filed by Patriot Media Consulting, LLC, 49 MOTION for Protective Order *DEFENDANTS MOTION TO RETAIN DESIGNATION OF DOCUMENTS AS CONFIDENTIAL-ATTORNEYS EYES ONLY* filed by Patriot Media Consulting, LLC, Grande Communications Networks LLC (Minute entry documents are not available electronically.). (Court Reporter ERO.)(dm) (Entered: 10/24/2017) |
| 10/24/2017 | 59 | ORDER DENYING 49 Motion for Protective Order. Signed by Judge Andrew W. Austin. (dm) (Entered: 10/24/2017) |
| 10/27/2017 | 60 | ORDER GRANTING IN PART AND DENYING IN PART 43 Motion to Compel. Signed by Judge Andrew W. Austin. (dm) (Entered: 10/27/2017) |
| 10/31/2017 | 61 | ADVISORY TO COURT REGARDING CASE CITED IN ORAL ARGUMENT by Grande Communications Networks LLC. (Brophy, Richard) Modified on 11/1/2017 to correct docket text (dm). (Entered: 10/31/2017) |
| 11/29/2017 | 62 | ORDER, ( Initial Pretrial Conference set for 1/3/2018 at 03:00 PM before Judge Lee Yeakel,). Signed by Judge Lee Yeakel. (dm) (Entered: 11/29/2017) |
| 11/30/2017 | 63 | ORDERED that the Initial Pretrial Conference set for December 13, 2017, isCANCELED. Signed by Judge Lee Yeakel. (dm) (Entered: 11/30/2017) |
| 12/05/2017 | 64 | Transcript filed of Proceedings held on October 24, 2017, Proceedings Transcribed: Motions Hearing. Court Reporter/Transcriber: Arlinda Rodriguez, Telephone number: 512-391-8791. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction |

| | | Request due 12/26/2017, Redacted Transcript Deadline set for 1/5/2018, Release of Transcript Restriction set for 3/5/2018, (Rodriguez, Arlinda) (Entered: 12/05/2017) |
|---|---|---|
| 01/03/2018 | 65 | Minute Entry for proceedings held before Judge Lee Yeakel: Initial Pretrial Conference held on 1/3/2018 (Minute entry documents are not available electronically.). (Court Reporter Arlinda Rodriguez.)(dm) (Entered: 01/03/2018) |
| 01/03/2018 | 66 | SCHEDULING ORDER: Final Pretrial Conference set for 12/14/2018 at 04:00 PM and Jury Trial in the month of January 2019 before Judge Lee Yeakel, Discovery due by 3/16/2018, Motions due by 7/20/2018,. Signed by Judge Lee Yeakel. (dm) (Entered: 01/04/2018) |
| 02/06/2018 | 67 | NOTICE of *Supplemental Authority* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC re 33 Response in Opposition to Motion,, 34 Response in Opposition to Motion, (Attachments: # 1 Exhibit A)(Bitting, Daniel) (Entered: 02/06/2018) |
| 02/08/2018 | 68 | RESPONSE *Defendants' Response to Plaintiffs' Notice of Supplemental Authority* to 67 Notice (Other),, by Patriot Media Consulting, LLC. (Brophy, Richard) (Entered: 02/08/2018) |
| 02/13/2018 | 69 | NOTICE of Filing Plaintiffs' Reply to Defendants' Response to Plaintiffs' Notice of Supplemental Authority by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC (Bitting, Daniel) (Entered: 02/13/2018) |
| 02/14/2018 | 70 | TRANSCRIPT REQUEST by Grande Communications Networks LLC, Patriot Media Consulting, LLC for proceedings held on 1/3/2018. Proceedings Transcribed: Initial PreTrial Conference. Court Reporter: Arlinda Rodriguez. (Brophy, Richard) (Entered: 02/14/2018) |
| 02/21/2018 | 71 | Transcript filed of Proceedings held on jANUARY 3, 2018, Proceedings Transcribed: Initial Pretrial Conference. Court Reporter/Transcriber: Arlinda Rodriguez, Telephone number: 512-391-8791. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 3/14/2018, Redacted Transcript Deadline set for 3/26/2018, Release of Transcript Restriction set for 5/22/2018, (Rodriguez, Arlinda) (Entered: 02/21/2018) |
| 02/28/2018 | 72 | REPORT AND RECOMMENDATIONS re 28 Motion to Dismiss for Failure to State a Claim filed by Grande Communications Networks LLC, 29 Motion to Dismiss for Failure to State a Claim filed by Patriot Media Consulting, LLC. Signed by Judge Andrew W. Austin. (dm) (Entered: 02/28/2018) |
| 02/28/2018 | | |

| | | |
|---|---|---|
| | | Motions No Longer Referred: 28 Motion to Dismiss for Failure to State a Claim , 29 Motion to Dismiss for Failure to State a Claim (dm) (Entered: 02/28/2018) |
| 03/14/2018 | 73 | Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document, # 2 Sealed Document, # 3 Sealed Document, # 4 Sealed Document, # 5 Sealed Document, # 6 Sealed Document, # 7 Sealed Document, # 8 Sealed Document, # 9 Sealed Document, # 10 Sealed Document, # 11 Sealed Document, # 12 Sealed Document, # 13 Sealed Document, # 14 Sealed Document, # 15 Sealed Document, # 16 Sealed Document, # 17 Sealed Document) (Bitting, Daniel) (Entered: 03/14/2018) |
| 03/14/2018 | 74 | OBJECTION to 72 Report and Recommendations by Grande Communications Networks LLC.. (Brophy, Richard) (Entered: 03/14/2018) |
| 03/19/2018 | 75 | ORDER DENYING 73 Motion for Leave to File Sealed Document. Signed by Judge Lee Yeakel. (so) (Entered: 03/19/2018) |
| 03/22/2018 | 76 | OBJECTION to 72 Report and Recommendations *Regarding Defendants' Motions to Dismiss (Amended)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC.. (Bitting, Daniel) (Entered: 03/22/2018) |
| 03/26/2018 | 77 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 72 Report and Recommendations. GRANTING IN PART, DENYING IN PART 28 Motion to Dismiss. GRANTING 29 Motion to Dismiss. Signed by Judge Lee Yeakel. (dm) (Entered: 03/26/2018) |
| 03/28/2018 | 78 | AMENDED ORDER on Report and Recommendation of the United States Magistrate Judge. Signed by Judge Lee Yeakel. (dm) (Entered: 03/28/2018) |
| 04/05/2018 | 79 | Opposed MOTION to Extend Scheduling Order Deadlines by Grande Communications Networks LLC. (Attachments: # 1 Brophy Declaration, # 2 Exhibit 1 to Brophy Declaration, # 3 Exhibit 2 to Brophy Declaration)(Brophy, Richard) (Entered: 04/05/2018) |
| 04/09/2018 | 80 | ANSWER to 1 Complaint,, with Jury Demand *and Affirmative Defenses* by Grande Communications Networks LLC.(Brophy, Richard) (Entered: 04/09/2018) |
| 04/12/2018 | 81 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 79 Opposed MOTION to Extend Scheduling Order Deadlines filed by Defendant Grande Communications Networks LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bitting, Daniel) (Entered: 04/12/2018) |
| 04/17/2018 | 82 | ORDER DENYING 79 Motion to Extend Scheduling Order Deadlines. Signed by Judge Lee Yeakel. (dl) (Entered: 04/17/2018) |
| 04/19/2018 | 83 | MOTION to Appear Pro Hac Vice by J. Stephen Ravel *Nicholas B. Clifford, Jr.* ( Filing fee $ 100 receipt number 0542-10702275) by on behalf of Grande Communications Networks LLC, Patriot Media Consulting, LLC. (Ravel, J.) (Main Document 83 replaced |

| | | |
|---|---|---|
| | | on 4/19/2018) (klw). (Entered: 04/19/2018) |
| 04/20/2018 | 84 | ORDER GRANTING 83 Motion for Nicholas B. Clifford, Jr. to Appear Pro Hac Vice on behalf of Grande Communications Networks, LLC and Patriot Media Consulting, LLC. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (lt) (Entered: 04/23/2018) |
| 05/03/2018 | 85 | MOTION for Leave to File Plaintiffs' First Amended Complaint by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Amended Complaint, # 5 Exhibit A to Amended Complaint, # 6 Exhibit B to Amended Complaint, # 7 Exhibit C to Amended Complaint, # 8 Exhibit D to Amended Complaint)(Bitting, Daniel) (Entered: 05/03/2018) |
| 05/03/2018 | 86 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document Exhibit, # 2 Sealed Document Exhibit, # 3 Sealed Document Exhibit) (Bitting, Daniel) (Entered: 05/03/2018) |
| 05/04/2018 | 87 | ATTACHMENT *Proposed Order* to 86 Unopposed Motion for leave to File Sealed Document by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 05/04/2018) |
| 05/04/2018 | 88 | ATTACHMENT *Proposed Order* to 85 MOTION for Leave to File Plaintiffs' First Amended Complaint by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 05/04/2018) |
| 05/09/2018 | 89 | Unopposed MOTION for Extension of Time to File Response/Reply as to 85 MOTION for Leave to File Plaintiffs' First Amended Complaint *DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLCS UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO AMEND COMPLAINT* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 05/09/2018) |
| 05/10/2018 | 90 | ORDER GRANTING 89 Motion for Extension of Time to File Response. Signed by Judge Lee Yeakel. (dm) (Entered: 05/11/2018) |
| 05/17/2018 | 91 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, Patriot Media Consulting, LLC, re 85 MOTION for Leave to File Plaintiffs' First Amended Complaint filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording |

| | | |
|---|---|---|
| | | LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Declaration ISO, # 2 Exhibit, # 3 Proposed Order)(Brophy, Richard) (Entered: 05/17/2018) |
| 05/22/2018 | 92 | ORDER REFERRING MOTION: 86 Unopposed Motion for leave to File Sealed Document and 85 MOTION for Leave to File Plaintiffs' First Amended Complaint. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dm) (Entered: 05/22/2018) |
| 05/24/2018 | 93 | RESPONSE in Support, filed by Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 85 MOTION for Leave to File Plaintiffs' First Amended Complaint filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC *Reply ISO Ps' Motion for Leave to Amend Complaint to Allege Facts Based on Newly-Discovered Evidence* (Bitting, Daniel) (Entered: 05/24/2018) |
| 05/25/2018 | 94 | MOTION *to Authorize Service of Third-Party Subpoena by U.S. Marshal* by Grande Communication Networks LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Clifford, Nicholas) (Entered: 05/25/2018) |
| 05/31/2018 | 95 | ATTACHMENT *Proposed Order* to 94 MOTION *to Authorize Service of Third-Party Subpoena by U.S. Marshal* by Grande Communication Networks LLC. (Brophy, Richard) (Entered: 05/31/2018) |
| 06/01/2018 | 96 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 94 MOTION *to Authorize Service of Third-Party Subpoena by U.S. Marshal* filed by Defendant Grande Communication Networks LLC (Bitting, Daniel) (Entered: 06/01/2018) |
| 06/05/2018 | 97 | ORDER REFERRING MOTION: 94 MOTION *to Authorize Service of Third-Party Subpoena by U.S. Marshal* filed by Grande Communication Networks LLC. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dm) (Entered: 06/05/2018) |
| 06/06/2018 | 98 | MOTION to Withdraw 94 MOTION *to Authorize Service of Third-Party Subpoena by U.S. Marshal* by Grande Communications Networks LLC. (Clifford, Nicholas) (Entered: 06/06/2018) |

| | | |
|---|---|---|
| 06/06/2018 | 99 | ATTACHMENT *Proposed Order* to 98 MOTION to Withdraw 94 MOTION *to Authorize Service of Third-Party Subpoena by U.S. Marshal* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Brophy, Richard) (Entered: 06/06/2018) |
| 06/07/2018 | | Text Order GRANTING 98 Motion to Withdraw entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 06/07/2018) |
| 06/07/2018 | | Text Order DENYING 94 Motion entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 06/07/2018) |
| 06/13/2018 | 100 | MOTION by Jennifer E. Hoekel to Appear Pro Hac Vice on behalf of Grande Communication Networks LLC. ($100 fee paid, Receipt #0542-10896810) (Attachments: # 1 Proposed Order)(Ravel, J.) Modified on 6/13/2018 (td). (Entered: 06/13/2018) |
| 06/14/2018 | 101 | ORDER GRANTING 100 Motion to Appear Pro Hac Vice as to Jennifer E. Hoekel. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 06/14/2018) |
| 06/19/2018 | 102 | MOTION for Protective Order *Regarding Defendants' Rule 30(b)(6) Deposition Notices* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order)(Bitting, Daniel) (Entered: 06/19/2018) |
| 06/19/2018 | 103 | CORRECTED MOTION for Protective Order *Regarding Defendants' Rule 30(b)(6) Deposition Notices* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order)(Bitting, Daniel) (Entered: 06/19/2018) |
| 06/26/2018 | 104 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 103 CORRECTED MOTION for Protective Order *Regarding Defendants' Rule 30(b)(6) Deposition Notices* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 06/26/2018) |
| 06/27/2018 | 105 | ORDER REFERRING MOTION: 103 CORRECTED MOTION for Protective Order *Regarding Defendants' Rule 30(b)(6) Deposition Notices* filed by Roc-A-Fella Records, |

| | | |
|---|---|---|
| | | LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dl) (Entered: 06/27/2018) |
| 07/03/2018 | 106 | REPLY to Response to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 103 CORRECTED MOTION for Protective Order *Regarding Defendants' Rule 30(b)(6) Deposition Notices* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Bitting, Daniel) (Entered: 07/03/2018) |
| 07/06/2018 | 107 | MOTION for Protective Order *regarding Defendant's Subpoena for Rule 30(b)(6) Deposition* by Recording Industry Association of America, Inc., Recording Industry Association of America, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order)(Bitting, Daniel) (Entered: 07/06/2018) |
| 07/06/2018 | 108 | MOTION to Compel *Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit O, # 15 Exhibit P, # 16 Exhibit Q, # 17 Exhibit R, # 18 Exhibit S, # 19 Proposed Order)(Bitting, Daniel) (Additional attachment(s) added on 10/25/2018: # 20 Exhibit S) (dm). (Entered: 07/06/2018) |
| 07/06/2018 | 109 | MOTION for Leave to File Exhibit S to Plaintiffs' Motion to Compel Discovery from Grande Communications Networks LLC and Patriot Media Consulting LLC by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc.. (Attachments: # 1 Sealed Document, # 2 Proposed Order)(Bitting, Daniel) (Entered: 07/06/2018) |
| 07/06/2018 | 110 | MOTION to Compel *the Production of Documents and Information from Plaintiffs* by Grande Communication Networks LLC, Grande Communications Networks LLC. |

| | | |
|---|---|---|
| | | (Attachments: # 1 A Brophy Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 13, # 12 Exhibit 14, # 13 Proposed Order)(Brophy, Richard) (Additional attachment(s) added on 10/25/2018: # 14 Exhibit 7) # 15 Exhibit 8, # 16 Exhibit 9) (dm). (Entered: 07/06/2018) |
| 07/06/2018 | 111 | Unopposed MOTION for Leave to Exceed Page Limitation *for Motion to Compel* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 07/06/2018) |
| 07/06/2018 | 112 | Opposed Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document EX. 7 - 2018.04.12 Warner Plaintiffs_ Objs and Resps to Defs_ 2nd Irogs, # 2 Sealed Document EX. 8 - 2018.04.12 Sony Plaintiffs_ Obs and Resps to Defs_ 2nd Irogs, # 3 Sealed Document EX. 9 - 2018.04.12 Universal Plaintiffs_ Objs and Resps to Defs_ 2d Irogs, # 4 Proposed Order) (Brophy, Richard) (Entered: 07/06/2018) |
| 07/10/2018 | 113 | ORDER REFERRING MOTION: 112 Opposed Motion for leave to File Sealed Document filed by Grande Communications Networks LLC, Grande Communication Networks LLC, 108 MOTION to Compel *Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC* filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC, 107 MOTION for Protective Order *regarding Defendant's Subpoena for Rule 30(b)(6) Deposition* filed by Recording Industry Association of America, Inc., 111 Unopposed MOTION for Leave to Exceed Page Limitation *for Motion to Compel* filed by Grande Communications Networks LLC, Grande Communications Networks LLC, 110 MOTION to Compel *the Production of Documents and Information from Plaintiffs* filed by Grande Communications Networks LLC, Grande Communication Networks LLC, 109 MOTION for Leave to File Exhibit S to Plaintiffs' Motion to Compel Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dm) (Entered: 07/10/2018) |
| 07/12/2018 | 114 | ORDER, Set Motion Hearing for 111 Unopposed MOTION for Leave to Exceed Page Limitation *for Motion to Compel*, 110 MOTION to Compel *the Production of Documents and Information from Plaintiffs*, 108 MOTION to Compel *Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC*, 112 Opposed Motion for leave to File Sealed Document, 109 MOTION for Leave to File Exhibit S to Plaintiffs' Motion to Compel Discovery from Grande Communications Networks LLC and Patriot Media Consulting LLC , 107 MOTION for Protective Order *regarding Defendant's Subpoena for Rule 30(b)(6) Deposition* ( Motion Hearing set for 8/16/2018 at 10:00 AM before Judge Andrew W. Austin,). Signed by Judge Andrew W. Austin. (dm) (Entered: 07/12/2018) |
| 07/13/2018 | 115 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, |

|  |  | Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 110 MOTION to Compel *the Production of Documents and Information from Plaintiffs* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Attachments: # 1 Exhibit Exhibit A)(Bitting, Daniel) (Entered: 07/13/2018) |
|---|---|---|
| 07/13/2018 | 116 | Unopposed MOTION for Leave to Exceed Page Limitation by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order Proposed Order)(Bitting, Daniel) (Entered: 07/13/2018) |
| 07/13/2018 | 117 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 107 MOTION for Protective Order *regarding Defendant's Subpoena for Rule 30(b)(6) Deposition* filed by Recording Industry Association of America, Inc. (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 07/13/2018) |
| 07/13/2018 | 118 | WITNESS/EXHIBIT/EXPERT LIST by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC . (Bitting, Daniel) (Entered: 07/13/2018) |
| 07/13/2018 | 119 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, Patriot Media Consulting, LLC, re 108 MOTION to Compel *Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Exhibit Brophy Declaration, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Proposed Order)(Brophy, Richard) (Additional attachment(s) added on 10/25/2018: # 5 Exhibit 1) (dm). (Entered: 07/13/2018) |
| 07/13/2018 | 120 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document Exhibit 1) (Brophy, Richard) (Entered: 07/13/2018) |
| 07/20/2018 | 121 | RESPONSE in Support, filed by Recording Industry Association of America, Inc., re 107 MOTION for Protective Order *regarding Defendant's Subpoena for Rule 30(b)(6) Deposition* filed by Recording Industry Association of America, Inc. (Bitting, Daniel) (Entered: 07/20/2018) |
| 07/20/2018 | 122 | RESPONSE in Support, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, |

| | | |
|---|---|---|
| | | Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 108 MOTION to Compel *Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Exhibit A)(Bitting, Daniel) (Entered: 07/20/2018) |
| 07/20/2018 | 123 | REPLY to Response to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 110 MOTION to Compel *the Production of Documents and Information from Plaintiffs* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS REPLY IN SUPPORT OF OPPOSED MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND INFORMATION FROM PLAINTIFFS* (Brophy, Richard) (Entered: 07/20/2018) |
| 07/25/2018 | 124 | ADR Report Filed - *Pursuant to the Scheduling Order and Local Rule CV-88(b)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC(Bitting, Daniel) (Entered: 07/25/2018) |
| 07/25/2018 | 125 | ADR Report Filed - *Pursuant to the Scheduling Order and Local Rule CV-88(b)* by Grande Communications Networks LLC(Brophy, Richard) (Entered: 07/25/2018) |
| 07/30/2018 | 126 | WITNESS/EXHIBIT/EXPERT LIST by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC . (Bitting, Daniel) (Entered: 07/30/2018) |
| 08/08/2018 | 127 | MOTION for Summary Judgment *as to Grande Communications Networks LLC's DMCA Safe Harbor Defense* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Bitting, Daniel) (Additional attachment(s) added on 10/25/2018: # 20 Exhibit A, # 21 Exhibit B, # 22 Exhibit D, # 23 Exhibit F, # 24 Exhibit H, # 25 Exhibit H, # 26 Exhibit J, # 27 Exhibit K, # 28 Exhibit M, # 29 Exhibit P, # 30 Exhibit R, # 31 |

| | | |
|---|---|---|
| | | Exhibit S) (dm). (Entered: 08/08/2018) |
| 08/08/2018 | <u>128</u> | Unopposed Motion for leave to File Sealed Document (Attachments: # <u>1</u> Proposed Order, # <u>2</u> Sealed Document Exhibit A, # <u>3</u> Sealed Document Exhibit B, # <u>4</u> Sealed Document Exhibit D, # <u>5</u> Sealed Document Exhibit F, # <u>6</u> Sealed Document Exhibit H pt. 1, # <u>7</u> Sealed Document Exhibit H pt. 2, # <u>8</u> Sealed Document Exhibit J, # <u>9</u> Sealed Document Exhibit K, # <u>10</u> Sealed Document Exhibit M, # <u>11</u> Sealed Document Exhibit P, # <u>12</u> Sealed Document Exhibit R, # <u>13</u> Sealed Document Exhibit S) (Bitting, Daniel) (Entered: 08/08/2018) |
| 08/10/2018 | <u>129</u> | MOTION for Summary Judgment by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # <u>1</u> Brophy Declaration, # <u>2</u> Exhibit 4, # <u>3</u> Exhibit 7, # <u>4</u> Exhibit 8)(Brophy, Richard) (Additional attachment(s) added on 10/25/2018: # <u>5</u> Exhibit 1, # <u>6</u> Exhibit 2, # <u>7</u> Exhibit 3, # <u>8</u> Exhibit 5, # <u>9</u> Exhibit 6) (dm). (Entered: 08/10/2018) |
| 08/10/2018 | <u>130</u> | Unopposed Motion for leave to File Sealed Document (Attachments: # <u>1</u> Sealed Document Ex 1, # <u>2</u> Sealed Document Ex 2, # <u>3</u> Sealed Document Ex 3, # <u>4</u> Sealed Document Ex 5, # <u>5</u> Sealed Document Ex 6, # <u>6</u> Sealed Document Unredacted Motion for Summary Judgment, # <u>7</u> Proposed Order) (Brophy, Richard) (Entered: 08/10/2018) |
| 08/12/2018 | | Text Order GRANTING <u>111</u> Motion for Leave to File Excess Pages entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 08/12/2018) |
| 08/13/2018 | <u>131</u> | DEFICIENCY NOTICE: re <u>130</u> Unopposed Motion for leave to File Sealed Document. (dm) (Entered: 08/13/2018) |
| 08/13/2018 | <u>132</u> | CERTIFICATE OF SERVICE by Grande Communication Networks LLC, Grande Communications Networks LLC *Corrected* <u>130</u> Unopposed Motion for leave to File Sealed Document (Brophy, Richard) (Entered: 08/13/2018) |
| 08/15/2018 | <u>133</u> | ORDER DISMISSING <u>129</u> Motion for Summary Judgment; DISMISSING <u>130</u> Motion for Leave to File Sealed Document. Signed by Judge Lee Yeakel. (dm) (Entered: 08/15/2018) |
| 08/15/2018 | <u>134</u> | The Court ORDERS that Grande's Motion to Compel BE FILED in UMG Recordings Inc., et al. v. Grande Communications Networks, LLC, Cause No. A-17-CA-365-LY and FURTHER ORDERS that Cause No. A-18-MC-613 LY BE CLOSED. Signed by Judge Andrew W. Austin. (dm) (Entered: 08/15/2018) |
| 08/15/2018 | <u>135</u> | MOTION to Compel by Grande Communication Networks LLC. (dm) (Entered: 08/15/2018) |
| 08/15/2018 | <u>136</u> | Response in Opposition to Motion, filed by Recording Industry Association of America, Inc., re <u>135</u> MOTION to Compel filed by Defendant Grande Communication Networks LLC. (dm) (Entered: 08/15/2018) |
| 08/15/2018 | <u>137</u> | REPLY to Response to Motion, filed by Grande Communication Networks LLC, re <u>135</u> MOTION to Compel filed by Defendant Grande Communication Networks LLC. (dm) (Entered: 08/15/2018) |
| 08/15/2018 | | MOTION REFERRED: referred <u>135</u> MOTION to Compel. Referral Judge: Andrew W. Austin. (dm) (Entered: 08/15/2018) |
| 08/16/2018 | <u>138</u> | Minute Entry for proceedings held before Judge Andrew W. Austin: Motion Hearing held on 8/16/2018 re <u>103</u> CORRECTED MOTION for Protective Order *Regarding* |

| | | |
|---|---|---|
| | | *Defendants' Rule 30(b)(6) Deposition Notices* filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC, <u>112</u> Opposed Motion for leave to File Sealed Document filed by Grande Communications Networks LLC, Grande Communication Networks LLC, <u>108</u> MOTION to Compel *Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC* filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC, <u>86</u> Unopposed Motion for leave to File Sealed Document filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC, <u>135</u> MOTION to Compel filed by Grande Communication Networks LLC, <u>85</u> MOTION for Leave to File Plaintiffs' First Amended Complaint filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC, <u>107</u> MOTION for Protective Order *regarding Defendant's Subpoena for Rule 30(b)(6) Deposition* filed by Recording Industry Association of America, Inc., <u>110</u> MOTION to Compel *the Production of Documents and Information from Plaintiffs* filed by Grande Communications Networks LLC, Grande Communication Networks LLC, <u>109</u> MOTION for Leave to File Exhibit S to Plaintiffs' Motion to Compel Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Arista Records LLC (Minute entry documents are not available electronically.). (Court Reporter ERO.)(dm) (Entered: 08/16/2018) |
| 08/16/2018 | <u>139</u> | ORDER - the Court ORDERS the parties to report back by the dates stated in the form of written advisories. Signed by Judge Andrew W. Austin. (dl) (Entered: 08/17/2018) |
| 08/18/2018 | <u>140</u> | MOTION for Summary Judgment by Grande Communications Networks LLC. (Attachments: # <u>1</u> Brophy Declaration, # <u>2</u> Exhibit 4, # <u>3</u> Exhibit 7, # <u>4</u> Exhibit 8)(Brophy, Richard) (Additional attachment(s) added on 10/25/2018: # <u>5</u> Exhibit 1, # <u>6</u> Exhibit 2, # <u>7</u> Exhibit, # <u>8</u> Exhibit 5, # <u>9</u> Exhibit 6) (dm). (Entered: 08/18/2018) |
| 08/18/2018 | <u>141</u> | Motion for leave to File Sealed Document (Attachments: # <u>1</u> Sealed Document Exhibit 1, # <u>2</u> Sealed Document Exhibit 2, # <u>3</u> Sealed Document Exhibit 3, # <u>4</u> Sealed Document Exhibit 5, # <u>5</u> Sealed Document Exhibit 6, # <u>6</u> Proposed Order) (Brophy, Richard) (Entered: 08/18/2018) |

| 08/21/2018 | 142 | STATUS REPORT *OF RESPONSIVE DOCUMENTS* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Brophy, Richard) (Entered: 08/21/2018) |
|---|---|---|
| 08/22/2018 | 143 | Response in Opposition to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 127 MOTION for Summary Judgment *as to Grande Communications Networks LLC's DMCA Safe Harbor Defense* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Brophy Declaration, # 2 Exhibit 1, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 7)(Brophy, Richard) (Additional attachment(s) added on 10/25/2018: # 7 Exhibit 2, # 8 Exhibit 6, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 10 continued, # 13 Exhibit 11, # 14 Exhibit 12) (dm). (Entered: 08/22/2018) |
| 08/22/2018 | 144 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document Proposed Order, # 2 Sealed Document Ex 2, # 3 Sealed Document Ex 6, # 4 Sealed Document Ex 8, # 5 Sealed Document Ex 9, # 6 Sealed Document Ex 10, # 7 Sealed Document Ex 11) (Brophy, Richard) (Entered: 08/22/2018) |
| 08/22/2018 | 145 | SUPPLEMENT to 143 Response in Opposition to Motion,,,, *Ex 12* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Brophy, Richard) (Entered: 08/22/2018) |
| 08/23/2018 | 146 | DEFICIENCY NOTICE: re 145 Supplement. (dm) (Entered: 08/23/2018) |
| 08/23/2018 | 147 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document Ex. 2 Sabec Dep Tr. Excerpts, # 3 Sealed Document Ex. 6 S Christianson Dep Tr, # 4 Sealed Document Ex. 8 Cohen Declaration and Report, # 5 Sealed Document Ex. 9 Boswell Dep Tr. Excerpts, # 6 Sealed Document Ex. 10 Part 1 Kemmerer Declaration and Report, # 7 Sealed Document Ex. 10 Part 2 Kemmerer Declaration and Report, # 8 Sealed Document 11 IP Echelon, # 9 Sealed Document Ex. 12 Lars Excerpts) (Brophy, Richard) (Entered: 08/23/2018) |
| 08/27/2018 | 148 | MOTION to Appear Pro Hac Vice by Daniel C. Bitting *for Michael A. Petrino* ( Filing fee $ 100 receipt number 0542-11165583) by on behalf of Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 08/27/2018) |
| 08/27/2018 | 149 | ADVISORY TO THE COURT by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 08/27/2018) |
| 08/27/2018 | 150 | Opposed MOTION for Extension of Time to File Response/Reply as to 140 MOTION for Summary Judgment by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, |

| | | |
|---|---|---|
| | | Nonesuch Records Inc., Patriot Media Consulting, LLC, Recording Industry Association of America, Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 08/27/2018) |
| 08/28/2018 | | Text Order GRANTING 116 Motion for Leave to File Excess Pages entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 08/28/2018) |
| 08/28/2018 | 151 | Response in Opposition to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 150 Opposed MOTION for Extension of Time to File Response/Reply as to 140 MOTION for Summary Judgment filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Other Patriot Media Consulting, LLC, Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Other Recording Industry Association of America, Inc., Plaintiff Arista Records LLC (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 08/28/2018) |
| 08/28/2018 | 152 | ORDER DISMISSING 144 Motion for Leave to File Sealed Document. Signed by Judge Lee Yeakel. (dm) (Entered: 08/29/2018) |
| 08/29/2018 | 153 | ORDER REFERRING MOTION: 150 Opposed MOTION for Extension of Time to File Response/Reply as to 140 MOTION for Summary Judgment filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Patriot Media Consulting, LLC, Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, Recording Industry Association of America, Inc., Arista Records LLC. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dm) (Entered: 08/29/2018) |
| 08/29/2018 | 154 | ORDER GRANTING 150 Motion for Extension of Time to File Response. Signed by Judge Andrew W. Austin. (dm) (Entered: 08/29/2018) |
| 08/30/2018 | 155 | WITNESS/EXHIBIT/EXPERT LIST by Grande Communications Networks LLC . (Brophy, Richard) (Entered: 08/30/2018) |
| 08/31/2018 | 156 | MOTION for Sanctions by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order, # 2 Exhibit Brophy Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Brophy, Richard) (Additional attachment(s) added on 10/25/2018: # 12 Exhibit 5, # 13 Exhibit 11) (dm). (Entered: 08/31/2018) |
| 08/31/2018 | 157 | Unopposed MOTION for Leave to Exceed Page Limitation by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 08/31/2018) |
| 08/31/2018 | 158 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document Ex. 5, # 3 Sealed Document Ex. 11) (Brophy, Richard) (Entered: |

| | | |
|---|---|---|
| | | 08/31/2018) |
| 08/31/2018 | 159 | ATTACHMENT *CERTIFICATE OF CONFERENCE* by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 08/31/2018) |
| 08/31/2018 | 160 | ADVISORY TO THE COURT by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 08/31/2018) |
| 09/04/2018 | 161 | ORDER GRANTING 148 Motion to Appear Pro Hac Vice as to Michael A. Petrino. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 09/04/2018) |
| 09/04/2018 | 162 | Unopposed MOTION for Extension of Time to File *Response to Defendant Grande Communications Networks LLC's Motion for Sanctions and to Exclude Documents Produced After the Fact Deadline* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 09/04/2018) |
| 09/04/2018 | 163 | TRANSCRIPT REQUEST by Grande Communication Networks LLC, Grande Communications Networks LLC for proceedings held on 8/16/2018. Proceedings Transcribed: Motion Hearing. Court Reporter: ERO. (Brophy, Richard) (Entered: 09/04/2018) |
| 09/05/2018 | 164 | ORDER GRANTING 157 Motion for Leave to File Excess Pages. Signed by Judge Lee Yeakel. (dm) (Entered: 09/05/2018) |
| 09/05/2018 | 165 | ORDER REFERRING MOTION: 158 Unopposed Motion for leave to File Sealed Document filed by Grande Communications Networks LLC, 156 MOTION for Sanctions filed by Grande Communications Networks LLC. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dm) (Entered: 09/05/2018) |
| 09/05/2018 | 166 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document Exhibit T, # 2 Proposed Order) (Amstutz, Paige) (Entered: 09/05/2018) |
| 09/05/2018 | 167 | RESPONSE in Support, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 127 MOTION for Summary Judgment *as to Grande Communications Networks LLC's DMCA Safe Harbor Defense* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Exhibit T, # 2 Exhibit U)(Amstutz, Paige) (Entered: 09/05/2018) |

| | | |
|---|---|---|
| 09/06/2018 | | Text Order GRANTING AS UNOPPOSED <u>162</u> Motion for Extension of Time to File entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 09/06/2018) |
| 09/07/2018 | <u>168</u> | STATUS REPORT *THIRD ADVISORY IN RESPONSE TO THE COURTS AUGUST 16, 2018 ORDER* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Brophy, Richard) (Entered: 09/07/2018) |
| 09/10/2018 | <u>169</u> | Opposed MOTION for Leave to Exceed Page Limitation by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # <u>1</u> Proposed Order)(Amstutz, Paige) (Entered: 09/10/2018) |
| 09/11/2018 | <u>170</u> | Unopposed MOTION for Extension of Time to File *Declaration of Steve Poltorak in Support of Plaintiffs' Opposition to Defendant Grande Communications Networks LLC's Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment as to Liability* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # <u>1</u> Proposed Order)(Amstutz, Paige) (Entered: 09/11/2018) |
| 09/11/2018 | <u>171</u> | Response in Opposition to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re <u>169</u> Opposed MOTION for Leave to Exceed Page Limitation filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # <u>1</u> Proposed Order)(Brophy, Richard) (Entered: 09/11/2018) |
| 09/11/2018 | <u>172</u> | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re <u>140</u> MOTION for Summary Judgment filed by Defendant Grande Communications Networks LLC *and Plaintiffs' Cross-Motion for Summary Judgment as to Liability* (Attachments: # <u>1</u> Sealed Document Exhibit A, # <u>2</u> Sealed Document Exhibit B, # <u>3</u> Sealed Document Exhibit C, # <u>4</u> Sealed Document Exhibit D, # <u>5</u> Sealed Document Exhibit E, # <u>6</u> Sealed Document Exhibit F, # <u>7</u> Sealed Document Exhibit G, # <u>8</u> Sealed Document Exhibit H, # <u>9</u> Sealed Document Exhibit I, # <u>10</u> Sealed Document Exhibit J, # <u>11</u> Sealed Document Exhibit K, # <u>12</u> Exhibit L, # <u>13</u> Sealed Document Exhibit M, # <u>14</u> Exhibit N, # <u>15</u> Sealed Document Exhibit O, # <u>16</u> Exhibit P, # <u>17</u> Sealed Document Exhibit Q, # <u>18</u> Exhibit R, # <u>19</u> Sealed Document Exhibit S, # <u>20</u> Sealed Document Exhibit T, # <u>21</u> Exhibit U, # 22 Sealed |

| | | |
|---|---|---|
| | | Document Exhibit V, # 23 Exhibit W, # 24 Sealed Document Exhibit X, # 25 Sealed Document Exhibit Y, # 26 Sealed Document Exhibit Z, # 27 Sealed Document Exhibit AA, # 28 Exhibit BB, # 29 Sealed Document CC, # 30 Sealed Document DD, # 31 Exhibit EE, # 32 Sealed Document FF, # 33 Sealed Document GG, # 34 Exhibit HH)(Amstutz, Paige) ***REMAINDER OF EXHIBITS CONTAINED IN DOC. # 173 and 180 *** Modified on 10/25/2018 (dm). (Entered: 09/11/2018) |
| 09/11/2018 | 173 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document Ex A, # 3 Sealed Document Ex A-1, # 4 Sealed Document Ex A-2, # 5 Sealed Document Ex A-3a, # 6 Sealed Document Ex A-3a2, # 7 Sealed Document Ex A-3b, # 8 Sealed Document Ex A-3c, # 9 Sealed Document Ex A-3d, # 10 Sealed Document Ex A-4, # 11 Sealed Document Ex A-5, # 12 Sealed Document Ex A-6, # 13 Sealed Document Ex A-7, # 14 Sealed Document Ex A-8, # 15 Sealed Document Ex A-9, # 16 Sealed Document Ex A-10, # 17 Sealed Document Ex A-11, # 18 Sealed Document Ex A-12, # 19 Sealed Document Ex A-13, # 20 Sealed Document Ex A-14, # 21 Sealed Document Ex A-15, # 22 Sealed Document Ex A-16, # 23 Sealed Document Ex A-17a, # 24 Sealed Document Ex A-17b, # 25 Sealed Document Ex A-17c, # 26 Sealed Document Ex A-17d, # 27 Sealed Document Ex A-18, # 28 Sealed Document Ex A-19, # 29 Sealed Document Ex A-20, # 30 Sealed Document Ex A-21, # 31 Sealed Document Ex A-22, # 32 Sealed Document Ex A-23, # 33 Sealed Document Ex A-24, # 34 Sealed Document Ex A-25, # 35 Sealed Document Ex A-26, # 36 Sealed Document Ex A-27, # 37 Sealed Document Ex A-28a, # 38 Sealed Document Ex A-28b, # 39 Sealed Document Ex A-28c, # 40 Sealed Document Ex A-28d, # 41 Sealed Document Ex A-28e, # 42 Sealed Document Ex A-28f, # 43 Sealed Document Ex A-28g, # 44 Sealed Document Ex A-29, # 45 Sealed Document Ex A-30, # 46 Sealed Document Ex A-31, # 47 Sealed Document Ex A-32, # 48 Sealed Document Ex B, # 49 Sealed Document Ex B1, # 50 Sealed Document Ex B2, # 51 Sealed Document Ex B3, # 52 Sealed Document Ex B4, # 53 Sealed Document Ex B5, # 54 Sealed Document Ex B6, # 55 Sealed Document Ex B7, # 56 Sealed Document Ex B8, # 57 Sealed Document Ex B9, # 58 Sealed Document Ex B10, # 59 Sealed Document Ex B11, # 60 Sealed Document Ex B12, # 61 Sealed Document Ex B13, # 62 Sealed Document Ex B14, # 63 Sealed Document Ex B15, # 64 Sealed Document Ex B16, # 65 Sealed Document Ex B17a, # 66 Sealed Document Ex B17b, # 67 Sealed Document Ex B18, # 68 Sealed Document Ex B19, # 69 Sealed Document Ex B20, # 70 Sealed Document Ex B21, # 71 Sealed Document Ex B22, # 72 Sealed Document Ex B23, # 73 Sealed Document Ex B24, # 74 Sealed Document Ex D, # 75 Sealed Document Ex E, # 76 Sealed Document Ex F, # 77 Sealed Document Ex G, # 78 Sealed Document Ex H, # 79 Sealed Document Ex I, # 80 Sealed Document Ex J, # 81 Sealed Document Ex K, # 82 Sealed Document Ex M, # 83 Sealed Document Ex O, # 84 Sealed Document Ex S, # 85 Sealed Document Ex Q, # 86 Sealed Document Ex T, # 87 Sealed Document Ex V, # 88 Sealed Document Ex X, # 89 Sealed Document Ex Y, # 90 Sealed Document Ex Z, # 91 Sealed Document Ex AA, # 92 Sealed Document Ex C Part 1, # 93 Sealed Document Ex C Part 2, # 94 Sealed Document Ex DD, # 95 Sealed Document Ex FF, # 96 Sealed Document Ex GG) (Amstutz, Paige) (Entered: 09/11/2018) |
| 09/12/2018 | 174 | MOTION to Strike 172 Response in Opposition to Motion,,,,,, *DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLCS MOTION TO STRIKE PLAINTIFFS SECOND SUMMARY JUDGMENT MOTION* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 09/12/2018) |
| 09/14/2018 | 175 | Transcript filed of Proceedings held on august 16, 2018, Proceedings Transcribed: Motions Hearing. Court Reporter/Transcriber: Arlinda Rodriguez, Telephone number: 512-391-8791. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the |

| | | |
|---|---|---|
| | | court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 10/5/2018, Redacted Transcript Deadline set for 10/15/2018, Release of Transcript Restriction set for 12/13/2018, (Rodriguez, Arlinda) (Entered: 09/14/2018) |
| 09/14/2018 | 176 | MOTION to Strike *REBUTTAL EXPERT REPORT OF BARBARA FREDERIKSEN-CROSS* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Brophy Declaration re Motion to Strike, # 2 Proposed Order)(Brophy, Richard) (Additional attachment(s) added on 10/25/2018: # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4) (dm). (Entered: 09/14/2018) |
| 09/14/2018 | 177 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document, # 2 Sealed Document, # 3 Sealed Document, # 4 Sealed Document, # 5 Proposed Order) (Brophy, Richard) (Entered: 09/14/2018) |
| 09/14/2018 | 178 | ADVISORY TO THE COURT by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 09/14/2018) |
| 09/14/2018 | 179 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 156 MOTION for Sanctions filed by Defendant Grande Communications Networks LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bitting, Daniel) (Entered: 09/14/2018) |
| 09/14/2018 | 180 | Supplemental Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document C, # 2 Sealed Document C-1, # 3 Sealed Document C-2, # 4 Sealed Document C-3, # 5 Sealed Document C-4, # 6 Sealed Document C-5, # 7 Sealed Document C-6, # 8 Sealed Document C-7, # 9 Sealed Document C-8, # 10 Sealed Document C-9a, # 11 Sealed Document C-9b, # 12 Sealed Document C-10, # 13 Sealed Document C-11, # 14 Sealed Document C-12a, # 15 Sealed Document C-12b, # 16 Sealed Document C-12c, # 17 Sealed Document C-13, # 18 Sealed Document C-14, # 19 Sealed Document C-15, # 20 Sealed Document C-16, # 21 Sealed Document C-17a, # 22 Sealed Document C-17b, # 23 Sealed Document C-18, # 24 Sealed Document C-19, # 25 Sealed Document C-20, # 26 Sealed Document C-21, # 27 Sealed Document C-22, # 28 Sealed Document C-23a, # 29 Sealed Document C-23b, # 30 Sealed Document C-24, # 31 Sealed Document C-25) (Bitting, Daniel) (Entered: 09/14/2018) |
| 09/17/2018 | 181 | DEFICIENCY NOTICE: re 180 Supplemental Motion for leave to File Sealed Document. (dm) (Entered: 09/17/2018) |
| 09/17/2018 | 182 | ATTACHMENT *PROPOSED ORDER* to 180 Supplemental Motion for leave to File Sealed Document by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 09/17/2018) |
| 09/17/2018 | 183 | |

| | | |
|---|---|---|
| | | ORDER REFERRING CASE to Magistrate Judge Andrew W. Austin. Signed by Judge Lee Yeakel.. Referral Magistrate Judge: Andrew W. Austin. (dm) (Entered: 09/18/2018) |
| 09/19/2018 | 184 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 174 MOTION to Strike 172 Response in Opposition to Motion,,,,,, *DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLCS MOTION TO STRIKE PLAINTIFFS SECOND SUMMARY JUDGMENT MOTION* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Bitting, Daniel) (Entered: 09/19/2018) |
| 09/20/2018 | 185 | REPORT AND RECOMMENDATIONS re 85 Motion for Leave to File Plaintiffs' First Amended Complaint. The undersigned RECOMMENDS that the district judge DENY UMG Recording, Inc., et als Motion for Leave to File Plaintiffs First Amended Complaint. Signed by Judge Andrew W. Austin. (dm) (Entered: 09/20/2018) |
| 09/21/2018 | 186 | ORDER DENYING Motions to Seal (Dkt. Nos. 109, 112, 120, 128, 141, 147, 158, 166, 173, 177, and 180). Signed by Judge Andrew W. Austin. (dm) (Entered: 09/21/2018) |
| 09/21/2018 | 187 | ADVISORY TO THE COURT by Grande Communication Networks LLC, Grande Communications Networks LLC. (Brophy, Richard) (Entered: 09/21/2018) |
| 09/21/2018 | 188 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 176 MOTION to Strike *REBUTTAL EXPERT REPORT OF BARBARA FREDERIKSEN-CROSS* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Attachments: # 1 Exhibit A)(Amstutz, Paige) (Entered: 09/21/2018) |
| 09/21/2018 | 189 | REPLY to Response to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 156 MOTION for Sanctions filed by Defendant Grande Communications Networks LLC *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS* (Attachments: # 1 Brophy Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Brophy, Richard) (Entered: 09/21/2018) |
| 09/25/2018 | 190 | Unopposed MOTION for Extension of Time to File Response/Reply as to 172 Response in Opposition to Motion,,,,,, 140 MOTION for Summary Judgment by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Howenstine, Zachary) (Entered: 09/25/2018) |
| 09/26/2018 | 191 | ORDER GRANTING IN PART AND DENYING IN PART 103 Motion for Protective Order; GRANTING IN PART AND DENYING IN PART 108 Motion to Compel; GRANTING IN PART AND DENYING IN PART 110 Motion to Compel. Signed by Judge Andrew W. Austin. (dm) (Entered: 09/26/2018) |
| 09/26/2018 | 192 | ORDER GRANTING 107 Motion for Protective Order; DENYING 135 Motion to Compel. Signed by Judge Andrew W. Austin. (dm) (Entered: 09/26/2018) |

| | | |
|---|---|---|
| 09/26/2018 | | Text Order GRANTING 170 Motion for Extension of Time to File entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 09/26/2018) |
| 09/26/2018 | | Text Order GRANTING 190 Motion for Extension of Time to File Response/Reply entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 09/26/2018) |
| 09/26/2018 | 193 | REPLY to Response to Motion, filed by Grande Communication Networks LLC, Grande Communications LLC, re 174 MOTION to Strike 172 Response in Opposition to Motion,,,,,, *DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLCS MOTION TO STRIKE PLAINTIFFS SECOND SUMMARY JUDGMENT MOTION* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Brophy, Richard) (Entered: 09/26/2018) |
| 09/28/2018 | 194 | Unopposed MOTION to supplement re 180 Supplemental Motion for leave to File Sealed Document, 173 Unopposed Motion for leave to File Sealed Document by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 09/28/2018) |
| 09/28/2018 | 195 | REPLY to Response to Motion, filed by Grande Communications Networks LLC, re 176 MOTION to Strike *REBUTTAL EXPERT REPORT OF BARBARA FREDERIKSEN-CROSS* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Attachments: # 1 Exhibit Brophy Declaration, # 2 Exhibit 1, # 3 Exhibit 2)(Brophy, Richard) (Entered: 09/28/2018) |
| 09/28/2018 | 196 | Unopposed MOTION to supplement re 186 Order by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 09/28/2018) |
| 10/01/2018 | 197 | DEFICIENCY NOTICE: re 194 Unopposed MOTION to supplement re 180 Supplemental Motion for leave to File Sealed Document, 173 Unopposed Motion for leave to File Sealed Document (dm) (Entered: 10/01/2018) |
| 10/01/2018 | 198 | ORDER GRANTING 169 Motion for Leave to File Excess Pages; DENYING 174 Motion to Strike. Signed by Judge Andrew W. Austin. (dm) (Entered: 10/01/2018) |
| 10/01/2018 | 199 | Unopposed MOTION for Leave to Exceed Page Limitation *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS UNOPPOSED MOTION FOR LEAVE TO EXTEND PAGE LIMIT FOR COMBINED RESPONSE TO PLAINTIFFS CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY TO RESPONSE TO GRANDES MOTION FOR SUMMARY JUDGMENT* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 10/01/2018) |
| 10/01/2018 | 200 | ATTACHMENT *PROPOSED ORDER* to 194 Unopposed MOTION to supplement re 180 Supplemental Motion for leave to File Sealed Document, 173 Unopposed Motion for leave to File Sealed Document by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra |

| | | |
|---|---|---|
| | | Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Entered: 10/01/2018) |
| 10/01/2018 | 201 | REPLY to Response to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 140 MOTION for Summary Judgment filed by Defendant Grande Communications Networks LLC *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS COMBINED REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO PLAINTIFFS CROSS-MOTION FOR SUMMARY JUDGMENT 172* (Attachments: # 1 Decl. of Richard L. Brophy, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5 Cover Sheet Only, # 7 Exhibit 6)(Brophy, Richard) (Additional attachment(s) added on 10/3/2018: # 8 Sealed Exhibit 5) (dm). (Entered: 10/01/2018) |
| 10/01/2018 | 202 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Sealed Document Exhibit 5, # 2 Proposed Order) (Brophy, Richard) (Entered: 10/01/2018) |
| 10/02/2018 | 203 | ORDER GRANTING 194 Supplemental Motion for Leave to File Under Seal. Signed by Judge Andrew W. Austin. (dm) (Entered: 10/02/2018) |
| 10/02/2018 | 204 | ORDER GRANTING 196 Motion to Retain Exhibits Under Seal. Signed by Judge Andrew W. Austin. (dm) (Entered: 10/02/2018) |
| 10/02/2018 | | Text Order GRANTING 202 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. Exhibit 5 to Grandes Reply in Support of Motion for Summary Judgment and Response in Opposition to Plaintiffs Cross-Motion for Summary Judgment shall be filed under seal in the record of this case. (This is a text-only entry generated by the court. There is no document associated with this entry.) (AWA) (Entered: 10/02/2018) |
| 10/02/2018 | | Text Order GRANTING 199 Motion for Leave to File Excess Pages entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (AWA) (Entered: 10/02/2018) |
| 10/02/2018 | 205 | ORDER Regarding Sealed Pleadings. Signed by Judge Andrew W. Austin. (dm) (Entered: 10/02/2018) |
| 10/04/2018 | 206 | OBJECTION to 185 Report and Recommendations by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bitting, Daniel) (Entered: 10/04/2018) |
| 10/12/2018 | 207 | Unopposed MOTION for Leave to Exceed Page Limitation by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 10/12/2018) |

| 10/15/2018 | 208 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 185 Report and Recommendations. Signed by Judge Lee Yeakel. (dm) (Entered: 10/15/2018) |
|---|---|---|
| 10/15/2018 | 209 | RESPONSE *Reply in Support of Plaintiffs' Cross-Motion for Summary Judgment as to Liability* to 140 Motion for Summary Judgment, 172 Response in Opposition to Motion, by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit II, # 2 Exhibit JJ, # 3 Exhibit KK)(Bitting, Daniel) Modified on 10/25/2018 (dm). (Entered: 10/15/2018) |
| 10/16/2018 | | Text Order GRANTING 207 Motion for Leave to File Excess Pages entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 10/16/2018) |
| 10/17/2018 | 210 | MOTION to Exclude *Proposed Expert Testimony of Robert A. Bardwell* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proposed Order). Motions referred to Judge Andrew W. Austin. (Howenstine, Zachary) (Entered: 10/17/2018) |
| 10/23/2018 | 211 | Unopposed MOTION for Extension of Time to File *Its Response to Grande Communications Networks, LLC's Motion to Exclude Proposed Expert Robert A. Bardwell* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 10/23/2018) |
| 10/24/2018 | | Text Order GRANTING 211 Motion for Extension of Time to File entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 10/24/2018) |
| 10/30/2018 | 212 | ORDER REASSIGNING CASE. Case reassigned to Judge David A. Ezra for all proceedings. Judge Lee Yeakel no longer assigned to case. Signed by Judge Lee Yeakel. (dm) (Entered: 10/31/2018) |
| 10/31/2018 | 213 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 210 MOTION to Exclude *Proposed Expert Testimony of Robert A. Bardwell* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bitting, Daniel) (Entered: 10/31/2018) |
| 11/01/2018 | 214 | MOTION to Exclude *Proposed Expert Testimony of Barbara Frederiksen-Cross* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order, # 2 Exhibit Brophy Declaration). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Additional attachment(s) added on 5/31/2019: # 3 Sealed Exhibit 1) (dm). (Entered: |

| | | |
|---|---|---|
| | | 11/01/2018) |
| 11/01/2018 | 215 | Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Proposed Order, # 2 Sealed Document Exhibit 1) (Brophy, Richard) (Entered: 11/01/2018) |
| 11/07/2018 | 216 | REPLY to Response to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 210 MOTION to Exclude *Proposed Expert Testimony of Robert A. Bardwell* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Brophy, Richard) (Entered: 11/07/2018) |
| 11/08/2018 | 217 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Sealed Document Exhibit 1, # 2 Sealed Document Exhibit 2, # 3 Sealed Document Exhibit 3, # 4 Proposed Order) (Bitting, Daniel) (Entered: 11/08/2018) |
| 11/08/2018 | 218 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 214 MOTION to Exclude *Proposed Expert Testimony of Barbara Frederiksen-Cross* filed by Defendant Grande Communications Networks LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Bitting, Daniel) (Additional attachment(s) added on 5/30/2019: # 5 Sealed Exhibit 1, # 6 Sealed Exhibit 2, # 7 Sealed Exhibit 3) (dm). (Entered: 11/08/2018) |
| 11/12/2018 | 219 | Unopposed MOTION for Extension of Time to File Response/Reply as to 66 Scheduling Order, 218 Response in Opposition to Motion,, 214 MOTION to Exclude *Proposed Expert Testimony of Barbara Frederiksen-Cross Extension of Time to File Reply in Support of Motion to Exclude Proposed Testimony of Barbara Frederiksen-Cross and Motion to Exclude Proposed Testimony of William H. Lehr* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Howenstine, Zachary) (Entered: 11/12/2018) |
| 11/15/2018 | 220 | Unopposed MOTION for Extension of Time to File *Motion to Exclude Proposed Testimony of Geoff Cohen* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 11/15/2018) |
| 11/15/2018 | 221 | MOTION to Exclude *PROPOSED EXPERT TESTIMONY OF DR. TERRENCE P. MCGARTY* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order, # 2 Howenstine Declaration). Motions referred to Judge Andrew W. Austin. (Howenstine, Zachary) (Additional attachment(s) added on 5/30/2019: # 3 Sealed Exhibit 1, # 4 Sealed Exhibit 2) (dm). (Entered: 11/15/2018) |

| | | |
|---|---|---|
| 11/15/2018 | 222 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Proposed Order, # 2 Sealed Document Exhibit 1 - UNDER SEAL - McGarty Report, # 3 Sealed Document Exhibit 2 - UNDER SEAL - McGarty Transcript) (Howenstine, Zachary) (Entered: 11/15/2018) |
| 11/16/2018 | 223 | DEFICIENCY NOTICE: re 222 Unopposed Motion for leave to File Sealed Document. (dm) (Entered: 11/16/2018) |
| 11/16/2018 | 224 | CERTIFICATE OF SERVICE by Grande Communication Networks LLC, Grande Communications Networks LLC 222 Unopposed Motion for leave to File Sealed Document (Howenstine, Zachary) (Entered: 11/16/2018) |
| 11/19/2018 | 225 | ORDER Vacating Pretrial Conference and Trial Date. Signed by Judge David A. Ezra. (dm) (Entered: 11/19/2018) |
| 11/20/2018 | 226 | Unopposed MOTION for Extension of Time to File Response/Reply as to 221 MOTION to Exclude *PROPOSED EXPERT TESTIMONY OF DR. TERRENCE P. MCGARTY* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 11/20/2018) |
| 11/20/2018 | 227 | REPLY to Response to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 214 MOTION to Exclude *Proposed Expert Testimony of Barbara Frederiksen-Cross* filed by Defendant Grande Communications Networks LLC (Brophy, Richard) (Entered: 11/20/2018) |
| 11/27/2018 | | Text Order GRANTING 220 Motion for Extension of Time to File entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 11/27/2018) |
| 11/27/2018 | | Text Order GRANTING 226 Motion for Extension of Time to File Response/Reply entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 11/27/2018) |
| 11/27/2018 | | Text Order GRANTING 219 Motion for Extension of Time to File Response/Reply entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 11/27/2018) |
| 11/28/2018 | 228 | MOTION to Exclude *Proposed Testimony of William Lehr* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Howenstine Declaration, # 2 Exhibit 5 (Exhibits 1-4 filed under seal), # 3 Proposed Order). Motions referred to Judge Andrew W. Austin. (Howenstine, Zachary) (Additional attachment(s) added on 5/30/2019: # 4 Sealed Exhibit 1, # 5 Sealed Exhibit 2, # 6 Sealed Exhibit 3, # 7 Sealed Exhibit 4) (dm). (Entered: 11/28/2018) |
| 11/28/2018 | 229 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Sealed Document Ex 1 filed under seal, # 2 Sealed Document Ex 2 filed under seal, # 3 Sealed Document Ex 3 filed under seal, # 4 Sealed Document Ex 4 filed under seal, # 5 Proposed Order) (Howenstine, Zachary) (Entered: 11/28/2018) |
| 12/01/2018 | 230 | Unopposed MOTION for Extension of Time to File Response/Reply as to 228 MOTION to Exclude *Proposed Testimony of William Lehr* by Arista Music, Arista Records LLC, |

| | | |
|---|---|---|
| | | Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 12/01/2018) |
| 12/03/2018 | 231 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 221 MOTION to Exclude *PROPOSED EXPERT TESTIMONY OF DR. TERRENCE P. MCGARTY* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bitting, Daniel) (Entered: 12/03/2018) |
| 12/03/2018 | 232 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Sealed Document, # 2 Sealed Document, # 3 Sealed Document, # 4 Proposed Order) (Bitting, Daniel) (Entered: 12/03/2018) |
| 12/03/2018 | 233 | MOTION to Exclude *Proposed Expert Testimony of Dr. Geoff Cohen* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Additional attachment(s) added on 5/30/2019: # 6 Sealed Exhibit A, # 7 Sealed Exhibit B, # 8 Exhibit C, # 9 Sealed Exhibit D, # 10 Sealed Exhibit E) (dm). (Entered: 12/03/2018) |
| 12/04/2018 | | Text Order GRANTING 230 Motion for Extension of Time to File Response/Reply entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 12/04/2018) |
| 12/05/2018 | 234 | MOTION to Withdraw as Attorney *Pasquale A. Cipollone* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 12/05/2018) |
| 12/06/2018 | 235 | Unopposed MOTION for Extension of Time to File Response/Reply as to 233 MOTION to Exclude *Proposed Expert Testimony of Dr. Geoff Cohen* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Howenstine, Zachary) (Entered: 12/06/2018) |
| 12/10/2018 | 236 | |

| | | |
|---|---|---|
| | | REPLY to Response to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 222 Unopposed Motion for leave to File Sealed Document filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC, 221 MOTION to Exclude *PROPOSED EXPERT TESTIMONY OF DR. TERRENCE P. MCGARTY* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS REPLY IN SUPPORT OF MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY OF DR. TERRENCE P. MCGARTY* (Brophy, Richard) (Entered: 12/10/2018) |
| 12/11/2018 | | Text Order GRANTING 235 Motion for Extension of Time to File Response/Reply entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 12/11/2018) |
| 12/12/2018 | 237 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 228 MOTION to Exclude *Proposed Testimony of William Lehr* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bitting, Daniel) (Additional attachment(s) added on 5/31/2019: # 6 Sealed Exhibit B, # 7 Sealed Exhibit E) (dm). (Entered: 12/12/2018) |
| 12/12/2018 | 238 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Sealed Document, # 2 Sealed Document, # 3 Proposed Order) (Bitting, Daniel) (Entered: 12/12/2018) |
| 12/17/2018 | 239 | Response in Opposition to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 233 MOTION to Exclude *Proposed Expert Testimony of Dr. Geoff Cohen* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC *DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLCS RESPONSE IN OPPOSITION TO PLAINTIFFS MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY OF DR. GEOFF COHEN* (Attachments: # 1 Howenstine Declaration, # 2 Exhibit 1 Boswell Excerpts, # 3 Exhibit 2 Cohen Excerpts)(Howenstine, Zachary) (Entered: 12/17/2018) |
| 12/18/2018 | 240 | REPORT AND RECOMMENDATIONS re 140 Motion for Summary Judgment and 172 Cross-Motion for Summary Judgment as to Liability filed by Grande Communications Networks LLC. Signed by Judge Andrew W. Austin. (dm) (Entered: 12/18/2018) |
| 12/18/2018 | 241 | REPORT AND RECOMMENDATIONS re 127 Motion for Summary Judgment, filed by Roc-A-Fella Records, LLC, Roadrunner Records, Inc., Elektra Entertainment Group Inc., Zomba Recording LLC, Atlantic Recording Corporation, Warner Bros. Records Inc., Fueled by Ramen LLC, Sony Music Entertainment, Nonesuch Records Inc., Arista Music, Tooth & Nail, LLC, LaFace Records LLC, UMG Recordings, Inc., Fonovisa, Inc., Rhino Entertainment Company, Capitol Christian Music Group, Inc., Capitol Records, LLC, |

| | | |
|---|---|---|
| | | Arista Records LLC. Signed by Judge Andrew W. Austin. (dm) (Entered: 12/18/2018) |
| 12/19/2018 | 242 | REPLY to Response to Motion, filed by Grande Communications Networks LLC, re 228 MOTION to Exclude *Proposed Testimony of William Lehr* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Howenstine, Zachary) (Entered: 12/19/2018) |
| 12/21/2018 | 243 | Unopposed MOTION for Extension of Time to File Response/Reply as to 240 Report and Recommendations, 241 Report and Recommendations,, *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). (Howenstine, Zachary) Modified on 1/2/2019 to remove referral text per chambers (klw). (Entered: 12/21/2018) |
| 12/26/2018 | 244 | Unopposed MOTION for Extension of Time to File *Reply In Support of Motion to Exclude Proposed Expert Testimony of Dr. Geoff Cohen* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 12/26/2018) |
| 12/27/2018 | 245 | Unopposed MOTION for Extension of Time to File *Written Objections to the Report and Recommendation of the United States Magistrate Judge [Doc No. 240]* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). (Bitting, Daniel) Modified on 1/2/2019 to remove referral text per chambers (klw). (Entered: 12/27/2018) |
| 01/02/2019 | | Text Order GRANTING 243 Unopposed Motion for Extension of Time to File Objections. The new deadline for Defendant to file objections is January 9, 2019. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (at) (Entered: 01/02/2019) |
| 01/02/2019 | | Text Order GRANTING 245 Unopposed Motion for Extension of Time to File Objections. The new deadline for Plaintiffs to file objections is January 9, 2019. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (at) (Entered: 01/02/2019) |
| 01/02/2019 | | Text Order GRANTING 244 Motion for Extension of Time to File entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 01/02/2019) |
| 01/03/2019 | 246 | RESPONSE in Support, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 233 MOTION to |

| | | |
|---|---|---|
| | | Exclude *Proposed Expert Testimony of Dr. Geoff Cohen* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Bitting, Daniel) (Entered: 01/03/2019) |
| 01/03/2019 | 247 | MOTION for Sanctions *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS MOTION FOR EVIDENTIARY SANCTIONS BASED ON SPOLIATION OF RIGHTSCORP EVIDENCE* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Brophy Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Additional attachment(s) added on 5/31/2019: # 9 Sealed Exhibit 3, # 10 Sealed Exhibit 8, # 11 Sealed Exhibit 9) (dm). (Entered: 01/03/2019) |
| 01/03/2019 | 248 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Proposed Order, # 2 Sealed Document Exhibit 3 UNDER SEAL, # 3 Sealed Document Exhibit 8 UNDER SEAL, # 4 Sealed Document Exhibit 9 UNDER SEAL) (Brophy, Richard) (Entered: 01/03/2019) |
| 01/07/2019 | 249 | Unopposed MOTION for Extension of Time to File Response/Reply as to 247 MOTION for Sanctions *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS MOTION FOR EVIDENTIARY SANCTIONS BASED ON SPOLIATION OF RIGHTSCORP EVIDENCE* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 01/07/2019) |
| 01/09/2019 | | Text Order GRANTING 249 Motion for Extension of Time to File Response/Reply entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 01/09/2019) |
| 01/09/2019 | 250 | OBJECTION to 240 Report and Recommendations by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC.. (Bitting, Daniel) (Entered: 01/09/2019) |
| 01/09/2019 | 251 | OBJECTION to 241 Report and Recommendations *DEFENDANTS OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING GRANDES DMCA SAFE HARBOR DEFENSE* by Grande Communication Networks LLC, Grande Communications Networks LLC.. (Howenstine, Zachary) (Entered: 01/09/2019) |
| 01/09/2019 | 252 | OBJECTION to 240 Report and Recommendations *DEFENDANTS OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING LIABILITY, DAMAGES, AND* |

| | | |
|---|---|---|
| | | *SANCTIONS* by Grande Communication Networks LLC, Grande Communications Networks LLC.. (Brophy, Richard) (Entered: 01/09/2019) |
| 01/17/2019 | 253 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 247 MOTION for Sanctions *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS MOTION FOR EVIDENTIARY SANCTIONS BASED ON SPOLIATION OF RIGHTSCORP EVIDENCE* filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bitting, Daniel) (Additional attachment(s) added on 5/31/2019: # 6 Sealed Exhibit C) (dm). (Entered: 01/17/2019) |
| 01/17/2019 | 254 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Exhibit C, # 2 Proposed Order) (Bitting, Daniel) (Entered: 01/17/2019) |
| 01/22/2019 | 255 | Unopposed MOTION for Extension of Time to File Response/Reply as to 247 MOTION for Sanctions *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS MOTION FOR EVIDENTIARY SANCTIONS BASED ON SPOLIATION OF RIGHTSCORP EVIDENCE*, 253 Response in Opposition to Motion,,, by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Howenstine, Zachary) (Entered: 01/22/2019) |
| 01/23/2019 | 256 | RESPONSE to 251 Objection to Report and Recommendations by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 01/23/2019) |
| 01/23/2019 | 257 | RESPONSE to 252 Objection to Report and Recommendations by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 01/23/2019) |
| 01/23/2019 | 258 | OBJECTION to 240 Report and Recommendations *DEFENDANTS RESPONSE TO 250 PLAINTIFFS OBJECTIONS TO THE REPORT AND RECOMMENDATION REGARDING PLAINTIFFS CROSS-MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY* by Grande Communication Networks LLC, Grande Communications Networks LLC.. (Howenstine, Zachary) (Entered: 01/23/2019) |
| 01/30/2019 | 259 | RESPONSE *Reply In Support of Plaintiffs' Objections to the Report and Recommendation Regarding Summary Judgment (Dkt. 240)* to 250 Objection to Report and Recommendations,, by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, |

| | | |
|---|---|---|
| | | Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 01/30/2019) |
| 01/31/2019 | 260 | REPLY to Response to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 255 Unopposed MOTION for Extension of Time to File Response/Reply as to 247 MOTION for Sanctions *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS MOTION FOR EVIDENTIARY SANCTIONS BASED ON SPOLIATION OF RIGHTSCORP EVIDENCE*, 253 Response in Oppo filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Brophy, Richard) (Additional attachment(s) added on 5/31/2019: # 1 Sealed Declaration, # 2 Sealed Exhibit 1) (dm). (Entered: 01/31/2019) |
| 01/31/2019 | 261 | Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Brophy Declaration, # 2 Proposed Order) (Brophy, Richard) (Entered: 02/01/2019) |
| 02/01/2019 | 262 | Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Sealed Document Ex1 filed under [Ex for Dkt 261]) (Brophy, Richard) (Entered: 02/01/2019) |
| 02/01/2019 | 263 | DEFICIENCY NOTICE: re 262 Motion for leave to File Sealed Document. (dm) (Entered: 02/01/2019) |
| 02/01/2019 | 264 | CORRECTED Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Brophy Declaration, # 2 Sealed Document Ex 1 filed under seal, # 3 Proposed Order) (Brophy, Richard) (Entered: 02/01/2019) |
| 03/06/2019 | 265 | MOTION to Exclude *Proposed Expert Testimony of Jonathan Kemmerer* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Additional attachment(s) added on 5/31/2019: # 6 Sealed Exhibit A, # 7 Sealed Exhibit B, # 8 Exhibit C, # 9 Exhibit D, # 10 Sealed Exhibit E) (dm). (Entered: 03/06/2019) |
| 03/06/2019 | 266 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Proposed Order) (Bitting, Daniel) (Entered: 03/06/2019) |
| 03/08/2019 | 267 | Unopposed MOTION for Extension of Time to File Response/Reply as to 265 MOTION to Exclude *Proposed Expert Testimony of Jonathan Kemmerer* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Howenstine, Zachary) (Entered: 03/08/2019) |
| 03/15/2019 | 268 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 240 Report and Recommendations, 241 Report and Recommendations. Signed by Judge David A. Ezra. (dm) (Entered: 03/15/2019) |
| 03/20/2019 | 269 | |

| | | |
|---|---|---|
| | | RESPONSE to Motion, filed by Grande Communication Networks LLC, Grande Communications Networks LLC, re 265 MOTION to Exclude *Proposed Expert Testimony of Jonathan Kemmerer* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Brophy Declaration, # 2 Exhibit 1 Kemmerer excerptsEx. 1 Kemmerer excerpts)(Brophy, Richard) (Entered: 03/20/2019) |
| 03/25/2019 | | Text Order GRANTING 267 Motion for Extension of Time to File Response/Reply entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (AWA) (Entered: 03/25/2019) |
| 03/27/2019 | 270 | RESPONSE in Support, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 265 MOTION to Exclude *Proposed Expert Testimony of Jonathan Kemmerer* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Bitting, Daniel) (Entered: 03/27/2019) |
| 03/28/2019 | | Text Order GRANTING 234 Motion to Withdraw as Attorney. entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 03/28/2019) |
| 03/28/2019 | | Text Order GRANTING 255 Motion for Extension of Time to File Response/Reply entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 03/28/2019) |
| 04/16/2019 | 271 | MOTION to Strike *as Untimely the "Supplemental" Expert Report Opinions of Dr. Geoff Cohen Concerning the Rightscorp Downloaded Audio Files and Notices* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Sealed Document Ex A, # 2 Proposed Order). Motions referred to Judge Andrew W. Austin. (Amstutz, Paige) (Additional attachment(s) added on 5/31/2019: # 3 Sealed Exhibit A) (dm). (Entered: 04/16/2019) |
| 04/16/2019 | 272 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Sealed Document Exhibit A, # 2 Proposed Order) (Amstutz, Paige) (Entered: 04/16/2019) |

| | | |
|---|---|---|
| 04/18/2019 | 273 | Unopposed MOTION for Extension of Time to File Response/Reply as to 271 MOTION to Strike *as Untimely the "Supplemental" Expert Report Opinions of Dr. Geoff Cohen Concerning the Rightscorp Downloaded Audio Files and Notices* by Grande Communications Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Howenstine, Zachary) (Entered: 04/18/2019) |
| 04/24/2019 | | Text Order GRANTING 273 Motion for Extension of Time to File Response/Reply entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 04/24/2019) |
| 04/30/2019 | 274 | Response in Opposition to Motion, filed by Grande Communication Networks LLC, Grande Communication Networks LLC, re 271 MOTION to Strike *as Untimely the "Supplemental" Expert Report Opinions of Dr. Geoff Cohen Concerning the Rightscorp Downloaded Audio Files and Notices* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Brophy Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Brophy, Richard) (Entered: 04/30/2019) |
| 05/02/2019 | 275 | ORDER Setting Jury Selection/Trial and Related Deadlines, ( Jury Selection and Trial set for 2/24/2020 at 09:30 AM before Judge David A. Ezra,). Signed by Judge David A. Ezra. (dm) (Entered: 05/03/2019) |
| 05/07/2019 | 276 | RESPONSE in Support, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 271 MOTION to Strike *as Untimely the "Supplemental" Expert Report Opinions of Dr. Geoff Cohen Concerning the Rightscorp Downloaded Audio Files and Notices* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Exhibit B)(Bitting, Daniel) (Entered: 05/07/2019) |
| 05/24/2019 | 277 | ADVISORY TO THE COURT by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 05/24/2019) |
| 05/28/2019 | | |

| | | |
|---|---|---|
| | | Text Order GRANTING 217 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 222 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 229 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 232 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 238 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 248 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 254 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 215 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 261 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 264 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 266 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | | Text Order GRANTING 272 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 05/28/2019) |
| 05/28/2019 | 278 | ORDER Referring Jury Selection to Magistrate Judge Andrew Austin. Signed by Judge David A. Ezra. (dm) (Entered: 05/29/2019) |
| 07/16/2019 | 279 | ORDER GRANTING 271 Motion to Strike ; DENYING 176 Motion to Strike. Signed by Judge Andrew W. Austin. (dm) (Entered: 07/16/2019) |
| 07/16/2019 | 280 | ORDER DENYING 210 Motion to exclude; DENYING 214 Motion to exclude; MOOTING 221 Motion to exclude; DENYING 228 Motion to exclude; DENYING 233 Motion to exclude; GRANTING IN PART AND DENYING IN PART 265 Motion to |

| | | |
|---|---|---|
| | | exclude Signed by Judge Andrew W. Austin. (dm) (Entered: 07/16/2019) |
| 07/19/2019 | 281 | Opposed MOTION for Leave to File Grande Supplemental Brief re Motion for Spoliation Sanctions by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order re Opposed Motion for Leave to File Supp. Brief, # 2 Grande Supp Brief re Motion for Spoliation Sanctions, # 3 Unopposed Motion to File under Seal, # 4 Proposed Order re Unopposed Motion for Leave to File Under Seal, # 5 Brophy Declaration). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 07/19/2019) |
| 07/19/2019 | 282 | Unopposed Motion for leave to File Sealed Document. Referral Judge: Andrew W. Austin. (Attachments: # 1 Proposed Order, # 2 Brophy Declaration, # 3 Sealed Document Ex 1 Filed Under Seal, # 4 Sealed Document Ex 2 Filed Under Seal, # 5 Sealed Document Ex 3 Filed Under Seal) (Brophy, Richard) (Entered: 07/19/2019) |
| 07/26/2019 | 283 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 281 Opposed MOTION for Leave to File Grande Supplemental Brief re Motion for Spoliation Sanctions filed by Defendant Grande Communications Networks LLC, Defendant Grande Communication Networks LLC (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Bitting, Daniel) (Entered: 07/26/2019) |
| 07/29/2019 | | Text Order GRANTING 281 Motion for Leave to File entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 07/29/2019) |
| 07/29/2019 | | Text Order GRANTING 282 Motion for Leave to File Sealed Document entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 07/29/2019) |
| 07/29/2019 | 284 | Supplemental Brief in Support of 247 Motion for Evidentiary Sanctions. (dm) (Additional attachment(s) added on 7/29/2019: # 1 Declaration of Richard L. Brophy, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3) (dm). (Entered: 07/29/2019) |
| 07/30/2019 | 285 | Miscellaneous Objection to 279 Order on Motion to Strike, by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Brophy Declaration, # 2 Exhibit 1, # 3 Exhibit 2)(Brophy, Richard) (Entered: 07/30/2019) |
| 07/30/2019 | 286 | Miscellaneous Objection to 280 Order on Motion to exclude,,,,,,,,,, by Grande Communication Networks LLC, Grande Communications Networks LLC. (Brophy, Richard) (Entered: 07/30/2019) |
| 08/06/2019 | 287 | NOTICE *Plaintiffs' Notice* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC re 247 MOTION for Sanctions *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS MOTION FOR EVIDENTIARY SANCTIONS BASED ON SPOLIATION OF RIGHTSCORP EVIDENCE* (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 08/06/2019) |

| | | |
|---|---|---|
| 08/06/2019 | <u>288</u> | RESPONSE *Plaintiffs' Opposition to Defendant Grande Communications Networks LLC's Objections* to <u>286</u> Miscellaneous Objection, <u>285</u> Miscellaneous Objection by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # <u>1</u> Proposed Order)(Amstutz, Paige) (Entered: 08/06/2019) |
| 09/27/2019 | <u>289</u> | ORDER DENYING <u>247</u> Motion for Sanctions. Signed by Judge Andrew W. Austin. (td) (Entered: 09/27/2019) |
| 10/11/2019 | <u>290</u> | Miscellaneous Objection to <u>289</u> Order on Motion for Sanctions by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 10/11/2019) |
| 10/15/2019 | <u>291</u> | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to <u>290</u> Miscellaneous Objection by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # <u>1</u> Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 10/15/2019) |
| 10/16/2019 | <u>292</u> | ORDER GRANTING <u>291</u> Motion for Extension of Time to File Response. Signed by Judge David A. Ezra. (dm) (Entered: 10/16/2019) |
| 10/24/2019 | <u>293</u> | MOTION to Withdraw as Attorney *Jennifer E. Hoekel* by Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # <u>1</u> Proposed Order). Motions referred to Judge Andrew W. Austin. (Hoekel, Jennifer) (Entered: 10/24/2019) |
| 10/25/2019 | | Text Order GRANTING <u>293</u> Motion to Withdraw as Attorney. The Court further orders that Jennifer E. Hoekel be terminated as counsel of record. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sd) (Entered: 10/25/2019) |
| 10/25/2019 | <u>294</u> | RESPONSE *Plaintiffs' Opposition to Defendant Grande Communications Networks LLC's Objections to the Magistrate Judge's Order Denying Motion for Evidentiary Sanctions* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Proposed Order)(Amstutz, Paige) (Entered: 10/25/2019) |
| 10/30/2019 | <u>295</u> | MOTION to Withdraw as Attorney by Grande Communication Networks LLC. (Attachments: # <u>1</u> Proposed Order). Motions referred to Judge Andrew W. Austin. (Clifford, Nicholas) (Entered: 10/30/2019) |
| 10/31/2019 | | Text Order GRANTING <u>295</u> Motion to Withdraw as Attorney. The Court further orders that Nicholas B. Clifford be terminated as counsel of record. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated |

| | | |
|---|---|---|
| | | with this entry.) (sd) (Entered: 10/31/2019) |
| 11/26/2019 | 296 | MOTION to Appear Pro Hac Vice by Daniel C. Bitting *for Andrew Bart* ( Filing fee $ 100 receipt number 0542-12896960) by on behalf of Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 11/26/2019) |
| 11/26/2019 | 297 | MOTION to Appear Pro Hac Vice by Daniel C. Bitting *for Jacob Tracer* ( Filing fee $ 100 receipt number 0542-12896997) by on behalf of Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 11/26/2019) |
| 11/27/2019 | | Text Order GRANTING 296 Motion to Appear Pro Hac Vice as to Andrew Bart. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sd) Modified on 11/27/2019 (dm). (Entered: 11/27/2019) |
| 11/27/2019 | | Text Order GRANTING 297 Motion to Appear Pro Hac Vice as to Jacob Tracer. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sd) Modified on 11/27/2019 (dm). (Entered: 11/27/2019) |
| 12/10/2019 | 298 | MOTION to Appear Pro Hac Vice by Daniel C. Bitting *for Kevin L. Attridge* ( Filing fee $ 100 receipt number 0542-12945412) by on behalf of Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 12/10/2019) |
| 12/11/2019 | | Text Order GRANTING 298 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Andrew W. Austin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 12/11/2019) |
| 01/13/2020 | 299 | MOTION to Appear Pro Hac Vice by J. Stephen Ravel *On Behalf of Abigail Twenter* ( Filing fee $ 100 receipt number 0542-13070311) by on behalf of Grande Communication |

| | | |
|---|---|---|
| | | Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Ravel, J.) (Entered: 01/13/2020) |
| 01/14/2020 | | Text Order GRANTING 299 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ar) (Entered: 01/14/2020) |
| 01/17/2020 | 300 | ORDER, ( Telephone Conference set for 2/21/2020 at 11:00 AM before Judge Andrew W. Austin Jury Selection set for 2/24/2020 at 09:30AM before Judge Andrew W. Austin, Jury Trial set for 2/25/2020 before Judge David A. Ezra). Signed by Judge Andrew W. Austin. (dm) (Entered: 01/17/2020) |
| 01/28/2020 | 301 | NOTICE of Pretrial Filings by Grande Communications Networks LLC (Attachments: # 1 Exhibit 1 Proposed Voir Dire Questions, # 2 Exhibit 2 Statement of Positions and Defenses, # 3 Exhibit 3 Trial Exhibit List, # 4 Exhibit 4 Witness List, # 5 Exhibit 5 Deposition Designations, # 6 Exhibit 6 Proposed Jury Instructions and Verdict Forms, # 7 Exhibit 7 Estimated Length of Trial)(Brophy, Richard) (Entered: 01/28/2020) |
| 01/28/2020 | 302 | NOTICE Plaintiffs' Pretrial Submission by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Patriot Media Consulting, LLC, Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC (Attachments: # 1 Exhibit 1 Plaintiffs' Proposed Voir Dire Questions, # 2 Exhibit 2 Plaintiffs' Statement of Claims for Use in Voir Dire, # 3 Exhibit 3 Stipulations of Fact, # 4 Exhibit 4 Plaintiffs' Exhibit LIst, # 5 Exhibit 5 Plaintiffs' Witness List, # 6 Exhibit 6 Plaintiffs' Deposition Designations, # 7 Exhibit 7a Parties' Agreed Jury Instructions, # 8 Exhibit 7b Plaintiffs' Proposed Jury Instructions and Proposed Verdict Form)(Amstutz, Paige) (Entered: 01/28/2020) |
| 01/30/2020 | 303 | Miscellaneous Objection to 301 Notice (Other), Plaintiffs' Objections and Counter-Designations to Defendant Grande Communications Networks LLC's Deposition Designation by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 01/30/2020) |
| 01/30/2020 | 304 | Miscellaneous Objection to 301 Notice (Other), Plaintiffs' Objections to Defendant Grande Communications Networks LLC's Trial Exhibit List by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 01/30/2020) |
| 01/30/2020 | 305 | NOTICE of Objections to Plaintiff's Deposition Designations and Exhibit List by Grande Communications Networks LLC re 302 Notice (Other),,,, (Attachments: # 1 Exhibit 1 Grande's Objections to Deposition Designations, # 2 Exhibit 2 Grande's Objecctions to Plaintiffs' Exhibits)(Brophy, Richard) (Entered: 01/30/2020) |

| | | |
|---|---|---|
| 02/04/2020 | [306](#) | MOTION to Appear Pro Hac Vice by J. Stephen Ravel *on Behalf of Edward F. Behm, Jr* ( Filing fee $ 100 receipt number 0542-13160181) by on behalf of Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # [1](#) Proposed Order). Motions referred to Judge Andrew W. Austin. (Ravel, J.) (Entered: 02/04/2020) |
| 02/04/2020 | | Text Order GRANTING [306](#) Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ar) (Entered: 02/04/2020) |
| 02/04/2020 | [307](#) | Exhibit List *Plaintiffs' Amended Exhibit List* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC.. (Amstutz, Paige) (Entered: 02/04/2020) |
| 02/04/2020 | [308](#) | MOTION in Limine *Grandes First Motion in Limine to Exclude Testimony of Tracie Parry* by Grande Communications Networks LLC. (Attachments: # [1](#) Proposed Order re Grandes First Motion in Limine to Exclude Testimony of Tracie Parry). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | [309](#) | Second MOTION in Limine *Grandes Second Motion in Limine to Exclude Testimony of Terrence McGarty* by Grande Communications Networks LLC. (Attachments: # [1](#) Proposed Order re Grandes Second Motion in Limine to Exclude Testimony of Terrence McGarty). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | [310](#) | Third MOTION in Limine *re Evidence of Alleged Copyright Infringement Prior to April 21, 2014* by Grande Communications Networks LLC. (Attachments: # [1](#) Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | [311](#) | Fourth MOTION in Limine *to Exclude Evidence Regarding Audible Magic* by Grande Communications Networks LLC. (Attachments: # [1](#) Affidavit Declaration of R. Brophy, # [2](#) Exhibit 1 Landis Deposition Excerpts, # [3](#) Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | [312](#) | Fifth MOTION in Limine *to Exclude Evidence Regarding AcoustID* by Grande Communications Networks LLC. (Attachments: # [1](#) Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | [313](#) | MOTION in Limine *to Preclude any Evidence or Argument Related to the Copyright Alert System* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Proposed Order). Motions referred to Judge Andrew W. Austin. (Amstutz, Paige) (Entered: 02/04/2020) |
| 02/04/2020 | [314](#) | Second MOTION in Limine *to Preclude Irrelevant or Prejudicial Evidence or Arguments Related to Rightscorp, Inc.* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra |

| | | |
|---|---|---|
| | | Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Proposed Order). Motions referred to Judge Andrew W. Austin. (Amstutz, Paige) (Entered: 02/04/2020) |
| 02/04/2020 | 315 | Third MOTION in Limine *to Permit Evidence or Argument Related to Grande's Ineligibility for the DMCA Safe Harbor Defense* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 2, # 4 Proposed Order). Motions referred to Judge Andrew W. Austin. (Amstutz, Paige) (Entered: 02/04/2020) |
| 02/04/2020 | 316 | Fourth MOTION in Limine *to Preclude any Evidence or Argument Inconsistent with the Court's Summary Judgment Opinion* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Proposed Order). Motions referred to Judge Andrew W. Austin. (Amstutz, Paige) (Entered: 02/04/2020) |
| 02/04/2020 | 317 | Fifth MOTION in Limine *to Preclude Grande from Offering Evidence or Argument on the Reasons for its Changes in Copyright Infringement Policies* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Proposed Order). Motions referred to Judge Andrew W. Austin. (Amstutz, Paige) (Main Document 317 replaced on 2/5/2020 to correct error) (dm). (Entered: 02/04/2020) |
| 02/04/2020 | 318 | Sixth MOTION in Limine *to Exclude Evidence Regarding Cox Litigations* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 319 | Seventh MOTION in Limine *to Exclude Irrelevant and Unfairly Prejudicial Financial Information and Damages Evidence* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 320 | Eighth MOTION in Limine *to Exclude Evidence Regarding Non-Party ISPs* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 321 | Ninth MOTION in Limine *Limine to Exclude Evidence Regarding Subpoenas Seeking Subscriber Information* by Grande Communications Networks LLC. (Attachments: # 1 Affidavit Declaration of Richard Brophy, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Proposed |

| | | |
|---|---|---|
| | | Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 322 | Tenth MOTION in Limine *to Exclude Certain Proposed Testimony of Barbara Frederiksen-Cross* by Grande Communications Networks LLC. (Attachments: # 1 Affidavit Declaration of Richard Brophy, # 2 Exhibit 1, # 3 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 323 | MOTION in Limine - *Eleventh Motion in Limine to Exclude Evidence of Irrelevant and Unsupported Acts of Alleged Infringement* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 324 | MOTION in Limine - *Twelfth Motion in Limine to Exclude Evidence Regarding Termination for Nonpayment* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 325 | MOTION in Limine - *Thirteenth Motion in Limine to Exclude Evidence Regarding the DMCA and Subscriber Terminations* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 326 | MOTION in Limine - *Fourteenth Motion in Limine to Exclude Evidence Regarding Unasserted Copyrights and Generalized Harm Caused by Copyright Infringement* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 327 | MOTION in Limine - *Fifteenth Motion in Limine to Exclude Trial Exhibits Not Produced in Discovery* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/04/2020 | 328 | MOTION in Limine - *Sixteenth Motion in Limine to Exclude Evidence Regarding Alleged Destruction of Relevant Emails* by Grande Communications Networks LLC. (Attachments: # 1 Affidavit Declaration of Richard Brophy, # 2 Exhibit 1, # 3 Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/04/2020) |
| 02/05/2020 | | Notice of Correction: re 317 Fifth MOTION in Limine *to Preclude Grande from Offering Evidence or Argument on the Reasons for its Changes in Copyright Infringement Policies*. ***PLEASE NOTE: Motion has been replaced due to error in original filing. Corrected Motion will be regenerated. (dm) (Entered: 02/05/2020) |
| 02/07/2020 | 329 | Unopposed MOTION for Leave to File Plaintiffs' Unopposed Motion for Leave to File Consolidated Response to Defendant's Motions in Limine by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 02/07/2020) |
| 02/07/2020 | 330 | ORDER SETTING Pretrial Conference for 2/14/2020 at 08:30 AM before Judge David A. Ezra. Signed by Judge David A. Ezra. (jv2) (Entered: 02/10/2020) |

| 02/10/2020 | | Text Order GRANTING 329 Motion for Leave to File Consolidated Response. Plaintiffs may file one consolidated response, of up to eighty pages, to Defendants sixteen motions in limine. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ar) (Entered: 02/10/2020) |
| --- | --- | --- |
| 02/10/2020 | 331 | Minute Entry for proceedings held before Judge Andrew W. Austin: Telephone Conference held on 2/10/2020 (Minute entry documents are not available electronically.). (Court Reporter ERO.)(dm) (Entered: 02/10/2020) |
| 02/10/2020 | 332 | Agreed MOTION to Continue *Trial Setting* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order). Motions referred to Judge Andrew W. Austin. (Bitting, Daniel) (Entered: 02/10/2020) |
| 02/10/2020 | 333 | Joint MOTION for Extension of Time to File Response/Reply *to Motions in Limine* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order Proposed Order). Motions referred to Judge Andrew W. Austin. (Brophy, Richard) (Entered: 02/10/2020) |
| 02/11/2020 | | Text Order GRANTING 333 Motion for Extension of Time to File Response/Reply. Responses are now due on or before Friday, February 14, 2020. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ar) (Entered: 02/11/2020) |
| 02/12/2020 | 334 | ORDER Withdrawing Referral. Signed by Judge David A. Ezra. (dm) (Entered: 02/12/2020) |
| 02/13/2020 | | Motions No Longer Referred to Judge Andrew Austin. (dm) (Entered: 02/13/2020) |
| 02/14/2020 | 335 | RESPONSE to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 322 Tenth MOTION in Limine *to Exclude Certain Proposed Testimony of Barbara Frederiksen-Cross* filed by Defendant Grande Communications Networks LLC, 312 Fifth MOTION in Limine *to Exclude Evidence Regarding AcoustID* filed by Defendant Grande Communications Networks LLC, 325 MOTION in Limine - *Thirteenth Motion in Limine to Exclude Evidence Regarding the DMCA and Subscriber Terminations* filed by Defendant Grande Communications Networks LLC, 327 MOTION in Limine - *Fifteenth Motion in Limine to Exclude Trial Exhibits Not Produced in Discovery* filed by Defendant Grande Communications Networks LLC, 309 Second MOTION in Limine *Grandes Second Motion in Limine to Exclude Testimony of Terrence McGarty* filed by Defendant Grande Communications Networks LLC, 324 MOTION in Limine - *Twelfth Motion in Limine to Exclude Evidence Regarding Termination for Nonpayment* filed by Defendant Grande Communications Networks LLC, 328 MOTION in Limine - *Sixteenth Motion in Limine to Exclude Evidence Regarding Alleged Destruction of Relevant Emails* filed by Defendant Grande Communications Networks LLC, 323 MOTION in Limine - *Eleventh Motion in Limine to Exclude Evidence of Irrelevant and Unsupported Acts of Alleged Infringement* filed by Defendant Grande Communications Networks LLC, 319 Seventh |

| | | |
|---|---|---|
| | | MOTION in Limine *to Exclude Irrelevant and Unfairly Prejudicial Financial Information and Damages Evidence* filed by Defendant Grande Communications Networks LLC, 326 MOTION in Limine - *Fourteenth Motion in Limine to Exclude Evidence Regarding Unasserted Copyrights and Generalized Harm Caused by Copyright Infringement* filed by Defendant Grande Communications Networks LLC, 308 MOTION in Limine *Grandes First Motion in Limine to Exclude Testimony of Tracie Parry* filed by Defendant Grande Communications Networks LLC, 321 Ninth MOTION in Limine *Limine to Exclude Evidence Regarding Subpoenas Seeking Subscriber Information* filed by Defendant Grande Communications Networks LLC, 311 Fourth MOTION in Limine *to Exclude Evidence Regarding Audible Magic* filed by Defendant Grande Communications Networks LLC, 318 Sixth MOTION in Limine *to Exclude Evidence Regarding Cox Litigations* filed by Defendant Grande Communications Networks LLC, 320 Eighth MOTION in Limine *to Exclude Evidence Regarding Non-Party ISPs* filed by Defendant Grande Communications Networks LLC, 310 Third MOTION in Limine *re Evidence of Alleged Copyright Infringement Prior to April 21, 2014* filed by Defendant Grande Communications Networks LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Bitting, Daniel) (Entered: 02/14/2020) |
| 02/14/2020 | 336 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 313 MOTION in Limine *to Preclude any Evidence or Argument Related to the Copyright Alert System* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Brophy, Richard) (Entered: 02/14/2020) |
| 02/14/2020 | 337 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 316 Fourth MOTION in Limine *to Preclude any Evidence or Argument Inconsistent with the Court's Summary Judgment Opinion* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Brophy, Richard) (Entered: 02/14/2020) |
| 02/14/2020 | 338 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 317 Fifth MOTION in Limine *to Preclude Grande from Offering Evidence or Argument on the Reasons for its Changes in Copyright Infringement Policies* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Affidavit Decl. of R. Brophy, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Brophy, Richard) (Entered: |

| | | |
|---|---|---|
| | | 02/14/2020) |
| 02/14/2020 | 339 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 315 Third MOTION in Limine *to Permit Evidence or Argument Related to Grande's Ineligibility for the DMCA Safe Harbor Defense* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Brophy, Richard) (Entered: 02/14/2020) |
| 02/14/2020 | 340 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 314 Second MOTION in Limine *to Preclude Irrelevant or Prejudicial Evidence or Arguments Related to Rightscorp, Inc.* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Declaration of Richard Brophy, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Brophy, Richard) (Entered: 02/14/2020) |
| 02/17/2020 | 341 | ADVISORY TO THE COURT by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 02/17/2020) |
| 02/18/2020 | 342 | ORDER Cancelling Current Jury Selection. Jury Selection reset for 9/8/2020 at 09:30AM before Judge Andrew W. Austin. The telephone conferencepreviously set for Friday, February 21,2020, at 11:00 a.m., remains set for the same time and date. Signed by Judge Andrew W. Austin. (dm) (Entered: 02/18/2020) |
| 02/21/2020 | 343 | Minute Entry for proceedings held before Judge Andrew W. Austin: Telephone Conference held on 2/21/2020 (Minute entry documents are not available electronically.). (Court Reporter ERO.)(dm) (Entered: 02/21/2020) |
| 02/24/2020 | 345 | ORDER Resetting Jury Trial and Related Deadlines. ( Jury Trial reset for 9/9/2020 09:00 AM before Judge David A. Ezra,). Signed by Judge David A. Ezra. (dm) (Entered: 02/25/2020) |
| 02/24/2020 | 346 | ORDER Referring Matter to Magistrate Judge. Signed by Judge David A. Ezra. (dm) (Entered: 02/25/2020) |
| 02/25/2020 | 344 | Minute Entry for proceedings held before Judge David A. Ezra: Pretrial Conference held on 2/14/2020 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 02/25/2020) |
| 03/11/2020 | | Text Order GRANTING 332 Motion to Continue. Counsel should reference ORDER RESETTING JURY TRIAL AND RELATED DEADLINES 345 for current deadlines. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ps) (Entered: 03/11/2020) |
| 04/08/2020 | 347 | |

| | | |
|---|---|---|
| | | ORDER DENYING 308 Motion in Limine; DENYING 309 Motion in Limine; DENYING 310 Motion in Limine; DENYING 311 Motion in Limine; DENYING 312 Motion in Limine; DENYING 313 Motion in Limine; DENYING 314 Motion in Limine; GRANTING 315 Motion in Limine; GRANTING IN PART AND DENYING IN PART 316 Motion in Limine; DENYING 317 Motion in Limine; GRANTING 318 Motion in Limine; DENYING 319 Motion in Limine; GRANTING 320 Motion in Limine; GRANTING 321 Motion in Limine; DENYING 322 Motion in Limine; DENYING 323 Motion in Limine; DENYING 324 Motion in Limine; DENYING 325 Motion in Limine; DENYING 326 Motion in Limine; DENYING 327 Motion in Limine; DENYING 328 Motion in Limine. Signed by Judge David A. Ezra. (dm) (Entered: 04/08/2020) |
| 05/06/2020 | 348 | MOTION for Reconsideration re 347 Order on Motion in Limine by Grande Communications Networks LLC. (Attachments: # 1 Declaration of R. Brophy, # 2 Exhibit 1 Deposition Excerpts)(Brophy, Richard) (Entered: 05/06/2020) |
| 05/06/2020 | 349 | Unopposed MOTION for Extension of Time to File Response/Reply as to 348 MOTION for Reconsideration re 347 Order on Motion in Limine *Plaintiffs' Unopposed Motion for Extension of Time to File Response in Opposition to Defendant Grande Communications Networks LLC's Opposed Motion for Partial Reconsideration of Order Regarding Motions in Limine* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 05/06/2020) |
| 05/07/2020 | 350 | ORDER GRANTING 349 Motion for Extension of Time to File Response. Signed by Judge David A. Ezra. (dm) (Entered: 05/07/2020) |
| 05/08/2020 | 351 | ORDER Resetting Jury Trial and Related Deadlines. ( Jury Trial reset for 9/15/2020 at 09:00 AM before Judge David A. Ezra,). Signed by Judge David A. Ezra. (dm) (Entered: 05/08/2020) |
| 05/08/2020 | 352 | Amended Order Resetting Jury Trial and Related Deadlines. Signed by Judge David A. Ezra. (dm) (Entered: 05/08/2020) |
| 05/08/2020 | 353 | ORDER Setting Video Conference Hearing on 348 MOTION for Reconsideration re 347 Order on Motion in Limine. Motion Hearing set for 5/14/2020 at 09:00 AM before Judge David A. Ezra. Signed by Judge David A. Ezra. (dm) (Entered: 05/08/2020) |
| 05/08/2020 | 354 | ORDER Resetting Video Conference Hearing re 348 MOTION for Reconsideration. Motion Hearing reset for 6/17/2020 at 09:00 AM before Judge David A. Ezra. Signed by Judge David A. Ezra. (dm) (Entered: 05/08/2020) |
| 05/12/2020 | 355 | ORDER, ( Jury Selection reset for 9/11/2020 at 09:00AM before Judge David A. Ezra,). Signed by Judge Andrew W. Austin. (dm) (Entered: 05/12/2020) |
| 05/20/2020 | 356 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 348 MOTION for Reconsideration re 347 Order on Motion in Limine filed by Defendant Grande Communications Networks LLC *Plaintiffs' Opposition to Defendant Grande* |

| | | |
|---|---|---|
| | | *Communications Networks LLC's Motion for Reconsideration* (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 05/20/2020) |
| 05/27/2020 | 357 | REPLY to Response to Motion, filed by Grande Communications Networks LLC, re 348 MOTION for Reconsideration re 347 Order on Motion in Limine, filed by Defendant Grande Communications Networks LLC (Brophy, Richard) (Entered: 05/27/2020) |
| 06/03/2020 | 358 | ORDER DENYING 348 MOTION for Reconsideration re 347 Order on Motion in Limine filed by Grande Communications Networks LLC. The hearing set on June 17, 2020, is hereby CANCELLED. Signed by Judge David A. Ezra. (dm) (Entered: 06/03/2020) |
| 07/08/2020 | 359 | RULE 7 DISCLOSURE STATEMENT filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 07/08/2020) |
| 08/17/2020 | 360 | MOTION to Extend Scheduling Order Deadlines *Agreed Joint Motion to Extend Pretrial Deadlines* by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 08/17/2020) |
| 08/17/2020 | 361 | DEFICIENCY NOTICE: re 360 MOTION to Extend Scheduling Order Deadlines *Agreed Joint Motion to Extend Pretrial Deadlines* (dm) (Entered: 08/17/2020) |
| 08/17/2020 | 362 | ATTACHMENT *Proposed Order* to 360 MOTION to Extend Scheduling Order Deadlines *Agreed Joint Motion to Extend Pretrial Deadlines* by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 08/17/2020) |
| 08/18/2020 | 363 | ORDER Resetting Jury Selection and Related Deadlines. ( Jury Selection and Trial reset for 5/3/2021 at 09:00 AM before Judge David A. Ezra,). Signed by Judge David A. Ezra. (dm) (Entered: 08/18/2020) |
| 08/19/2020 | | Text Order DISMISSING AS MOOT 360 Motion to Extend Scheduling Order Deadlines subject to refiling in light of the order resetting jury selection/trial (Dkt. # 363). Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ar) (Entered: 08/19/2020) |
| 08/20/2020 | 364 | ORDER, ( Jury Selection reset for 4/30/2021 at 09:00AM before Judge David A. Ezra,). Signed by Judge Andrew W. Austin. (dm) (Entered: 08/20/2020) |
| 03/23/2021 | 365 | Joint MOTION to Continue *Trial* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 03/23/2021) |
| 03/30/2021 | | Text Order GRANTING 365 Motion to Continue. Jury selection/trial and deadlines will be set by separate order. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ps) (Entered: 03/30/2021) |
| 03/30/2021 | 366 | ORDER RESETTING JURY TRIAL AND RELATED DEADLINES, ( Jury Trial reset for 1/24/2022 at 09:00 AM before Judge David A. Ezra,). Signed by Judge David A. Ezra. (dm) (Entered: 03/31/2021) |
| 04/06/2021 | 367 | ORDER, ( Jury Selection reset for 1/21/2022 at 09:00AM before Judge Andrew W. Austin,). Signed by Judge Andrew W. Austin. (dm) (Entered: 04/07/2021) |

| 10/08/2021 | [368](#) | NOTICE *The UMG Plaintiffs' Notice of Name Change* by Capitol Christian Music Group, Inc., Capitol Records, LLC, Fonovisa, Inc., Roc-A-Fella Records, LLC, Tooth & Nail, LLC, UMG Recordings, Inc. (Amstutz, Paige) (Entered: 10/08/2021) |
|---|---|---|
| 10/08/2021 | [369](#) | RULE 7 DISCLOSURE STATEMENT filed by Capitol Christian Music Group, Inc., Capitol Records, LLC, Fonovisa, Inc., Roc-A-Fella Records, LLC, UMG Recordings, Inc.. (Amstutz, Paige) (Entered: 10/08/2021) |
| 12/01/2021 | [370](#) | ORDER, ( Final Pretrial Conference set for 1/5/2022 at 09:00 AM before Judge David A. Ezra,). Signed by Judge David A. Ezra. (dm) (Entered: 12/01/2021) |
| 12/13/2021 | [371](#) | ORDER REFERRING MATTER TO MAGISTRATE JUDGE. Signed by Judge David A. Ezra. (dm) (Entered: 12/13/2021) |
| 12/21/2021 | [372](#) | NOTICE of Change of Address by Andrew H. Bart (Bart, Andrew) (Entered: 12/21/2021) |
| 12/21/2021 | [373](#) | NOTICE of Change of Address by Jacob Tracer (Tracer, Jacob) (Entered: 12/21/2021) |
| 12/28/2021 | [374](#) | ORDER setting FINAL PRETRIAL CONFERENCE before Senior U.S. District Judge DavidA. Ezra in Courtroom 2, on the Fourth Floor of the United States Courthouse,501 West Fifth Street, Austin, TX, on Wednesday, January 05, 2022 at 09:00AM. Signed by Judge David A. Ezra. (klw) (Entered: 12/28/2021) |
| 12/28/2021 | [375](#) | NOTICE *of Pretrial Submissions* by Grande Communications Networks LLC (Attachments: # [1](#) Exhibit 1 Proposed Voir Dire Questions, # [2](#) Exhibit 2 Statement of Positions and Defenses, # [3](#) Exhibit 3 Stipulated Facts, # [4](#) Exhibit 4 Trial Exhibit List, # [5](#) Exhibit 5 Witness List, # [6](#) Exhibit 6 Deposition Designations, # [7](#) Exhibit 7 Estimated Length of Trial)(Brophy, Richard) (Entered: 12/28/2021) |
| 12/28/2021 | [376](#) | Pretrial Disclosures *(Plaintiffs' Pretrial Submission)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6)(Bitting, Daniel) (Entered: 12/28/2021) |
| 12/28/2021 | [377](#) | Proposed Jury Instructions by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Amstutz, Paige) (Entered: 12/28/2021) |
| 12/29/2021 | [378](#) | Opposed MOTION to Exclude *Certain Opinions of Barbara Frederiksen-Cross* by Grande Communications Networks LLC. (Attachments: # [1](#) Exhibit A - Frederiksen-Cross 02.03.2020 Suppl. Report, # [2](#) Exhibit B - Frederiksen-Cross Dep. Tr. Excerpts, # [3](#) Proposed Order)(Brophy, Richard) (Entered: 12/29/2021) |
| 12/30/2021 | [379](#) | Exhibit List *CORRECTED* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG |

| | | |
|---|---|---|
| | | Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC.. (Bitting, Daniel) (Entered: 12/30/2021) |
| 12/30/2021 | 380 | Miscellaneous Objection *Plaintiff's Objections to Defendant Grande Communications Networks LLC's Trial Exhibit List* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 12/30/2021) |
| 12/30/2021 | 381 | Miscellaneous Objection *Plaintiff's Objections and Counter-Designations to Defendant Grande Communications Networks LLC's Deposition Designations* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Bitting, Daniel) (Entered: 12/30/2021) |
| 12/30/2021 | 382 | NOTICE *Defendant Grande Communications Networks LLC's Notice of Objections to Plaintiffs' Affirmative Deposition Designations and Exhibit List* by Grande Communications Networks LLC (Attachments: # 1 Exhibit 1 Grande's Notice of Objections to Plaintiffs' Affirmative Deposition Designations, # 2 Exhibit 2 Grande's Notice of Objections to Plaintiffs' Exhibit List)(Brophy, Richard) (Entered: 12/30/2021) |
| 01/04/2022 | 383 | MOTION to CONTINUE or, in the alternative, Joint NOTICE *Regarding January 5, 2022 Final Pretrial Conference and subsequent jury trial* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC (Bitting, Daniel) Modified on 1/4/2022 to create motion event and modify text (klw). (Entered: 01/04/2022) |
| 01/04/2022 | 384 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 378 Opposed MOTION to Exclude *Certain Opinions of Barbara Frederiksen-Cross* filed by Defendant Grande Communications Networks LLC *Plaintiffs' Opposition to Defendant Grande Communications Networks LLC's Motion to Exclude* (Bitting, Daniel) (Entered: 01/04/2022) |
| 01/05/2022 | 385 | Minute Entry for proceedings held before Judge David A. Ezra: Pretrial Conference held on 1/5/2022. Written order forthcoming. (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 01/05/2022) |
| 01/06/2022 | | Text Order DENYING WITHOUT PREJUDICE 378 Motion to Exclude subject to refiling at a later date. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kslc) (Entered: |

| | | 01/06/2022) |
|---|---|---|
| 01/06/2022 | 386 | ORDER GRANTING 383 Motion to Continue. Jury Trial reset for 10/11/2022 at 09:00 AM before Judge David A. Ezra. Signed by Judge David A. Ezra. (dm) (Entered: 01/06/2022) |
| 01/06/2022 | 387 | ORDER, ( Jury Selection set for 10/7/2022 at 09:00AM before Judge Dustin M. Howell,). Signed by Judge Dustin M. Howell. (dm) (Entered: 01/06/2022) |
| 02/16/2022 | 388 | NOTICE REGARDING JURY TRIAL, ( Jury Trial set for 10/11/2022 at 09:00 AM before Judge David A. Ezra,). Signed by Judge David A. Ezra. (dm) (Entered: 02/16/2022) |
| 08/11/2022 | 389 | TRANSCRIPT REQUEST by Grande Communications Networks LLC for proceedings held on 1/5/2022. Proceedings Transcribed: Pretrial Conference. Court Reporter: Angela Hailey. (Brophy, Richard) (Entered: 08/11/2022) |
| 08/11/2022 | 390 | TRANSCRIPT REQUEST by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC for proceedings held on 1/5/2022. Proceedings Transcribed: Pretrial Conference. Court Reporter: Angela Hailey. (Amstutz, Paige) (Entered: 08/11/2022) |
| 08/16/2022 | 391 | Transcript filed of Proceedings held on 1/5/22, Proceedings Transcribed: Pretrial Conference. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 9/6/2022, Redacted Transcript Deadline set for 9/16/2022, Release of Transcript Restriction set for 11/14/2022, (Hailey, Angela) (Entered: 08/16/2022) |
| 08/16/2022 | 392 | MOTION to Appear Pro Hac Vice by J. Stephen Ravel *on behalf of Mark A. Thomas* ( Filing fee $ 100 receipt number ATXWDC-16409704) by on behalf of Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order)(Ravel, J.) (Entered: 08/16/2022) |
| 08/16/2022 | 393 | MOTION to Appear Pro Hac Vice by J. Stephen Ravel *on beahlf of Sydney K. Johnson* ( Filing fee $ 100 receipt number ATXWDC-16409806) by on behalf of Grande Communication Networks LLC, Grande Communications Networks LLC. (Attachments: # 1 Proposed Order)(Ravel, J.) (Entered: 08/16/2022) |
| 08/16/2022 | 394 | NOTICE *of Appearance of Additional Counsel* by Grande Communications Networks LLC (Ravel, J.) (Entered: 08/16/2022) |
| 08/19/2022 | 395 | ORDER GRANTING 392 Motion to Appear Pro Hac Vice as to Mark A. Thomas. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge David A. Ezra. (dm) (Entered: 08/19/2022) |

| 08/19/2022 | 396 | ORDER GRANTING 393 Motion to Appear Pro Hac Vice as to Sydney K. Johnson. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge David A. Ezra. (dm) (Entered: 08/19/2022) |
|---|---|---|
| 08/26/2022 | 397 | Opposed MOTION to Exclude *Certain Opinions of Barbara Frederiksen-Cross* by Grande Communications Networks LLC. (Attachments: # 1 Exhibit A - 2020.02.03 B Frederiksen-Cross Supplemental Rebuttal Report, # 2 Exhibit B - Frederiksen-Cross Dep. Tr. Excerpts, # 3 Exhibit C - Case Opinion, # 4 Proposed Order)(Brophy, Richard) (Entered: 08/26/2022) |
| 09/02/2022 | 398 | NOTICE/MOTION *(Joint) Requesting Final Pretrial Conference* by Grande Communications Networks LLC (Brophy, Richard) Modified on 9/2/2022 (dm). (Entered: 09/02/2022) |
| 09/09/2022 | 399 | Response in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 397 Opposed MOTION to Exclude *Certain Opinions of Barbara Frederiksen-Cross* filed by Defendant Grande Communications Networks LLC (Amstutz, Paige) (Entered: 09/09/2022) |
| 09/12/2022 | 400 | ORDER GRANTING 398 NOTICE/MOTION (Joint) Requesting Final Pretrial Conference and ORDER SETTING FINAL PRETRIAL CONFERENCE for 10/11/2022 at 09:00 AM before Judge David A. Ezra. Signed by Judge David A. Ezra. (cc3) (Entered: 09/12/2022) |
| 09/13/2022 | 401 | Proposed Jury Instructions by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Amstutz, Paige) (Entered: 09/13/2022) |
| 09/13/2022 | 402 | NOTICE *of Pretrial Submissions* by Grande Communications Networks LLC (Attachments: # 1 Exhibit 1 Proposed Voir Dire Questions, # 2 Exhibit 2 Statement of Positions and Defenses, # 3 Exhibit 3 Stipulated Facts, # 4 Exhibit 4 Exhibit List, # 5 Exhibit 5 Witness List, # 6 Exhibit 6 Deposition Designations, # 7 Exhibit 7 Estimated Length of Trial)(Brophy, Richard) (Entered: 09/13/2022) |
| 09/13/2022 | 403 | NOTICE *OF PRETRIAL SUBMISSION* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Amstutz, Paige) (Entered: 09/13/2022) |
| 09/15/2022 | 404 | NOTICE *Defendant Grande Communications Networks LLC's Notice of Objections to Plaintiffs' Affirmative Deposition Designations and Exhibit List* by Grande |

| | | |
|---|---|---|
| | | Communications Networks LLC (Attachments: # 1 Exhibit 1 Grande's Objections to Plaintiffs' Affirmative Deposition Designations, # 2 Exhibit 2 Grande's Objections to Plaintiffs' Exhibit List)(Brophy, Richard) (Entered: 09/15/2022) |
| 09/15/2022 | 405 | NOTICE of Filing PLAINTIFFS OBJECTIONS TO DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS TRIAL EXHIBIT LIST by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC (Amstutz, Paige) (Entered: 09/15/2022) |
| 09/15/2022 | 406 | NOTICE of Filing PLAINTIFFS OBJECTIONS AND COUNTER-DESIGNATIONS TO DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS DEPOSITION DESIGNATIONS by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC (Amstutz, Paige) (Entered: 09/15/2022) |
| 09/16/2022 | 407 | REPLY to Response to Motion, filed by Grande Communications Networks LLC, re 397 Opposed MOTION to Exclude *Certain Opinions of Barbara Frederiksen-Cross* filed by Defendant Grande Communications Networks LLC (Brophy, Richard) (Entered: 09/16/2022) |
| 09/29/2022 | 408 | ORDER, ( Telephone Conference set for 10/3/2022 at 10:30 AM before Judge Dustin M. Howell,). Signed by Judge Dustin M. Howell. (dm) (Entered: 09/29/2022) |
| 10/03/2022 | 409 | Minute Entry for proceedings held before Judge Dustin M. Howell: Telephone Conference held on 10/3/2022 (Minute entry documents are not available electronically.). (Court Reporter AT&T Conference Line.)(dm) (Entered: 10/03/2022) |
| 10/07/2022 | 410 | Minute Entry for proceedings held before Judge Dustin M. Howell: Jury Selection held on 10/7/2022 (Minute entry documents are not available electronically). (dm) (Main Document 410 replaced on 10/11/2022 to correct time in court) (lt). Modified on 10/11/2022 (lt). (Entered: 10/07/2022) |
| 10/07/2022 | 411 | ORDER, ( Final Pretrial Conference reset for 10/11/2022 at 02:00 PM before Judge David A. Ezra,). Signed by Judge David A. Ezra. (dm) (Entered: 10/07/2022) |
| 10/07/2022 | 412 | Exhibit List *(EXHIBIT 4 - PLAINTIFFS AMENDED EXHIBIT LIST)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC.. (Amstutz, Paige) (Entered: 10/07/2022) |
| 10/11/2022 | 413 | Exhibit List *Plaintiffs' Second Amended* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc... (Attachments: # 1 Exhibit)(Amstutz, Paige) (Entered: 10/11/2022) |

| | | |
|---|---|---|
| 10/11/2022 | 414 | Exhibit List *(EXHIBIT 4 - PLAINTIFFS THIRD AMENDED EXHIBIT LIST)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC.. (Attachments: # 1 Exhibit Third Amended Exhibit List)(Amstutz, Paige) (Entered: 10/11/2022) |
| 10/11/2022 | 415 | Minute Entry for proceedings held before Judge David A. Ezra: Final Pretrial Conference held on 10/11/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 10/13/2022) |
| 10/12/2022 | 416 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/12/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 10/13/2022) |
| 10/13/2022 | 417 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/13/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 10/14/2022) |
| 10/14/2022 | 421 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/14/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 10/18/2022) |
| 10/17/2022 | 418 | MOTION in Limine *(PLAINTIFFS TRIAL MOTION IN LIMINE REGARDING TESTIMONY ON GRANDE CUSTOMER STATEMENTS)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 10/17/2022) |
| 10/17/2022 | 419 | MOTION in Limine *(PLAINTIFFS TRIAL MOTION IN LIMINE TO PERMIT THEM TO INTRODUCE CERTAIN EVIDENCE AND ARGUMENTS REGARDING THE BMG V. COX TRIAL)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 10/17/2022) |
| 10/17/2022 | 420 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 419 MOTION in Limine *(PLAINTIFFS TRIAL MOTION IN LIMINE TO PERMIT THEM TO INTRODUCE CERTAIN EVIDENCE AND ARGUMENTS REGARDING THE BMG V. COX TRIAL)* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol |

| | | Records, LLC, Plaintiff Arista Records LLC (Brophy, Richard) (Entered: 10/17/2022) |
|---|---|---|
| 10/18/2022 | 422 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/18/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 10/19/2022) |
| 10/19/2022 | 423 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/19/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 10/20/2022) |
| 10/20/2022 | 424 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/20/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 10/20/2022) |
| 10/21/2022 | 425 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/21/2022. Trial recessed to Tuesday, October 25, 2022 at 9am. (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(klw) (Entered: 10/21/2022) |
| 10/21/2022 | 426 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 418 MOTION in Limine *(PLAINTIFFS TRIAL MOTION IN LIMINE REGARDING TESTIMONY ON GRANDE CUSTOMER STATEMENTS)* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Exhibit A)(Brophy, Richard) (Entered: 10/21/2022) |
| 10/24/2022 | 427 | REPLY to Response to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 418 MOTION in Limine *(PLAINTIFFS TRIAL MOTION IN LIMINE REGARDING TESTIMONY ON GRANDE CUSTOMER STATEMENTS)* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Amstutz, Paige) (Entered: 10/24/2022) |
| 10/24/2022 | 428 | MOTION in Limine *TO EXCLUDE DEFENDANTS EXHIBITS 44 AND 57 AND RELATED TESTIMONY* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Amstutz, Paige) (Entered: 10/24/2022) |
| 10/25/2022 | 429 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 428 MOTION in Limine *TO EXCLUDE DEFENDANTS EXHIBITS 44 AND 57 AND RELATED TESTIMONY* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Brophy, Richard) (Entered: 10/25/2022) |
| 10/25/2022 | 433 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/25/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 10/27/2022) |
| 10/26/2022 | 430 | MOTION in Limine *TO EXCLUDE DEFENDANTS VIDEOTAPED DEPOSITION TESTIMONY* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A)(Amstutz, Paige) (Entered: 10/26/2022) |
| 10/26/2022 | 431 | Exhibit List *Grande's Amended Trial Exhibit List* by Grande Communications Networks LLC.. (Brophy, Richard) (Entered: 10/26/2022) |
| 10/26/2022 | 432 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 430 MOTION in Limine *TO EXCLUDE DEFENDANTS VIDEOTAPED DEPOSITION TESTIMONY* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Brophy, Richard) (Entered: 10/26/2022) |
| 10/26/2022 | 434 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/26/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 10/27/2022) |
| 10/27/2022 | 435 | Proposed Jury Instructions by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Amstutz, Paige) (Entered: 10/27/2022) |
| 10/27/2022 | 436 | Proposed Jury Instructions by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra |

| | | |
|---|---|---|
| | | Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Amstutz, Paige) (Entered: 10/27/2022) |
| 10/27/2022 | 437 | Proposed Jury Instructions by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 10/27/2022) |
| 10/27/2022 | 444 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/27/2022 (Minute entry documents are not available electronically.). (Court Reporter Anglea Hailey.)(dm) (Entered: 11/01/2022) |
| 10/27/2022 | | ORAL ORDER GRANTING IN PART AND DENYING IN PART 430 Motion in Limine. Signed by Judge David A. Ezra. (dm) (Entered: 11/01/2022) |
| 10/27/2022 | 448 | ORDER regarding per diem rate for jurors. Signed by Judge David A. Ezra. (dm) (Entered: 11/03/2022) |
| 10/28/2022 | 438 | SUPPLEMENT to 436 Proposed Jury Instructions, *PLAINTIFFS SUBMISSION OF SUPPLEMENTAL AUTHORITIES REGARDING JURY INSTRUCTIONS* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Amstutz, Paige) (Entered: 10/28/2022) |
| 10/28/2022 | 439 | Proposed Jury Instructions by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 10/28/2022) |
| 10/28/2022 | 445 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 10/28/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 11/01/2022) |
| 10/29/2022 | 440 | RESPONSE *to Grande's Submission Regarding the "Value of the Copyright" as a Factor for Statutory Damages* to 439 Proposed Jury Instructions by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, Warner Bros. Records Inc., Zomba Recording LLC. (Amstutz, Paige) (Entered: 10/29/2022) |
| 10/30/2022 | 441 | Proposed Jury Instructions by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 10/30/2022) |
| 10/31/2022 | 442 | STATEMENT OF ISSUES *(PLAINTIFFS STATEMENT REGARDING TRIAL EVIDENCE ABOUT ELIGIBILITY FOR STATUTORY DAMAGES UNDER 17 U.S.C. § 412 AND MOTION FOR JUDGMENT AS A MATTER OF LAW ON THAT ISSUE)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A)(Amstutz, Paige) (Entered: |

| | | 10/31/2022) |
|---|---|---|
| 10/31/2022 | 443 | Proposed Jury Instructions by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 10/31/2022) |
| 11/01/2022 | 446 | ORDERED that the jury be sequestered during their deliberations. Signed by Judge David A. Ezra. (dm) (Entered: 11/01/2022) |
| 11/01/2022 | 447 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 11/1/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 11/02/2022) |
| 11/01/2022 | | ORAL MOTION for Directed Verdict by Grande Communication Networks LLC, Grande Communications Networks LLC, Recording Industry Association of America, Inc.. (dm) (Entered: 11/02/2022) |
| 11/01/2022 | | ORAL MOTION for Directed Verdict by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (dm) (Entered: 11/02/2022) |
| 11/01/2022 | | ORAL ORDER DENYING Motion for Directed Verdict. Signed by Judge David A. Ezra. (dm) (Entered: 11/02/2022) |
| 11/01/2022 | | ORAL ORDER GRANTING IN PART AND DENYING IN PART Motion for Directed Verdict. Signed by Judge David A. Ezra. (dm) (Entered: 11/02/2022) |
| 11/01/2022 | 449 | Court's Instructions to Jury. (dm) (Entered: 11/03/2022) |
| 11/01/2022 | 450 | Witness List by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, Grande Communication Networks LLC, Grande Communications Networks LLC, LaFace Records LLC, Nonesuch Records Inc., Patriot Media Consulting, LLC, Recording Industry Association of America, Inc., Recording Industry Association of America, Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (dm) (Entered: 11/03/2022) |
| 11/01/2022 | 451 | JURY TRIAL EXHIBITS. (dm) Modified on 6/22/2023 (*Pltfs' Audio/Video Exhibit 42 is unable to be uploaded to CM and has been preserved in the courts archive.*) **Clerk notes PDF files for Pltfs' Exhibits 15, 16 and 20-A11 are unable to be opened "...because it is either not a supported file type or because the file as been damaged..." and are not included in the attached exhibits.**(klw). (Additional attachment(s) added on 6/23/2023: # 1 Pltfs Exh 1-A1, # 2 Pltfs Exh 1-A2, # 3 Pltfs Exh 1-A3, # 4 Pltfs Exh 1-A4, # 5 Pltfs Exh 1-A5), # 6 Pltfs Exh 1-A6, # 7 Pltfs Exh 1-A7, # 8 Pltfs Exh 1-A8, # 9 Pltfs Exh 1-A9, A10, # 10 Pltfs Exh 2-A1 thru 2-A5), # 11 Pltfs Exh 2-A6 thru 2-A10, # 12 Pltfs Exh 2-A11 thru 2-A15, # 13 Pltfs Exh 2-A16 thru A20, # 14 Pltfs Exh 2-A21 thru 2-A25, # 15 Pltfs Exh 2-A26 thru 2-A30, # 16 Pltfs Exh 2-A31 thru 4, # 17 Pltfs Exh 5-A1, 5-A2, 11 thru 13-A3, # 18 Pltfs Exh 13-A4 thru 3-A11, # 19 Pltfs Exh 13-A12 thru 13-A18, # 20 Pltfs Exh 13-A19 thru 13-A26, # 21 Pltfs Exh 13-A27 thru 13-A33, # 22 Pltfs Exh 13-A34 thru 13-A40, # 23 Pltfs Exh 13-A41 thru 13-A47, # 24 Pltfs Exh 13-A48 thru 13-A54, # 25 Pltfs Exh 13-A55 thru 13-A61, # 26 Pltfs Exh 13-A62 thru 13-A69, # 27 |

|  |  | Pltfs Exh 13-A70 thru 13-A77, # 28 Pltfs Exh 13-A78 thru 13-A84, # 29 Pltfs Exh 13-A85 thru 13-A92, # 30 Pltfs Exh 13-A93 thru 13-A99, # 31 Pltfs Exh 13-A100 thru 13-A106, # 32 Pltfs Exh 14, 17 thru 20-A4, # 33 Pltfs Exh 20-A5 thru 20-A10, # 34 Pltfs Exh 20-A12 thru 20-A17, # 35 Pltfs Exh 20-A18 thru 20-A22, # 36 Pltfs Exh 20-A23 thru 20-A28, # 37 Pltfs Exh 21 thru 22-A5, # 38 Pltfs Exh 22-A6 thru 24-A1, # 39 Pltfs Exh 24-A2 thru 24-A6, # 40 Pltfs Exh 40, 44, 45, 53, 57-A1 thru 58-A4, # 41 Pltfs Exh 59-A1 thru 62, 80 thru 82, 84, 90, 91, 102, 103, 106, 108, 109, 115, 166, 169, 180, 181, 184, 186, 204, 206, 213, 216, 230, 233, 248, 262, 272, 274, # 42 Pltfs Exh 335-A1, 335-A2, 346, 350, 365, 368 thru 371, 395, 396, 458, 459, 517, 518, 548, 554, 576-A1, 576-A2, # 43 Pltfs Exh 576-A3 thru 576-A8, # 44 Pltfs Exh 576-A9, 577, 580-A1 thru 580-A4, # 45 Pltfs Exh 580-A5 thru 584, 617, # 46 Pltfs Exh 655, 656, 671, 672, 673, 705, 712, # 47 Dfts Exh 1, 6 thru 9, 13 thru 28-B, # 48 Dfts Exh 28-C thru 28-H, # 49 Dfts Exh 28-I thru 28-N, # 50 Dfts Exh 28-O, 30, 43 thru 46, 48, 49, 52 thru 55, 58, 59, 66 thru 68, 70 thru 73, 77, 78, 80 thru 82, 84, 85, # 51 Dfts Exh 88 thru 91, 93, 94, 96 thru 100, 104, 108 thru 111-F, # 52 Dfts Exh 112 thru 117, 123, 125, 155 thru 157, 161) (klw). (Entered: 11/03/2022) |
| 11/01/2022 | 452 | PLAINTIFF'S EXHIBIT RECEIPT by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (dm) (Entered: 11/03/2022) |
| 11/01/2022 | 453 | DEFENDANT'S EXHIBIT RECEIPT by Grande Communication Networks LLC, Grande Communications Networks LLC, Recording Industry Association of America, Inc.. (dm) (Entered: 11/03/2022) |
| 11/02/2022 | 454 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial held on 11/2/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 11/03/2022) |
| 11/02/2022 | 455 | JURY NOTE 1 SEALED pursuant to E-Government Act of 2002. (dm) (Entered: 11/03/2022) |
| 11/03/2022 | 456 | Minute Entry for proceedings held before Judge David A. Ezra: Jury Trial completed on 11/3/2022 (Minute entry documents are not available electronically.). (Court Reporter Angela Hailey.)(dm) (Entered: 11/03/2022) |
| 11/03/2022 | 457 | JURY NOTE 2 SEALED pursuant to E-Government Act of 2002. (dm) (Entered: 11/03/2022) |
| 11/03/2022 | 458 | JURY VERDICT (Redacted Version).(dm) (Entered: 11/03/2022) |
| 11/18/2022 | 460 | MOTION for Entry of Judgment under Rule 54(b) by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit A - Proposed Judgment, # 2 Exhibit B - Proposed Order)(Amstutz, Paige) (Entered: 11/18/2022) |
| 11/22/2022 | 461 | Joint MOTION for Extension of Time to File Response/Reply as to 460 MOTION for Entry of Judgment under Rule 54(b) by Grande Communication Networks LLC. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 11/22/2022) |
| 11/23/2022 | 462 | ORDER GRANTING 461 Motion for Extension of Time to File Response as to 460 MOTION for Entry of Judgment under Rule 54(b). Signed by Judge David A. Ezra. (dm) (Entered: 11/28/2022) |
| 11/28/2022 | 463 | Transcript filed of Proceedings held on 10/11/22, Proceedings Transcribed: Pretrial Conference. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 464 | Transcript filed of Proceedings held on 10/12/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 465 | Transcript filed of Proceedings held on 10/13/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 466 | Transcript filed of Proceedings held on 10/14/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 467 | Transcript filed of Proceedings held on 10/18/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a |

| | | Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
|---|---|---|
| 11/28/2022 | 468 | Transcript filed of Proceedings held on 10/19/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 469 | Transcript filed of Proceedings held on 10/20/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 470 | Transcript filed of Proceedings held on 10/21/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 471 | Transcript filed of Proceedings held on 10/25/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 472 | Transcript filed of Proceedings held on 10/26/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the |

| | | |
|---|---|---|
| | | court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 473 | Transcript filed of Proceedings held on 10/27/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 474 | Transcript filed of Proceedings held on 10/28/22, Proceedings Transcribed: Jury Charge Conference. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 475 | Transcript filed of Proceedings held on 11/01/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 476 | Transcript filed of Proceedings held on 11/02/22, Proceedings Transcribed: Jury Trial Proceedings. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 11/28/2022 | 477 | Transcript filed of Proceedings held on 11/03/22, Proceedings Transcribed: Jury Verdict. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP |

| | | |
|---|---|---|
| | | 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/19/2022, Redacted Transcript Deadline set for 12/29/2022, Release of Transcript Restriction set for 2/27/2023, (Hailey, Angela) (Entered: 11/28/2022) |
| 12/16/2022 | 478 | RESPONSE to Motion, filed by Grande Communications Networks LLC, re 460 MOTION for Entry of Judgment under Rule 54(b) filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Brophy, Richard) (Entered: 12/16/2022) |
| 01/03/2023 | 479 | REPLY to Response to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 460 MOTION for Entry of Judgment under Rule 54(b) filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Plaintiff Arista Records LLC (Amstutz, Paige) (Entered: 01/03/2023) |
| 01/30/2023 | 480 | ORDER GRANTING Plaintiffs' 460 Motion for Entry of Final Judgment under Rule 54(b) Signed by Judge David A. Ezra. (klw) (Entered: 01/31/2023) |
| 01/30/2023 | 481 | JUDGMENT in favor of Plaintiffs against Defendants. Signed by Judge David A. Ezra. (klw) (Entered: 01/31/2023) |
| 01/31/2023 | 482 | Report on Copyright sent to Register of Copyrights. (klw) (Entered: 01/31/2023) |
| 02/10/2023 | 483 | Joint MOTION for Extension of Time to File Response/Reply by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Bitting, Daniel) (Entered: 02/10/2023) |
| 02/13/2023 | 484 | ORDER GRANTING 483 Joint Motion to Extend Briefing Deadlines Regarding Plaintiff's Motion for Entry of Judgment. Signed by Judge David A. Ezra. (dm) (Entered: 02/13/2023) |

| 02/13/2023 | 485 | BILL OF COSTS by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Affidavit Declaration of ROBERT B. GILMORE, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Amstutz, Paige) (Entered: 02/13/2023) |
|---|---|---|
| 02/20/2023 | 486 | MOTION for Attorney Fees *and Interest* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Patriot Media Consulting, LLC, Recording Industry Association of America, Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Memo in Support, # 2 Exhibit A, # 3 Exhibit A-1, # 4 Exhibit A-2, # 5 Exhibit B, # 6 Exhibit B-1, # 7 Exhibit C, # 8 Exhibit C-1, # 9 Exhibit D, # 10 Proposed Order)(Amstutz, Paige) (Entered: 02/20/2023) |
| 02/27/2023 | 487 | MOTION for Judgment as a Matter of Law *or a New Trial (Renewed)* by Grande Communications Networks LLC. (Brophy, Richard) (Entered: 02/27/2023) |
| 03/01/2023 | 488 | Appeal of Final Judgment 481 by Grande Communications Networks LLC. ( Filing fee $ 505 receipt number ATXWDC-17144261) (Brophy, Richard) (Entered: 03/01/2023) |
| 03/01/2023 | | NOTICE OF APPEAL following 488 Notice of Appeal (E-Filed) by Grande Communication Networks LLC. Filing fee $ 505, receipt number ATXWDC-17144261. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (cc3) (Entered: 03/02/2023) |
| 03/03/2023 | 489 | Joint MOTION for Extension of Time to File *Briefing re Dkt 485 Bill of Costs* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Patriot Media Consulting, LLC, Recording Industry Association of America, Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 03/03/2023) |
| 03/03/2023 | 490 | Unopposed MOTION for Extension of Time to File Response/Reply as to 487 MOTION for Judgment as a Matter of Law *or a New Trial (Renewed)* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Patriot Media Consulting, LLC, Recording Industry Association of America, Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 03/03/2023) |
| 03/06/2023 | 491 | ORDER GRANTING 489 Motion to Extend Briefing Deadline Regarding Plaintiffs' Bill of Costs. Signed by Judge David A. Ezra. (dm) (Entered: 03/06/2023) |

| | | |
|---|---|---|
| 03/06/2023 | 492 | ORDER GRANTING 490 Motion for Extension of Time to File Response as to 487 MOTION for Judgment as a Matter of Law *or a New Trial (Renewed)* Signed by Judge David A. Ezra. (dm) (Entered: 03/06/2023) |
| 03/10/2023 | 493 | Unopposed MOTION for Extension of Time to File Response/Reply as to 486 MOTION for Attorney Fees *and Interest* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 03/10/2023) |
| 03/13/2023 | | Text Order GRANTING 493 Defendant's Unopposed Motion for Extension of Time to File Response to Plaintiffs' Motion for Attorney Fees and Interest. Defendant's Response is due on or before March 15, 2023. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (arlc) (Entered: 03/13/2023) |
| 03/13/2023 | 494 | Appeal of Final Judgment 481 by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC.*(PLAINTIFFS NOTICE OF CONDITIONAL CROSS-APPEAL)* ( Filing fee $ 505 receipt number ATXWDC-17193344) (Amstutz, Paige) (Entered: 03/13/2023) |
| 03/13/2023 | 495 | Unopposed MOTION *FOR COSTS* re 485 Bill of Costs,, by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 2-A, # 4 Exhibit 2-B, # 5 Exhibit 2-C, # 6 Exhibit 2-D, # 7 Proposed Order)(Amstutz, Paige) (Entered: 03/13/2023) |
| 03/13/2023 | | NOTICE OF APPEAL following 494 Notice of Appeal (E-Filed), by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. Filing fee $ 505, receipt number ATXWDC-17193344. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (dm) (Entered: 03/14/2023) |
| 03/15/2023 | 496 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 486 MOTION for Attorney Fees *and Interest* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Other Patriot Media Consulting, LLC, Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Other Recording Industry Association of America, Inc., Plaintiff Arista Records LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Brophy, Richard) (Entered: 03/15/2023) |

| 03/20/2023 | 497 | Memorandum in Opposition to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 487 MOTION for Judgment as a Matter of Law *or a New Trial (Renewed)* filed by Defendant Grande Communications Networks LLC *Plaintiffs' Memorandum of Law in Opposition to Defendant's Renewed Motion for Judgment as a Matter of Law or a New Trial* (Amstutz, Paige) (Entered: 03/20/2023) |
|---|---|---|
| 03/20/2023 | 498 | Unopposed MOTION for Extension of Time to File *Plaintiffs' Unopposed Motion for an Extension of Time to File Their Reply Brief in Support of Plaintiffs' Motion for Attorneys' Fees and Interest* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order Proposed Order)(Amstutz, Paige) (Entered: 03/20/2023) |
| 03/21/2023 | | Text Order GRANTING 498 Plaintiffs' Unopposed Motion for Extension of Time to File a Reply in Support of Motion for Attorneys' Fees and Interest. Plaintiffs' Reply is now due on or before Friday, March 31, 2023. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (arlc) (Entered: 03/21/2023) |
| 03/21/2023 | 499 | Costs Taxed in the amount of $195,947.00 against Grande Communication Networks LLC, Recording Industry Association of America, Inc. (dm) (Entered: 03/21/2023) |
| 03/21/2023 | 500 | Unopposed MOTION for Extension of Time to File Response/Reply as to 487 MOTION for Judgment as a Matter of Law *or a New Trial (Renewed)* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order)(Brophy, Richard) (Entered: 03/21/2023) |
| 03/22/2023 | | Text Order GRANTING 500 Grande's Unopposed Motion for Extension of Time to File Reply in Support of Motion for Judgment as a Matter of Law or a New Trial. Grande must now file its Reply on or before April 3, 2023. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (arlc) (Entered: 03/22/2023) |
| 03/22/2023 | 501 | Costs Taxed (Amended) in the amount of $106,050.23 against Grande Communication Networks LLC, Grande Communications Networks LLC, Recording Industry Association of America, Inc. (dm) (Entered: 03/22/2023) |
| 03/23/2023 | 502 | Opposed MOTION to Stay *Execution of Judgment Pursuant to F.R.C.P. 62(b) and Motion for Waiver of Bond* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order, # 2 Exhibit 1 - Trial Transcript Excerpts, # 3 Exhibit 2 - Declaration of J. Feehan, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C - Cover Sheet Only, # 7 Exhibit D - Cover Sheet Only, # 8 Exhibit E - Cover Sheet Only)(Howenstine, Zachary) (Additional attachment(s) added on 3/24/2023: # 9 Sealed Exhibits) (dm). (Entered: 03/23/2023) |
| 03/23/2023 | 503 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Exhibit 2 - Declaration of J. Feehan, # 3 Exhibit C - SEALED DOCUMENT, # 4 Exhibit D - SEALED DOCUMENT, # 5 Exhibit E - SEALED DOCUMENT) |

| | | |
|---|---|---|
| | | (Howenstine, Zachary) (Entered: 03/23/2023) |
| 03/24/2023 | | Text Order GRANTING 503 Defendant's Unopposed Motion for Leave to File Sealed Documents. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (arlc) (Entered: 03/24/2023) |
| 03/24/2023 | | Text Order REFERRING 486 Opposed Motion for Attorney Fees and Interest to Magistrate Judge Howell. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (arlc) (Entered: 03/24/2023) |
| 03/24/2023 | | Text Order REFERRING 502 Opposed Motion to Stay Judgment to Magistrate Judge Howell. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (arlc) (Entered: 03/24/2023) |
| 03/24/2023 | | MOTION REFERRED: referred 486 MOTION for Attorney Fees *and Interest*, 502 Opposed MOTION to Stay *Execution of Judgment Pursuant to F.R.C.P. 62(b) and Motion for Waiver of Bond*. Referral Judge: Dustin M. Howell. (dm) (Entered: 03/24/2023) |
| 03/27/2023 | 504 | Unopposed MOTION for Extension of Time to File Response/Reply as to 486 MOTION for Attorney Fees *and Interest* by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 03/27/2023) |
| 03/28/2023 | | Text Order GRANTING 504 Motion for Extension of Time to File Response/Reply re 504 Unopposed MOTION for Extension of Time to File Response/Reply as to 486 MOTION for Attorney Fees *and Interest* entered by Judge Dustin M. Howell. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ddd) (Entered: 03/28/2023) |
| 04/03/2023 | 505 | REPLY to Response to Motion, filed by Grande Communications Networks LLC, re 487 MOTION for Judgment as a Matter of Law *or a New Trial (Renewed)* filed by Defendant Grande Communications Networks LLC *DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLCS REPLY IN SUPPORT OF RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR A NEW TRIAL* (Howenstine, Zachary) (Entered: 04/03/2023) |
| 04/06/2023 | 506 | REPLY to Response to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 486 MOTION for Attorney Fees *and Interest* filed by Plaintiff Roc-A-Fella Records, LLC, Plaintiff Roadrunner Records, Inc., Plaintiff Elektra Entertainment Group Inc., Other Patriot Media Consulting, LLC, Plaintiff Zomba Recording LLC, Plaintiff Atlantic Recording Corporation, Plaintiff Warner Bros. Records Inc., Plaintiff Fueled by Ramen LLC, Plaintiff Sony Music Entertainment, Plaintiff Nonesuch Records Inc., Plaintiff Arista Music, Plaintiff Tooth & Nail, LLC, Plaintiff LaFace Records LLC, Plaintiff UMG Recordings, Inc., Plaintiff Fonovisa, Inc., Plaintiff Rhino Entertainment Company, Plaintiff Capitol Christian Music Group, Inc., Plaintiff Capitol Records, LLC, Other Recording Industry Association of America, Inc., Plaintiff Arista Records LLC *(REPLY* |

| | | |
|---|---|---|
| | | *IN SUPPORT OF PLAINTIFFS MOTION FOR ATTORNEYS FEES AND PREJUDGMENT INTEREST)* (Amstutz, Paige) (Entered: 04/06/2023) |
| 04/06/2023 | 507 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Exhibit 1 - PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR STAY OF EXECUTION OF JUDGMENT AND FOR WAIVER OF BOND AND IN SUPPORT OF PLAINTIFFS CONDITIONAL CROSS-MOTION FOR WRIT OF EXECUTION, # 2 Proposed Order GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL, # 3 Proposed Order GRANTING CONDITIONAL CROSS-MOTION FOR WRIT OF EXECUTION) (Amstutz, Paige) (Entered: 04/06/2023) |
| 04/06/2023 | 508 | Redacted Copy *of PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR STAY OF EXECUTION OF JUDGMENT AND FOR WAIVER OF BOND AND IN SUPPORT OF PLAINTIFFS CONDITIONAL CROSS-MOTION FOR WRIT OF EXECUTION* of 507 Unopposed Motion for leave to File Sealed Document by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) Modified on 6/15/2023 to add Conditional Cross-Motion for Writ of Execution(lt). (Entered: 04/06/2023) |
| 04/06/2023 | 509 | ATTACHMENT *(EXHIBIT 1 TO PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR STAY OF EXECUTION OF JUDGMENT AND FOR WAIVER OF BOND AND IN SUPPORT OF PLAINTIFFS CONDITIONAL CROSS-MOTION FOR WRIT OF EXECUTION)* to 508 Redacted Copy,,, by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC. (Amstutz, Paige) (Entered: 04/06/2023) |
| 04/10/2023 | | Text Order GRANTING 507 Plaintiffs' Unopposed Motion for Leave to File Sealed Document. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (arlc) (Entered: 04/10/2023) |
| 04/10/2023 | 510 | Sealed Memorandum of Law in Opposition to Defendant's Motion for Stay of Execution of Judgment and for Waiver of Bond. (dm) (Entered: 04/11/2023) |
| 04/11/2023 | 511 | MOTION for Extension of Time to File Response/Reply as to 508 Redacted Copy,,, *to Plaintiffs Opposition to Grandes Motion for Stay of Execution of Judgment and for Waiver of Bond* by Grande Communications Networks LLC. (Attachments: # 1 Proposed Order re Unopposed Motion for Extension fo Time to File Reply to Plaintiffs Opposition)(Szewczyk, Margaret) (Entered: 04/11/2023) |
| 04/12/2023 | | Text Order GRANTING 511 Motion for Extension of Time to File Reply as to 508 Plaintiffs Opposition to Grande's Motion for Stay of Execution of Judgment and for Waiver of Bond. Entered by Judge Dustin M. Howell. (This is a text-only entry generated by the court. There is no document associated with this entry.) (DH) (Entered: 04/12/2023) |

| 04/20/2023 | 512 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Exhibit Defendant's Reply in Support of Motion to Stay for Execution of Judgment and for Waiver of Bond (SEALED)) (Brophy, Richard) (Entered: 04/20/2023) |
| --- | --- | --- |
| 04/20/2023 | 513 | Response in Opposition to Motion, filed by Grande Communications Networks LLC, re 508 Motion for Writ of Execution (Brophy, Richard) Modified on 4/21/2023 to correct link (dm). Modified on 6/15/2023 (lt). (Entered: 04/20/2023) |
| 04/21/2023 | | Text Order GRANTING 512 Motion for Leave to File Sealed Document. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (arlc) (Entered: 04/21/2023) |
| 04/21/2023 | 514 | Sealed Reply in Support of 502 Motion for Stay of Execution of Judgment and for Waiver of Bond. (dm) (Entered: 04/21/2023) |
| 04/25/2023 | 515 | REPLY to Response to Motion, filed by Arista Music, Arista Records LLC, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Capitol Records, LLC, Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Sony Music Entertainment, Tooth & Nail, LLC, UMG Recordings, Inc., Warner Bros. Records Inc., Zomba Recording LLC, re 507 , 508 *(REPLY IN SUPPORT OF PLAINTIFFS CONDITIONAL CROSS-MOTION FOR WRIT OF EXECUTION)* (Amstutz, Paige) Modified on 6/15/2023 to add docket entry relationship (lt). (Entered: 04/25/2023) |
| 05/11/2023 | 516 | ORDER DENYING 487 Motion for Judgment as a Matter of Law Signed by Judge David A. Ezra. (cc3) (Entered: 05/11/2023) |
| 06/01/2023 | 517 | Transcript filed of Proceedings held on 10/7/22, Proceedings Transcribed: Jury Selection/Voir Dire. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 6/22/2023, Redacted Transcript Deadline set for 7/3/2023, Release of Transcript Restriction set for 8/30/2023, Appeal Record due by 6/16/2023, (Hailey, Angela) (Entered: 06/01/2023) |
| 06/09/2023 | 518 | Amended Appeal of Final Judgment 481 , 516 by Grande Communications Networks LLC. No filing fee submitted (Brophy, Richard) (Entered: 06/09/2023) |
| 06/09/2023 | | NOTICE OF APPEAL following 518 Notice of Appeal (E-Filed) by Grande Communications Networks LLC. (adding an order to a previously filed Notice of Appeal). Filing fee $ 505 DUE. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (klw) (Entered: 06/12/2023) |
| 06/14/2023 | 519 | Redacted Copy *Grande's Reply in Support of 502 Motion for Stay of Execution of Judgment and Waiver of Bond* re 514 Sealed Document by Grande Communications Networks LLC. (Brophy, Richard) Modified on 6/14/2023 (lt). (Entered: 06/14/2023) |
| 06/15/2023 | | |

| | | |
|---|---|---|
| | | Text Order REFERRING 508 Conditional Cross Motion to Stay to Judge Howell. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (arlc) (Entered: 06/15/2023) |
| 06/15/2023 | 520 | ORDER Setting Hearing on 502 Opposed MOTION to Stay *Execution of Judgment Pursuant to F.R.C.P. 62(b) and Motion for Waiver of Bond* :( Motion Hearing set for 7/25/2023 at 10:00 AM before Judge Dustin M. Howell,). Signed by Judge Dustin M. Howell. (dm) (Entered: 06/15/2023) |
| 06/15/2023 | | MOTION REFERRED: referred 508 Conditional Motion for Writ of Execution. Referral Judge: Dustin M. Howell. (dm) (Entered: 06/15/2023) |
| 06/16/2023 | 521 | TRANSCRIPT REQUEST by Grande Communications Networks LLC Court Reporter: Angela Hailey.. (Howenstine, Zachary) (Entered: 06/16/2023) |
| 06/16/2023 | 522 | TRANSCRIPT REQUEST by Grande Communications Networks LLC Court Reporter: Arlinda Rodriguez.. (Howenstine, Zachary) (Entered: 06/16/2023) |

# TAB 2

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>GRANDE COMMUNICATIONS<br>NETWORKS LLC,<br><br>        Defendant. | No. 1:17-cv-00365-DAE<br><br><br><br>NOTICE OF APPEAL |

## DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
## NOTICE OF APPEAL

Defendant Grande Communications Networks LLC ("Grande") hereby appeals, to the United States Court of Appeals for the Fifth Circuit, the Final Judgment (ECF No. 481) ("the Judgment") entered by the District Court for the Western District of Texas on January 30, 2023, and all orders, rulings, and determinations subsumed within the Judgment.

Grande further notes that on February 27, 2023, Grande timely moved under Fed. R. Civ. P. 50(b) and 59(a) to renew its motion for judgment as a matter of law and, in the alternative, request a new trial. *See* ECF No. 487. Accordingly, this Notice of Appeal will become effective once this District Court disposes of Grande's Renewed Motion for Judgment as a Matter of Law or a New Trial. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Dated: March 1, 2023

By: /s/ *Richard L. Brophy*
      Richard L. Brophy
      Zachary C. Howenstine
      Mark A. Thomas
      Margaret R. Szewczyk

Sydney K. Johnson
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
rbrophy@atllp.com
zhowenstine@atllp.com
mathomas@atllp.com
mszewczyk@atllp.com
skjohnson@atllp.com

J. Stephen Ravel
Texas State Bar No. 16584975
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
        diana.nichols@kellyhart.com

*Attorneys for Defendant Grande
Communications Networks LLC*

2

# TAB 3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

UMG RECORDINGS, INC., et al.,           )
                                        )
              Plaintiffs,               )
                                        )
vs.                                     )
                                        )     No.  1:17-cv-00365-DAE
GRANDE COMMUNICATIONS                   )
NETWORKS LLC,                           )
                                        )
              Defendant.                )
                                        )

**PLAINTIFFS' NOTICE OF CONDITIONAL CROSS-APPEAL**

Plaintiffs hereby cross-appeal, to the United States Court of Appeals for the Fifth Circuit, from the Final Judgment (Dkt. 481) entered by the District Court for the Western District of Texas on January 30, 2023, and all orders, rulings, and determinations subsumed within the Final Judgment. Plaintiffs' cross-appeal is conditional on the appeal filed by Defendant Grande Communications Networks LLC ("Grande") (Dkt. 488) resulting in any portion of the Final Judgment being reversed or remanded to the District Court.

Plaintiffs acknowledge that Grande filed a motion under Rules 50(b) and 59(a) of the Federal Rules of Civil Procedure (Dkt. 487), and that its notice of appeal will become effective once the District Court resolves that motion. The same is true for Plaintiffs' notice of conditional cross-appeal.

Dated: March 13, 2023.

Respectfully Submitted:

By: _____/s/ Andrew H. Bart_____
Andrew H. Bart (admitted *pro hac vice*)
Jacob L. Tracer (admitted *pro hac vice*)
**Jenner & Block LLP**
1135 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
abart@jenner.com
jtracer@jenner.com

Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Kevin J. Attridge (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
kattridge@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 13, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz

23-50162.10586

# TAB 4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No.  1:17-cv-00365-DAE |
| | ) | |
| vs. | ) | |
| | ) | |
| GRANDE COMMUNICATIONS | ) | |
| NETWORKS LLC, | ) | AMENDED NOTICE OF APPEAL |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
### AMENDED NOTICE OF APPEAL

On March 1, 2023, Defendant Grande Communications Networks LLC ("Grande") filed its original Notice of Appeal (ECF No. 488), thereby appealing to the United States Court of Appeals for the Fifth Circuit, the Final Judgment (ECF No. 481) ("the Judgment") entered by the District Court for the Western District of Texas on January 30, 2023, and all orders, rulings, and determinations subsumed within the Judgment.

On February 27, 2023, Grande timely moved under Fed. R. Civ. P. 50(b) and 59(a) to renew its motion for judgment as a matter of law and, in the alternative, request a new trial. *See* ECF No. 487.  On May 11, 2023, this Court entered an Order denying Grande's renewed motion for judgment as a matter of law or a new trial. *See* ECF No. 516.

In accordance with Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), Grande hereby files its Amended Notice of Appeal, appealing to the United States Court of Appeals for the Fifth Circuit:

(1) the Order denying Grande's renewed motion for judgment as a matter of law or a new trial (ECF No. 516) ("the Order") entered by the District Court for the Western District of Texas

on May 11, 2023, and all orders, rulings, and determinations subsumed within the Order, in addition to

(2) the items included in Grande's original Notice of Appeal (ECF No. 488), which are expressly reasserted herein.

Dated: June 9, 2023

By: /s/ *Richard L. Brophy*
Richard L. Brophy
Zachary C. Howenstine
Mark A. Thomas
Margaret R. Szewczyk
Sydney K. Johnson
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
rbrophy@atllp.com
zhowenstine@atllp.com
mathomas@atllp.com
mszewczyk@atllp.com
skjohnson@atllp.com

Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: diana.nichols@kellyhart.com

*Attorneys for Defendant Grande Communications Networks LLC*

23-50162.11057

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on June 9, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

<u>/s/ Richard L. Brophy</u>
Richard L. Brophy

23-50162.11058

# TAB 5

FILED

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

NOV 0 3 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UMG RECORDINGS, INC., et al.,   )
                                )
            Plaintiffs,          )
                                )
vs.                             )
                                )   No. 1:17-cv-00365
GRANDE COMMUNICATIONS           )
NETWORKS LLC,                   )
                                )
            Defendant.          )
                                )

### VERDICT FORM

We, the jury in the above-captioned action, answer the questions submitted to us as

follows:

1.    Did the plaintiffs prove by a preponderance of the evidence that Grande is
      contributorily liable for copyright infringement?

      *Answer:*      Yes ✓      No _____

_____

*If you answered "YES" to Question 1, answer Questions 2-5.*

*If you answered "NO" to Question 1, DO NOT answer any more questions. Sign and return your verdict form.*

2.    What is the number of copyrighted works for which the plaintiffs have proved
      that Grande is liable for statutory damages?

      *Answer:* 1,403

3.    If you answered "yes" to Question 1, did the plaintiffs prove by a preponderance
      of the evidence that Grande's contributory infringement was willful?

      *Answer:*      Yes ✓      No _____

1

4. If you answered "yes" to Question 1 and "no" to Question 3, did Grande prove by a preponderance of the evidence that Grande's contributory infringement was innocent?

   *Answer*: Yes _____ No _____

| If Innocent | You must award damages between $200 and $30,000 per work infringed. |
|---|---|
| If Not Innocent and Not Willful | You must award damages between $750 and $30,000 per work infringed. |
| If Willful | You must award damages between $750 and $150,000 per work infringed. |

5. What is the total amount of statutory damages you award to Plaintiffs in this case?

   TOTAL STATUTORY DAMAGES       $ 46,766,200.00

*Please sign and return the verdict form.*

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
GOVERNMENT ACT OF 2002

Jury Foreperson _____      Date 2022/11/3

2

23-50162.10006

# TAB 6

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| vs. | ) | Case No.  1:17-cv-00365-DAE |
| | ) | |
| GRANDE COMMUNICATIONS | ) | |
| NETWORKS LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## JUDGMENT

On April 13, 2017, Plaintiffs UMG Recordings, Inc, et. al. ("Plaintiffs") brought this action against Defendant Grande Communications Networks, LLC ("Defendant") for secondary copyright infringement. A jury was demanded by Plaintiffs. A jury was empaneled on October 7, 2022, and a trial on the merits occurred beginning on October 12, 2022.

After the trial on the merits, the Court submitted the case to the jury. On November 3, 2022, the jury returned a unanimous verdict in this case.  (Dkt. # 458.)  In accordance with the jury verdict, it is hereby **ORDERED** and **ADJUDGED** that:

a.  Defendant is contributorily liable for copyright infringement;

b.  Defendant is liable for statutory damages with respect to 1,403 of Plaintiffs' copyrighted works;

c.  Defendant's contributory copyright infringement was willful; and

d.  Plaintiffs are entitled to an award of $46,766,200 in statutory damages.

23-50162.10033

The order issuing this Final Judgment is without prejudice to Plaintiffs' filing of a timely

motion for attorneys' fees and pre-judgment interest. Plaintiffs are to file a timely bill of costs.

The Clerk is **INSTRUCTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED.**

SIGNED on this 30th day of January, 2023.


_____

DAVID A. EZRA
UNITED STATES DISTRICT JUDGE

# TAB 7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., | § No. 1:17-CV-365-DAE |
| CAPITOL RECORDS, LLC, | § |
| WARNER BROS. RECORDS, INC., | § |
| SONY MUSIC ENTERTAINMENT, | § |
| ARISTA RECORDS, LLC, ARISTA | § |
| MUSIC, ATLANTIC RECORDING | § |
| CORPORATION, CAPITOL | § |
| CHRISTIAN MUSIC GROUP, INC., | § |
| ELECKTRA ENTERTAINMENT | § |
| GROUP, INC., FONOVISA, INC., | § |
| FUELED BY RAMEN, LLC, LAFACE | § |
| RECORDS, LLC, NONESUCH | § |
| RECORDS, INC., RHINO | § |
| ENTERTAINMENT COMPANY, | § |
| ROADRUNNER RECORDS, INC., | § |
| ROC-A FELLA RECORDS, LLC, | § |
| TOOTH & NAIL, LLC, and ZOMBA | § |
| RECORDING, LLC, | § |
| | § |
| Plaintiffs, | § |
| | § |
| vs. | § |
| | § |
| GRANDE COMMUNICATIONS | § |
| NETWORKS, LLC, | § |
| | § |
| Defendant. | § |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATIONS (DKTS.
## 240, 241); (2) GRANTING PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO GRANDE'S DMCA SAFE HARBOR
DEFENSE (DKT. # 127); (3) GRANTING IN PART AND DENYING IN PART
GRANDE'S MOTION FOR SUMMARY JUDGMENT (DKT. # 140); (4)
DENYING GRANDE'S MOTION FOR SANCTIONS (DKT. # 156); AND (5)
DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AS TO LIABILITY (DKT. # 172).

1

Before the Court are two Report and Recommendations, both filed by Magistrate Judge Andrew W. Austin on December 12, 2018. (Dkts. ## 240, 241.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration and review, the Court—for the reasons that follow—(1) **ADOPTS** the Report and Recommendations (Dkts. ## 240, 241); (2) **GRANTS** Plaintiffs' Motion for Partial Summary Judgment as to Grande's DMCA safe harbor defense (Dkt. # 127); (3) **GRANTS IN PART AND DENIES IN PART** Grande's Motion for Summary Judgment (Dkt. # 140); (4) **DENIES** Grande's Motion for Sanctions (Dkt. # 156); and **DENIES** Plaintiff's Motion for Summary Judgment as to Liability (Dkt. # 172).

<u>BACKGROUND</u>

Plaintiffs in this case are record companies that produce commercial sound recordings and distribute them throughout the United States. (Dkt. # 1 at 2.) Remaining Defendant Grande Communications Networks, LLC ("Grande") is an internet service provider ("ISP"), providing internet access to customers in Texas. (<u>Id.</u>) Former Defendant Patriot Media Consulting, LLC ("Patriot") provided and continues to provide various management services to Grande. (<u>Id.</u> at 6.) Plaintiffs originally filed suit against both Grande and Patriot. (<u>Id.</u> at 1.) Plaintiffs asserted that Defendants received over one million notices of direct copyright infringement allegedly committed by Grande's customers. (<u>Id.</u> at 2, 11–12.) Plaintiffs allege

2

that these customers directly infringed on Plaintiffs' copyrights through the use of various of file sharing applications, including BitTorrent.  (Id. at 2, 8–12.) Plaintiffs' complaint asserted claims for secondary copyright infringement under 17 U.S.C. § 101 et seq. against both defendants, alleging Defendants continued to provide infringing customers with internet access after receiving the notices of infringement.  (Id. at 13, 15, 17.)

On April 19, 2017, Defendants filed separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Dkts. ## 28, 29.)  On March 26, 2018, the Court adopted a Report and Recommendation from Magistrate Judge Austin recommending Patriot's motion be granted in its entirety and Grande's motion be granted as to Plaintiffs' claims for vicarious secondary infringement.[1]  (Dkts. ## 72 at 21; 77 at 3.)  Patriot was thus dismissed as a defendant from this action.  (See id.)  Therefore, the only remaining claim in this case is for contributory secondary copyright infringement against Grande.

---

[1] There are two recognized types of secondary infringement: contributory and vicarious.  Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005).  Contributory copyright infringement occurs where a defendant "intentionally induc[ed] or encourag[ed] direct infringement."  Id.  Vicarious infringement occurs when a defendant "profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement."  Id. at 931 n.9.

23-50162.6380

On April 9, 2018, Grande filed their answer to the complaint. (Dkt. # 80.) Among other affirmative defense, Grande pled the safe harbor provision of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(i). § 512(i) protects ISPs like Grande from liability for the copyright infringement of their customers if the ISP "has adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers[.]" 17 U.S.C. § 512(i)(1)(A).

On August 8, 2018, Plaintiffs filed a motion for summary judgment as to Grande's affirmative defense of the DMCA safe harbor provision. (Dkt. # 127.) On December 18, 2018, Judge Austin issued a Report and Recommendation (the "Safe Harbor Report") recommending Plaintiffs' motion be granted as to the safe harbor issue.[2] (Dkt. # 241.) On January 23, 2019, Grande filed written objections. (Dkt. # 251.) On January 23, 2019, Plaintiffs filed a response to Grande's objections.

---

[2] On September 17, 2018, by order of the Court, the case was referred to Magistrate Judge Austin. (Dkt. # 183.) And on October 30, 2018, the case was reassigned to this Court by the Honorable Lee Yeakel. (Dkt. # 212.)

23-50162.6381

Additionally, on August 18, 2018, Grande filed a motion for summary judgment as to the issues of liability and damages. (Dkt. # 140.) On September 11, 2018, in their response in opposition to Grande's motion for summary judgment, Plaintiffs cross moved for summary judgment as to liability. (Dkt. # 172.) On December 18, 2018, Judge Austin issued a Report and Recommendation (the "Liability Report") recommending Grande's motion for summary judgment be granted as to Grande's alleged liability for infringing Plaintiffs' reproduction rights under 17 U.S.C. § 106(1) and public performance rights under 17 U.S.C. § 106(6). (Dkt. # 240.) The Liability Report also recommends denying Grande's motion in all other respects and denying Plaintiffs' motion for summary judgment in its entirety. (Id.) Both Plaintiffs and Grande filed objections to the Liability Report on January 9, 2019. (Dkts. ## 250, 252.) Plaintiffs filed a response to Grande's objections on January 23, 2019. (Dkt. # 257.) Grande filed a response to Plaintiffs' objections on the same day. (Dkt. # 258.) On January 30, 2019, Plaintiffs filed a reply in support of their objections. (Dkt. # 259.)

The Safe Harbor Report and the Liability Report and the parties' objections thereto are currently before the Court.

5

## LEGAL STANDARD

### I.     Review of the Magistrate Judge's Report and Recommendations

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within 14 days after being served with a copy of the findings and recommendation.  Fed. R. Civ. P. 72(b)(2). The Court conducts a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Findings to which no specific objections are made do not require de novo review; instead, the Court need only determine whether the memorandum and recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  As the parties have timely filed objections to the Magistrate Judges Report and Recommendations, the Court reviews de novo those portions of the reports to which objections have been raised.

### II.     Summary Judgment

Summary judgment is proper if "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enters., L.L.C., 756 F.3d 875, 880 (5th Cir. 2014).  A dispute is genuine only "if the evidence is such that a reasonable

6

jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. <u>Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.</u>, 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Hillman v. Loga</u>, 697 F.3d 299, 302 (5th Cir. 2012) (quoting <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence." <u>Tiblier v. Dlabal</u>, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000)). At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. <u>See</u> Fed. R. Civ. P. 56(c); <u>Lee v. Offshore Logistical & Transp., LLC</u>, 859 F.3d 353, 355 (5th Cir. 2017). However, "[u]nsubstantiated assertions, improbable inferences, and

23-50162.6384

unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

Finally, when, as here, "parties file cross-motions for summary judgment, [the court] review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." Green v. Life Ins. Co. of N. Am., 754 F.3d 324, 329 (5th Cir. 2014) (internal quotation marks omitted) (quoting Duval v. N. Assur. Co. of Am., 722 F.3d 300, 303 (5th Cir. 2013)).

DISCUSSION

I.     Report and Recommendation Regarding Plaintiff's Motion for Partial Summary Judgment as to Grande's Statutory Safe Harbor Defense

In order to be entitled to the DMCA's safe harbor protections, an ISP must "adopt[] and reasonably implement[] . . . a policy that provides for the termination in appropriate circumstances of subscribers and account holders . . . who are repeat infringers[.]" 17 U.S.C. § 512(i)(1)(A). The Safe Harbor Report recommends granting summary judgment to Plaintiffs because:

> [t]he undisputed evidence shows that though Grande may have adopted a policy permitting it to terminate a customer's internet access for repeat infringement, Grande affirmatively decided in 2010 that it would not enforce the policy at all, and that it would not terminate any customer's account regardless of how many notices of infringement that customer accumulated, regardless of the source of the notices, and regardless of the content of a notice.

8

(Dkt. # 241 at 12.)  Grande objects to this conclusion, asserting that "[t]here are fact issues for trial regarding whether Grande 'reasonably implemented' its repeat infringer termination policies" and "[t]here are triable issues of material fact regarding the existence of 'appropriate circumstances' warranting termination." (Dkt. # 251 at 3, 7.)  Because of Grande's objections, the Court reviews this issue de novo.  28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

As a party asserting the affirmative defense of the DMCA's safe harbor, Grande "bears the burden of raising entitlement to the safe harbor and of demonstrating that it has . . . taken the steps necessary for eligibility." Capitol Records, LLC v. Vimeo, LLC, 826 F.3d 78, 94 (2d Cir. 2016); see also Mavrix Photographs, LLC v. Livejournal, Inc., 873 F.3d 1045, 1052 (9th Cir. 2017) ("Because the [§ 512(i)] safe harbor is an affirmative defense, [a defendant] must establish 'beyond controversy every essential element,' and failure to do so will render [a defendant] ineligible for the [§ 512(i)] safe harbor's protection.").

Grande argues that it has adopted an appropriate policy because since 2012 it has had a public-facing policy providing for the termination of infringing subscribers.  (Dkt. # 251 at 4.)  The evidence in the record indicates the opposite. Although Grande apparently stated publicly that its policy was to terminate

9

infringing customers, Grande's corporate representative testified that from 2010

through 2016, Grande did not have any specific policies or procedures providing

for how it would actually go about terminating any such infringing customers.

(Dkt. # 127-21, Ex. B at 8–9.)  In internal emails, one Grande employee even

stated that "we have users who are racking up DMCA take down requests and no

process for remedy in place."  (Dkt. # 127-22, Ex. D.)

Moreover, to be eligible for the DMCA safe harbor, an ISP must

"reasonably implement" a termination policy, not just adopt one.  17 U.S.C. §

512(i)(1)(A).  And "an ISP has not 'reasonably implemented' a repeat infringer

policy if the ISP fails to enforce the terms of its policy in any meaningful fashion."

BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc., 881 F.3d 293, 303 (4th Cir.

2018).  Adopting a repeat infringer termination policy that is not "carried out is not

an 'implementation' as required by § 512(i)."  In re Aimster Copyright Litig., 252

F. Supp. 2d 634, 659 (N.D. Ill. 2002), aff'd, 334 F.3d 643 (7th Cir. 2003).  "[T]he

relevant question is whether [the ISP] actually terminates the uploading privileges

of repeat infringers under appropriate circumstances."  Capitol Records, LLC v.

Escape Media Grp., Inc., No. 12-CV-6646, 2015 WL 1402049, at *12 (S.D.N.Y.

Mar. 25, 2015).

Prior to 2010, Grande enforced "a policy of turning off all subscribers

upon copyright violation notice, requiring the customer to then contact Grande to

discuss the issue, understand what happened, inform the customer of why they'd been shut off, and take appropriate action from there." (Dkt. # 127-3, Ex. C at 12.) However, beginning in October 2010, Grande's practice of terminating customers ceased (id. at 12–13.), and Grande did not terminate a single infringing customer from October 2010 until May 2017 (Dkt. # 127-7, Ex. G at 6). Yet during that period Grande received over a million copyright infringement notices, it was tracking over 9,000 customers on its DMCA "Excessive Violations Report" by late 2016, and it specifically tracked users by the number of notices it received about them. (Dkts. ## 127-9, Ex. I at 5; 127-3, Ex. C at 9.)

In internal emails, Grande employees recognized that "we have some customers that are up to their 54th notice[,]" yet "there is no 'three strikes' law or anything that we follow like some ISPs." (Dkt. # 127-22, Ex D.) Grande's corporate representative further admitted that until 2017 it would not terminate a user for infringement "regardless of the source of any notice," regardless of the content of any notice," and "regardless of the volume of notices . . . for a given customer." (Dkt. # 127-7, Ex. G at 6–7.) It was not until June 2017, two months after the commencement of this litigation, that Grande terminated any customers, and even then, it only terminated eleven customers in all of 2017. (Dkt. # 127-24, Ex. H at 1–3.)

Such an utter failure to terminate any customers at all over a six-and-a-half-year period despite receiving over a million infringement notices and tracking thousands of customers as repeat infringers demonstrates that Grande "made every effort to avoid reasonably implementing [its] policy" and "very clearly determined *not* to terminate subscribers who in fact repeatedly violated the policy." BMG, 881 F.3d at 303 (emphasis in original). Comparing the facts in this case to the facts in BMG is instructive on this point.

In BMG, the defendant Cox Communications, Inc. ("Cox") actually had formal procedures in place that would lead to a customer's termination. The first copyright notice would result in no action. Id. at 299. The second through seventh copyright notices related to a specific customer would result in Cox sending a warning email to the customer. Id. After the eight and ninth notices, Cox would require the customer to click an acknowledgment on their web browser before being able to access websites. Id. After the tenth and eleventh notices, Cox suspended service, requiring the customer to call a technician, who would reactivate service only after advising the customer of the reason for suspension and advising removal of any infringing content. Id. After the twelfth notice, the account would again be suspended, requiring the customer to contact a specialized technician before service would be reactivated. Id. And finally, after a thirteenth notice, Cox would finally consider termination, though termination was not

12

automatic.  Id.  Because this policy was laxly enforced and often circumvented, the

Fourth Circuit affirmed the district court's ruling that Cox failed to qualify for the

DCMA safe harbor.  Id. at 303.

Grande argues that BMG is inapposite in this case because in BMG

Cox "failed to follow through on its own policy" because Cox internally concluded

that a subscriber should be terminated, but then declined to do so to preserve a

revenue stream.  (Dkt. # 251 at 6 (quoting BMG, 881 F.3d at 293).)  In this case, in

contrast, Grande argues, "there is no evidence that Grande ever internally

concluded that a particular subscriber should be terminated pursuant to Grande's

public-facing policies, and then nevertheless declined to enforce that policy and

terminate the subscriber's account."  (Id. at 7.)

But in BMG, Cox at least had internal procedures that in theory could

lead to the termination of a customer, even if they were laxly enforced and often

circumvented.  In this case, the evidence is clear that from at least 2011 until 2016

Grande had no internal policy or procedures whatsoever to enforce their forward-

facing statement that they would terminate customers for repeat infringements.

(Dkt. # 127-21, Ex. B at 8–9.)  Grande admitted that until 2017 it would not

terminate a user for infringement "regardless of the source of any notice,"

regardless of the content of any notice," and "regardless of the volume of notices . .

. for a given customer."  (Dkt. # 127-7 at 6–7.)  And in fact Grande did not

terminate a single infringing customer from October 2010 until May 2017 (Dkt.

# 127-7 at 6.)  Unlike Cox, Grande did not even have a policy or procedures in the

first place for them to laxly enforce or frequently circumvent.

      Grande thus did even less than Cox to "reasonably implement" the

kind of policy required for the protections of DMCA's safe harbor.  If lax

enforcement and frequent circumvention of existent procedures disqualifies a

defendant from the safe harbor's protections, the complete nonexistence of such

procedures surely must do likewise.  Such a complete abdication of their

responsibilities to implement and enforce a policy terminating repeat copyright

infringers requires the Court to conclude that Grande is not entitled, as a matter of

law, to the safe harbor provisions of 17 U.S.C. § 512(i).  <u>See, e.g.</u>, <u>Perfect 10, Inc.

v. CCBill LLC</u>, 488 F.3d 1102, 1109 (9th Cir. 2007) (holding that implementation

"requires that a service provider terminate users who are 'repeat infringer,'" and an

ISP must "terminate[] users who repeatedly or blatantly infringe copyright");

<u>Escape Media Grp., Inc.</u>, 2015 WL 1402949 at *10 ("[T]he relevant question is

whether the [ISP] actually terminates the uploading privileges of repeat infringers

under appropriate circumstances.")

      Grande raises two additional arguments as to why summary judgment

should not be granted on this issue, each relating to alleged infirmities in some of

the infringement notices it received.  Grande argues that because these notices

14

were "incapable of identifying or giving notice of actual copyright infringement, there are questions of fact as to whether it reasonably implemented a termination policy in spite of never terminating any customers from 2010 to 2016." (Dkt. # 251 at 3–7.)  Grande also argues, again because of the supposed flaws in these notices, that there are triable questions of fact whether appropriate circumstances existed warranting termination of any customers. (Id. at 7–8.)

However, these arguments are unpersuasive for several reasons.  First, BMG also involved the same notices, generated by a company called Rightscorp, that Grande objects to in this case.  Cox argued that these notices "do not necessarily *prove* actual knowledge of repeat infringement."  881 F.3d at 304 (emphasis in original).  But the Fourth Circuit held that "Cox's decision to categorically disregard all notices from Rightscorp provides further evidence that Cox did not reasonably implement a repeat infringer policy."  Id.  The Fourth Circuit explained that Cox's argument was misplaced because "Cox bears the burden of proof on the DCMA safe harbor defense; thus, Cox had to point to evidence showing that it reasonably implemented a repeat infringer policy."  Id. at 305.  Grande is similarly unable to show such reasonable implementation, because the evidence is undisputed that it failed to terminate any customers from 2010 through 2016, despite receiving over a million infringement notices and tracking more than 9,000 customers as repeat infringers.  (Dkts. ## 127-9 at 5; 127-3 at 9.)

15

Second, Grande's argument that the Rightscorp notices failed to demonstrate appropriate circumstances justifying termination is similarly unpersuasive. This argument was also made by the defendant in <u>BMG</u>. 881 F.3d at 305. But just as Cox did in <u>BMG</u>, Grande has:

> failed to provide evidence that a determination of "appropriate circumstances" played any role in its decisions to terminate (or not to terminate). [Grande] did not, for example, point to any criteria that its employees used to determine whether "appropriate circumstances" for termination existed. Instead, the evidence shows that [Grande's] decisions not to terminate had nothing to do with "appropriate circumstances" . . . .

<u>Id.</u> Grande admitted that it had no procedure in place from 2010 through 2016 providing for how it would actually go about terminating infringing customers. (Dkt. # 127-21, Ex. B at 8–9.) Grande also admitted that until 2017 it would not terminate a user for infringement "regardless of the source of any notice," regardless of the content of any notice," and "regardless of the volume of notices . . . for a given customer." (Dkt. # 127-7 at 6–7.) And Grande did not terminate a single infringing customer from October 2010 until May 2017 (Dkt. # 127-7, Ex. G at 6.) This evidence indisputably shows that Grande's "decisions not to terminate had nothing to do with 'appropriate circumstances' . . . ." <u>BMG</u>, 881 F.3d at 305.

Third, Grande's own documents in the record reflect, contrary to the arguments it now advances, that it took the Rightscorp and other notice as affirmative evidence of infringement. In one April 2013 email exchange, a senior

16

Grande official stated that "we have some customers who are up to their 54th

notice . . . [yet] there is no 'three strikes' law or anything that we follow like some

ISPs." (Dkt. # 127-22, Ex. D.)  As a result, the same official then asked, in the

same email: "Question – we have users who are racking up DMCA take down

requests and no process for remedy in place.  I don't know if I'm seeing a broken

process or compliance with the letter of the law.  Do you guys have insight or

knowledge on this?"  (Id.)  In the ensuing conversation, another Grande manager

reported the following:

> Who is responsible for the DCMA notification process? Do we call
> customers?
>
> Bartlett just answered my email, and, as you said, they contact the
> customer and let them know they will disconnect them if they continue
> to receive those notice.
>
> If we do nothing more tha[n] emails (as I think you mentioned) we
> might lose our safe harbor status.

(Dkt. # 128-28, Ex. M at 2.)  Other internal emails also demonstrate that Grande

viewed the notices as evidence that a customer had infringed a copyright.  (See

Dkts. ## 127-17, Ex. Q; 127-30, Ex. R; 127-31, Ex. S.)

Finally, Grande's arguments related to the Rightscorp notices ignores

the hundreds of thousands, out of roughly 1.2 million notices of infringement

Grande received between 2011 and 2016 (Dkt. # 127-7, Ex. G at 10), came from

entities other than Rightscorp.  In 2015, for example, out of 365,569 infringement

17

notices received, 119,247, roughly one third, were received from other sources. (Dkt. # 172-18, Ex. R at 2.)  Grande has presented no summary judgment evidence that these other notices are in any way unreliable.

Even if the Court were to accept Grande's arguments related to the Rightscorp notices, the summary judgment evidence shows that Grande failed to terminate a single customer despite the receipt of several hundred thousand other copyright infringement notices.  Therefore, summary judgment in favor of Plaintiffs' on this issue is still be appropriate because, as the DMCA safe harbor is an affirmative defense, Grande carries the burden of demonstrating it is entitled to raising it.  See Capitol Records, LLC v. Vimeo, LLC, 826 F.3d 78, 94 (2d Cir. 2016) (holding that defendant "bears the burden of raising entitlement to the safe harbor and of demonstrating that it has . . . taken the steps necessary for eligibility").  Even ignoring the Rightscorp notices, with no evidence undermining these hundreds of thousands of other notices, Grande has failed to carry this burden.

For these reasons, the Court **ADOPTS** the Safe Harbor Report.  (Dkt. # 241.)  Plaintiffs' Motion for Partial Summary Judgment as to the issue of Grande's entitlement to the affirmative defense of the DMCA safe harbor provisions, 17 U.S.C. § 512(i), is therefore **GRANTED**.  (Dkt. # 127.)

II.     Report and Recommendation Regarding Parties' Cross Motions for
        Summary Judgment as to Liability

        A.      Grande's Motion for Summary Judgment

                Grande moved for summary judgment as to liability based on six

arguments: (1) Plaintiffs cannot prove direct infringement by Grande's customer of

their distribution, reproduction, and public performance rights as copyright holders

(Dkt. # 140 at 4); (2) Plaintiffs cannot prove contributory liability (id. at 11);

(3) Plaintiffs cannot prove willful copyright infringement (id. at 18); (4) Plaintiffs

cannot prove that the discovery rule expands the statutory damages period (id. at

18); (5) Plaintiffs cannot prove actual damages or Grande's profits from alleged

infringement (id. at 19); and (6) Plaintiffs cannot prove they own many of the

asserted copyrights (id.).  In opposing Grande's motion, Plaintiffs also moved for

summary judgment in their own favor on the issue of liability.  (See Dkt. 172.)

                The Magistrate Judge's Liability Report recommends granting Grande

summary judgment as to whether Grande's customers violated Plaintiffs

reproduction or public performance rights, and thus whether Grande could be held

contributorily liable for such infringement.  (Dkt. # 240 at 4 n.1.)  In all other

respects, the Liability Report recommends denying both parties' motions.  (Id. at

20–21.)  Grande objects on all six issues to the Liability Report's recommendations

denying the motions.  (Dkt. # 252.)   Plaintiffs object to the Liability Report's

19

recommendations denying their cross motion on direct and contributory infringement. (Dkt. # 250.) Plaintiffs also object to the Liability Report's recommendation to grant Grande summary judgment on their claim for Grande's contributory liability for violating their reproduction rights. (Id.) The Court therefore reviews these issues de novo. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") The Court will review each of these issues in turn.

1.     Direct Infringement by Grande's Customers

It is axiomatic that there can be no contributory copyright infringement without there first being direct copyright infringement. See, e.g., A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). Therefore, in order to prevail on their claim against Grande for contributory infringement, Plaintiffs must prove direct infringement committed by Grande's customers.

17 U.S.C. § 106 provides certain exclusive rights to the owners of copyrights. As issue in this case are: (1) the right "to reproduce the copyrighted work" under 17 U.S.C. § 106(1); (2) the right to "distribute copies . . . of the copyrighted work" under 17 U.S.C. § 106(3); and (3) the right to perform . . .

20

copyright[ed sound recordings] publicly by means of a digital audio transmission"

under § 106(6).  (See Dkt. # 1 at 7.)  "Anyone who violates any of the exclusive

rights of the copyright owner as provided by section[] 106 . . . is an infringer of the

copyright . . . ."  17 U.S.C. § 501(a).

    To establish direct copyright infringement, a plaintiff must show that

(1) he owns a valid copyright and (2) the defendant copied constituent elements of

the plaintiff's work that are original.  BWP Media USA, Inc. v. T&S Software

Assocs., Inc., 852 F.3d 436, 439 (5th Cir. 2017).  To prove the second element,

copying, a plaintiff must prove (1) factual copying and (2) substantial similarity.

Baisden v. I'm Ready Prods., Inc., 693 F.3d 491, 499 (5th Cir. 2012).  Factual

copying can be proved by either direct or circumstantial evidence.  Armour v.

Knowles, 512 F.3d 147, 152 (5th Cir. 2007).  Substantial similarity requires proof

that "the copyrighted expressions in the two works are sufficiently alike that the

copyright to the original work has been infringed."  Id.

    Grande moved for summary judgment on the issue of direct

infringement, arguing that Plaintiffs cannot prove: (1) substantial similarity;

(2) that any Grande subscriber violated the reproduction right using Grande's

network; (3) that any Grande subscriber violated the distribution right through

Grande's network; (4) direct infringement with respect to each asserted copyright;

21

and (5) that a Grande subscriber violated the public performance right using Grande's network.  (Dkt. # 140 at 8–14.)

### i.    Public Performance and Reproduction

As a threshold matter, the Liability Report recommends granting summary judgment to Grande as to direct infringements by their customers of Plaintiffs' reproduction and public performance rights as set forth in 17 U.S.C. § 106(1) and 106(6) because Plaintiffs' failed to respond to Grande's summary judgment arguments on these issues.  (Dkt. # 240 at 4 n.1.)  No objection was raised by either party as to the Liability Report's recommendation of granting summary judgment as to the violation of public performance rights.  Therefore, the Court reviews this recommendation for clear error.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  The Court concludes the Liability Report's recommendation on this issue is not clearly erroneous.  See ContiCommodity Servs. Inc., v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) ("In order to defeat a properly supported motion for summary judgment, the nonmoving party must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a 'fair-minded jury' that it is entitled to a verdict in its favor.").

Moreover, "to perform or display a work 'publicly' means . . . to transmit or otherwise communicate a performance or display of the work to [a public place] or to the public . . . ."  17 U.S.C. § 101.  Performance through a

22

digital audio transmission only occurs where "there is a playing of the song that is perceived simultaneously with the transmission." United States v. ASCAP, 627 F.3d 64, 74 (2d Cir. 2010). Making a copyrighted work available for downloading, or actual downloading of a copyrighted work, is not itself a performance. See id. There is no evidence in record of any simultaneous perception and transmission of the copyrighted works at issue in this case.

However, Plaintiffs object to the Liability Report's recommendation to grant summary judgment to Grande as to violation of the right of reproduction. Plaintiffs argue that they stated in their combined opposition and cross motion for summary judgment that their claims involve both uploading and downloading of copyrighted music, the latter of which would constitute an infringement of the reproduction right. (Dkt. # 250 at 3.) However, a review of Plaintiffs' argument in which the referenced language is found makes it clear that their argument is directed solely towards Grande's argument related to violations of the right of distribution. (See Dkt. # 172 at 16–23.) The language in the motion Plaintiffs now attempt to rely on is merely their introductory statement of the law and is then followed only by argument related to distribution. Plaintiffs' motion does not reference or respond to Grande's argument related to reproduction.

Further, Plaintiffs' objections fail to respond to the substance of Grande's summary judgment argument. In this context, violation of a copyright

23-50162.6400

holder's right to reproduction involves downloading copyrighted material.  See, e.g., Maverick Recording Co. v. Harper, 598 F.3d 193, 197 (5th Cir. 2010); Columbia Pictures Indus., Inc. v. Fung, 710 F.3d 1020, 1034 (9th Cir. 2013).  But Plaintiffs' claims are based on notices and evidence that Grande subscribers made copyrighted material available for download by others.  Plaintiffs have not presented any evidence, either on summary judgment or in their objections to the Liability Report, that Grande subscribers downloaded or otherwise acquired the copyrighted materials through Grande's network, as opposed to any other of a number of plausible—including some legal—means.  There is no evidence at all concerning the origin of the songs at issue.  Without evidence of the origin of the infringing music, there is no evidence the music was obtained in violation of Plaintiffs' right of reproduction, and thus no evidence of direct infringement through illegal reproduction.[3]

ii.    <u>Substantial Similarity</u>

Grande argues that proving a copyright infringement claim "requires a side-by-side comparison of the copyrighted work and the allegedly infringing work, so that the factfinder can assess whether they are 'substantially similar.'"

---

[3] Because there is thus also no evidence subscribers obtained the infringing music through Grande's network, there is no evidence sufficient to support contributory liability against Grande on the basis of infringement through reproduction.

24

(Dkt. # 140 at 8.)  The necessary implication of this argument is that to prove its case Plaintiffs would have to play every song at issue for the jury, alongside the allegedly identical copy or copies found on Grande's customers' computers. Grande relies for this premise on language found in various decisions of the Fifth Circuit.  For instance, in <u>Bridgmon v. Array Systems Corp.</u>, the court stated "the law of this circuit prohibits finding copyright infringement without a side-by-side comparison of the works."  325 F.3d 572, 577 (5th Cir. 2003).  In <u>Creations Unlimited, Inc. v. McCain</u>, the court stated "[t]o determine whether an instance of copying is *legally actionable*, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as "substantially similar.'"  112 F.3d 814, 816 (5th Cir. 1997) (emphasis in original).  And in <u>King v. Ames</u>, the court stated "copying is an issue to be determined by comparison of works, not credibility."  179 F.3d 370, 376 (5th Cir. 1999).

 This Court believes Grande reads too much into this language and these decisions.  First, the three cases relied on by Grande are factually distinct from the instant case.  In <u>Bridgmon</u> and <u>King</u>, the only admitted evidence of substantial similarity asserted by the plaintiffs was their own oral testimony of similarity.  See <u>Bridgmon</u>, 325 F.3d at 576; <u>King, on Behalf of Estate of King v. Ames</u>, 1997 WL 327019, at *5–6 (N.D. Tex. June 4, 1997).  This reliance purely

on oral testimony is what <u>King</u> means by "copying is an issue to be determined by comparison of works, not credibility."  179 F.3d at 376.  <u>Bridgmon</u> also expressly quotes this language from <u>King</u> in explaining its conclusion.  325 F.3d at 577.

<u>Creations Unlimited</u> involved an allegation that the defendant sold t-shirts with images modelled off of a series of black and white drawings that the plaintiff held copyrights in.  112 F.3d at 815.  In that case, the Fifth Circuit upheld a grant of summary judgment in favor of the defendant because a side-by-side comparison revealed the defendant's "tee-shirts differed from [Plaintiff's] line drawings in too many respects for a layman to conclude that the works were substantially similar."  <u>Id.</u> at 816.  In this case, the allegation is not that Grande's customers infringed Plaintiffs' copyrights by creating substantially similar, but not identical, derivative works, which might raise a question of substantial similarity about which a side-by-side comparison might be probative.  Instead, Plaintiffs are asserting Grande's customers infringed their copyrights by distributing exact copies of works covered by Plaintiffs' copyrights.

But perhaps more importantly, these cases do not appear to stand for the proposition that a side-by-side comparison of the original and allegedly infringing works must be made in front of the jury, something that would prove beyond impractical in a case of this sort.  Nothing in these cases state or imply a comparison must be made directly to a jury.  Instead, there simply must be

26

evidence, beyond mere oral testimony, resulting from such a comparison that would permit a layman to view the two works as substantially similar. See Bridgmon, 325 F.3d at 577 ("[T]he law of this circuit prohibits finding copyright infringement without a side-by-side comparison of the works."); Creations Unlimited, Inc., 112 F.3d at 816 ("To determine whether an instance of copying is *legally actionable*, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as "substantially similar.'")

      In this case, Plaintiffs' evidence of substantial similarity comes in the form of "audio fingerprinting" provided by a company called Audible Magic and a similar matching process performed by Rightscorp. Audible Magic:

> scans the perceptual characteristics of a sound recording. The tool compares the characteristics of the sound recording to the content that has been registered in Audible Magic's database (what Audible Magic calls its "Global Content Registry"). If the tool returns a "match" condition, that indicates that the sound recording contains copyrighted content that has been registered with Audible Magic. When Audible Magic returns a "match" condition, it includes information about the sound recording contained in the file, including the track title and artist name for the sound recording and the copyright owner of the matched content (as contained in its registry).

(Dkt. # 172-12 at 3.) And Rightscorp's process:

> receives a list of copyright works (including artist and title information) from its customers, obtains .torrent files matching those named works, forensically scrubs these torrent files to confirm a digital match (discarding any file that does not match), manually checks the digital

27

match results, and only then monitors BitTorrent networks for infringement of these files.

(Dkt. # 173-79 at 3.)

The ability of the Audible Magic software in particular to identify and match files to copyrighted content has been widely recognized. See Capitol Records, LLC v. Escape Media Grp., Inc., No. 12-CV-6646(AJN), 2015 WL 1402049, at *23 (S.D.N.Y. Mar. 25, 2015) (citing cases). Further, "Audible Magic is a vendor that has been repeatedly used in entertainment copyright cases and thus, its methods are well-known to those within the entertainment industry." UMG Recording, Inc. v. Escape Media Grp., Inc., No. 11 Civ. 8407, 2014 WL 5089743, *17 (S.D.N.Y. Sept. 29, 2014) (citing cases). "Audible Magic's methods of analysis are not a secret and have been relied upon in various similar copyright litigations." Id. In UMG, the court expressly stated that "plaintiffs established that the infringing . . . uploads correspond to plaintiffs' copyrighted works" through a process that "included enlisting Audible Magic to use industry-recognized audio-fingerprinting technology to confirm that copies of certain files uploaded by defendants and their employees corresponded to plaintiffs' copyrighted sound recordings." Id. at 20.

Grande's argument that the Audible Magic evidence is inadmissible as hearsay is unpersuasive. Because Mr. Landis's "knowledge and analysis were derived from duties he [has] held at [the RIAA], his opinions [a]re admissible as

28

testimony based upon personal knowledge and experience gained while employed

by [the RIAA]." <u>United States v. Valencia</u>, 600 F.3d 389, 416 (5th Cir. 2010) (lay

witness with personal knowledge of databases was permitted to provide testimony

about analysis using those databases). Further, the outputs from the Audible Magic

database generated by Mr. Landis are likely admissible against hearsay objections

as records of a regularly conducted business activity under Federal Rule of

Evidence 803(6). <u>See id.</u>; <u>see also</u> <u>U-Haul Intern., Inc. v. Lumbermens Mut. Cas.</u>

<u>Co.</u>, 576 F.3d 1040, 1044–45 (9th Cir. 2009) (holding that a printout from a

computer database was admissible as business records, even where sponsoring

witness had not himself personally input the data into the database, where the

person had knowledge of its content and the databases owners' practices for

compiling the data); <u>Thanongsinh v. Bd. of Educ.</u>, 462 F.3d 762, 777 (7th Cir.

2006) (holding that the qualified witness "need only be familiar with the

company's recordkeeping practices").[4]

---

[4] Grande argues that the Rightscorp evidence is precluded by the best evidence rule
because "Rightscorp destroyed all records of its manual verification process,
including any records of the alleged "original" songs that were used for
comparison." (Dkt. # 247 at 7; <u>see also</u> Dkt. # 252 at 29.) This argument is best
suited for the trial context. All that is required at the summary judgment stage is
that evidence be capable of presentation in an admissible form. <u>See</u> Fed. R. Civ. P.
56(c)(2). Moreover, even if the "original" evidence has been destroyed by the
proponent, other evidence of content is admissible unless the destruction was the
result of "the proponent acting in bad faith." Fed. R. Evid. 1004. First, the alleged
destruction was done by Rightscorp, which is not a party to this action, not the

For these reasons, Plaintiffs' evidence—in particular the Audible Magic evidence—is sufficient to raise a genuine issue of material fact as to substantial similarity. Summary judgment in favor of Grande on this issue is therefore inappropriate.

Finally, Grande's argument that "Plaintiffs' cannot demonstrate that the [allegedly] disseminated material satisfies the 'substantially similar' requirement" because "BitTorrent operates by breaking a file into small pieces for transmission, and any Internet user who may download an allegedly copyrighted work would only take a small portion of any allegedly infringing work from a particular Grande subscriber" finds no support in the case law. "It makes no difference from a copyright perspective whether the infringing copy is created in a single wholesale file transfer using a peer-to-peer protocol; or in a swarm of fragmented transfers [using BitTorrent] that are eventually reassembled into the new infringing copy." Malibu Media, LLC v. Bui, No. 1:13-cv-162, 2014 WL 12469955, at *1 (W.D. Mich. July 21, 2014); see also Fung, 710 F.3d at 1034

---

Plaintiffs, who are the proponents of the evidence at summary judgment and would be the proponents at trial. Second, Grande has presented no evidence that Rightscorp destroyed these "originals" at the behest of Plaintiff. In fact, Grande's own motion for sanctions states that the RIAA, the trade group of Plaintiffs, "requires the BitTorrent monitoring company working on behalf of Plaintiffs to preserve all of this data as part of its copyright infringement evidence package." (Dkt. # 247 at 7.) Nor did Grande present any evidence or argument that the originals were destroyed in bad faith. (See id.)

(affirming grant of summary judgment to plaintiff where defendant uploaded

material to BitTorrent).  Further, "it is enough if constituent parts of each work are

similar; the plaintiff is not required to show the whole of the infringing work is

similar to the whole of the copyrighted work."  Busti v. Platinum Studios, Inc.,

No. A-11-CA-1029-SS, 2013 WL 12121116, at *5 (W.D. Tex. Aug. 30, 2013);

see also Mattel, Inc. v. Azrak-Hamway Int'l, Inc., 724 F.2d 357, 360 (2d Cir. 1983)

("[I]t is possible to infringe while copying only a part of a work….").

iii.    <u>Distribution</u>

Grande argues that summary judgment on distribution is proper

because a mere offer to share an infringing file is not actual distribution.  Grande

relies primarily on <u>Atlantic Recording Corp. v. Howell</u> for the proposition that "[i]f

the owner of the shared folder simply provides a member of the public with access

to the work and the means to make an unauthorized copy, the owner is not liable as

a primary infringer of the distribution right, but rather is potentially liable as a

secondary infringer of the reproduction right."  554 F. Supp. 2d 976, 986 (D. Ariz.

2008).

However, to the extent Grande relies on <u>Atlantic Recording</u> for the

proposition that contributory infringement of the reproduction right is the only

viable theory against a party who makes infringing material available to the public,

that reliance is misplaced because <u>Atlantic Recording</u> appears to be contrary to the

31

great weight of the case law, including decisions of other courts in this district.  In

Warner Bros. Records, Inc. v. Payne, the court held that:

> the Supreme Court has equated the term with "publication," which is
> defined under the Act.  "Publication" includes "[t]he offering to
> distribute copies or phonorecords to a group of persons for purposes of
> further distribution, public performance, or public display."  Listing
> unauthorized copies of sound recordings using an online file-sharing
> system constitutes an offer to distribute those works, thereby violating
> a copyright owner's exclusive right of distribution.

No. W-06-CA-051, 2006 WL 2844415, at *3 (W.D. Tex. July 17, 2006).  Similarly,

in another peer-to-peer copyright infringement case, the court "reject[ed]

Defendant's argument that merely making copyrighted works available to the

public is not enough evidence for summary judgment purposes to establish

infringement."  Maverick Recording Co. v. Harper, No. 5:07-cv-026-XR, 2008

WL 11411855, at *3 (W.D. Tex. Sept. 16, 2008), aff'd in part and rev'd in part, 598

F.3d 193 (5th Cir. 2010) (holding that district court erred by denying plaintiffs'

motion for summary judgment on defendants' "innocent infringer" defense).  Other

district courts in other circuits have reached similar conclusions in analogous

circumstances.  See, e.g., Universal Studios Prod., LLLP v. Bigwood, 441 F. Supp.

2d 185, 190 (D. Me. 2006) ("[B]y using [a peer-to-peer network] to make copies of

the [infringing materials] available to thousands of people over the internet,

Defendant violated Plaintiffs' exclusive right to distribute . . . .");  Motown Record

Co., LP v. DePietro, No. 04-CV-2246, 2007 WL 576284, at *3 (E.D. Pa. Feb. 16,

2007) ("A plaintiff claiming infringement of the exclusive-distribution right can establish infringement by proof of actual distribution or by proof of offers to distribute, that is, proof that the defendant 'made available' the copyrighted work.")

Even the case most directly relied on by Grande, <u>Atlantic Recording</u>, recognized that multiple courts "have held that the terms publication and distribution are synonymous, so where a defendant's act fulfills the definition of 'publication' provided by the statute, it also constitutes a 'distribution' under § 106(3)." 554 F. Supp. 2d at 984 (citing cases).

Other courts have held that "[i]n order to establish 'distribution' of a copyrighted work, a party must show that an unlawful copy was disseminated 'to the public.'" <u>Hotaling v. Church of Jesus Christ of Latter-Day Saints</u>, 118 F.3d 199, 203 (4th Cir.1997); <u>see also</u> <u>National Car Rental System, Inc. v. Computer Assocs. Intern., Inc.</u>, 991 F.2d 426, 434 (8th Cir. 1993) ("[I]nfringement of the distribution right requires an actual dissemination of either copies or phonorecords."). But even under such a requirement, "*direct* proof of actual dissemination is not required by the Copyright Act. Plaintiffs are free to employ circumstantial evidence to attempt to prove actual dissemination." <u>Capitol Records, Inc. v. Thomas</u>, 579 F. Supp. 2d 1210, 1225 (D. Minn. 2008) (emphasis in original).

33

Regardless of whether or not violation of the distribution right requires actual dissemination instead of a mere offer to disseminate, Plaintiffs have come forward with sufficient evidence to survive summary judgment. Plaintiffs have presented evidence of hundreds of thousands of notices sent to Grande of infringing material being made available by Grande's customers for download and evidence that Rightscorp downloaded over 59,000 full infringing files shared by Grande customers.[5] (Dkts. ## 173-78, Ex. H at 21; 173-79, Ex. I at 3–4; see also 172 at 13–14 (citing evidence).)

The infringement notices provide evidence of offering to share under a "making available" theory, and constitute circumstantial evidence of dissemination if actual dissemination is required. Further, the audio files Rightscorp downloaded from Grande subscribers are exactly the type of evidence that courts have used to establish direct infringement under an "actual dissemination" theory. See, e.g., BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc., 199 F. Supp. 2d 958, 972, (E.D. Va. 2016), rev'd in part on other grounds by BMG, 881 F.3d 293 (4th Cir. 2018) ("Courts have consistently relied upon evidence of downloads by a plaintiff's investigator to establish both

---

[5] Grande again reiterates its best evidence rule argument related to Rightscorp song matching and downloading evidence. (See Dkt. # 252 at 34.) The Court has already addressed this argument and found it unpersuasive. See FN 4, supra.

34

unauthorized copying and distribution of a plaintiff's work.") (citing <u>Arista Records LLC v. Lime Grp. LLC</u>, No. 06-cv-5936, 2011 WL 1641978, at *8 (S.D.N.Y Apr. 29, 2011) (citing cases)); <u>Warner Bros. Records, Inc. v. Walker</u>, 704 F. Supp. 2d 460, 467 (W.D. Pa. 2010) ("it is undisputed that MediaSentry [the copyright holder's investigator] downloaded actual copies of nine of the Copyrighted Recordings from Defendant's computer, establishing unauthorized distribution as to those nine recordings.").

Finally, relying again on <u>Atlantic Recording</u>'s premise that making infringing files available only implicates contributory secondary liability against Grande's customers, Grande argues any theory of liability against it invokes tertiary liability, a premise which is not recognized in the law. (Dkt. # 140 at 12.) However, for the reasons previously stated, the Court concludes a theory of direct liability properly applies to Grande's customers, either through making infringing materials available, or through actual dissemination of infringing materials. Therefore, by providing the services permitting their customers' alleged direct infringement, Grande is potentially liable as a secondary infringer.

iv. <u>Evidence of Direct Infringement with Respect to Each Asserted Copyright</u>

Grande argues that Plaintiffs cannot show direct infringement with respect to each asserted copyright. (Dkt. # 140 at 13.) However, as previously discussed, the court concludes the Rightcorp notices and analysis and the Audible

35

Magic analysis constitute sufficient evidence to raise a genuine issue of material fact to survive summary judgment.  The Rightscorp system receives a list of copyrighted works, obtains infringing files allegedly matching those works, forensically scrubs these torrent files to confirm a digital match, discards any non-matching allegedly infringing files, manually checks the match results, and then monitors BitTorrent Networks for infringement of these files.  (Dkts. ## 173-78 at 19–33; 173-79 at 3.)  Further, the Audible Magic digital fingerprinting technology "scans the perceptual characteristics of a sound recording[, . . .] compares the characteristics of the sound recording to the content that has been registered in Audible Magic's database[, and i]f the tool returns a 'match' condition, that indicates that the sound recording contains copyrighted content that has been registered with Audible Magic."  (Dkt. # 172-12, Ex. L at 3.)  Plaintiffs have also provided evidence that they "ran the mp3 audio files RIAA received from Rightscorp through Audible Magic[, and] Audible Magic returned a "match" condition for . . . the works . . . the Plaintiffs are suing over (the "works in suit"), attached as Exhibit A to Plaintiffs' Complaint."  (Id. at 4 (attaching as an exhibit "a chart setting forth each work in suit listed in Exhibit A to the Complaint, along with the corresponding .mp3 audio files that Rightscorp downloaded and the "match" output files from Audible Magic.").)

36

For these reasons, Grande is entitled to summary judgment as to direct infringement by Grande's customers of Plaintiffs' rights to reproduction and public performance. But there remain genuine issues of material fact as to direct infringement by Grande's Customers of Plaintiffs' distribution right related to all of the asserted copyrights. Summary judgment on this issue is therefore inappropriate and denied.

### 2. Contributory Infringement

After the Supreme Court's decision is <u>MGM Studios Inc. v. Grokster, Ltd.</u>, liability for contributory infringement requires "intentionally inducing or encouraging direct infringement." 545 U.S. 913, 930 (2005) (citing <u>Gershwin Pub. Corp. v. Columbia Artists Management, Inc.</u>, 443 F.2d 1159, 1162 (2d Cir. 1971). Grande argues it is entitled to summary judgment on this issue because: (1) there is no evidence it induced the direct infringement committed by its customers; (2) there is no recognized independent contributory liability theory of "material contribution"; (3) that even if there is, there is no evidence Grande's conduct materially contributed to direct infringement; and (4) there is no evidence Grande had actual knowledge of direct infringement by its customers. (Dkt. # 140 at 11–20.) However, for the following reasons, the Court disagrees with Grande's arguments.

37

Within the general rule of contributory liability announced by

Grokster, the Supreme Court has identified two categories of contributory liability:

"actively encouraging (or inducing) infringement through specific acts . . . or . . .

distributing a product distributees use to infringe copyrights, if the product is not

capable of 'substantial' or 'commercially significant' noninfringing uses."  545

U.S. at 942 (Ginsberg, J., concurring).  It is beyond dispute that the provision of

internet services to customers is capable of substantial and commercially

significant noninfringing uses.  Contributory liability against Grande must

therefore be predicated on "actively encouraging (or inducing) infringement

through specific acts."  Id.

In expositing these principles of contributory liability, the Grokster

Court expressly relied on those "doctrines of secondary liability [that] emerged

from common law principles and are well established at law."  Id. at 930.  The

black letter expression of such contributory liability in the common law, directly

cited by the Grokster Court in regard to this point, is that "one who, with

knowledge of the infringing activity, induces, causes or materially contributes to

the infringing conduct of another, may be held liable as a 'contributory' infringer."

Gershwin Pub. Corp., 443 F.2d at 1162.

Grande's assertion that a cause of action for "material contribution" to

copyright infringement is not recognized in the law is thus misplaced.  The

38

<u>Grokster</u> Court was clear that liability for contributory infringement was still to be analyzed by reference to those "rules of fault-based liability derived from the common law." 545 U.S. at 934–35. <u>Grokster</u>'s expression that "[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement" should not be taken as writing out of the law liability based on material contribution, but instead stands as a simple restatement of the same principles of liability found in <u>Gershwin</u> and elsewhere. Federal courts are generally in accord on this conclusion that contributory liability for copyright infringment can be premised on material contribution. <u>See, e.g.</u>, <u>Perfect 10, Inc. v. Amazon.com, Inc.</u>, 508 F.3d 1146, 1171 (9th Cir. 2007); <u>Alcatel USA, Inc. v. DGI Techs, Inc.</u>, 166 F.3d 772, 790 5th Cir. 1999). Moreover, whether labeled "material contribution" or "inducement" or anything else, <u>Grokster</u> recognized that "where evidence goes beyond a product's characteristics or the knowledge that it may be put to infringing uses, and shows statements or actions directed to promoting infringement," liability is authorized. <u>Grokster</u>, 545 U.S. at 935.

Under this articulation, liability may "be imposed for intentionally encouraging infringement through specific acts." <u>Perfect 10</u>, 508 F.3d at 1170. The specific act in question here is the continued provision of internet services to customers. Thus this is not a case of mere refusal to act. Grande acted

39

affirmatively by continuing to sell internet services and continuing to provide

internet access to infringing customers.[6]

         However, "mere knowledge of infringing potential or of actual

infringing uses would not be enough here to subject a [product] distributor to

liability.  Nor would ordinary acts incident to product distribution, such as offering

customers technical support or product updates, support liability in themselves."

Grokster, 545 U.S. at 937.  But such "mere knowledge" of "actual infringing uses"

---

[6] In this way, Grande's reliance on Cobbler Nevada LLC v. Gonzales, 801 F.3d 1142 (2018), is misplaced.  Cobbler Nevada involved an individual subscriber who failed to prevent users of his internet subscription from infringing the plaintiff's copyright.  Id. at 1146.  Cobbler Nevada focused on the fact that it was an individual internet subscriber at issue, who paid for internet services to an adult care home he operated, in contrast to the actual ISP defendant in this case.  Id. at 1145, 1149.  But more importantly, in Cobbler Nevada there were "[n]o allegations suggest[ing] the [defendant] made any clear expression or affirmative steps to foster infringement."  Id. at 1148.  Instead, the defendant's "only action was his failure to secure, police and protect the connection."  Id.  Further, the evidence in Cobbler Nevada indicated that after the defendant learned of the infringement, he and his staff attempted to identify the infringer and instructed everyone living in home to stop infringing.  Id. at 1145 n.1.  But the infringer was never identified. Id.  Cobbler Nevada, therefore, fits cleanly into the principle announced Grokster that "mere knowledge . . . of actual infringing uses would not be enough here to subject a [defendant] to liability."  545 U.S. at 937.  In this case in contrast, the allegation is that Grande took affirmative steps to foster infringement by continuing to provide internet service to specific customers about whom it had actual knowledge of repeated infringement.  This case, therefore, fits more appropriately into a corollary principle announced in Grokster, that "where evidence goes beyond . . . the knowledge that [a product or service] may be put to infringing uses, and shows statements or actions directed to promoting infringement," liability may attach.  Id.  at 935.

40

is limited to when the seller only has generalized knowledge that some of its users are engaged in infringement.  See BMG, 881 F.3d at 311.  In contrast, "when a person sells a product that has lawful uses, but with the *knowledge* that the buyer *will in fact* use the product to infringe copyrights . . . the seller intends to cause infringement."  Id. at 307 (emphasis in original).  This conclusion flows from the common law rule that if a person "knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he has in fact desired to produce the result."  Restatement (Second) of Torts § 8A cmt. b (1965); see also Grokster, 545 U.S. at 932 (holding that a person "will be presumed to intend the natural and consequences of his acts").  Finally, it is beyond debate that Grande's continuing provision of internet services to customers who engage in repeated copyright infringement substantially facilitates access to and the distribution of infringing materials.  See, e.g., Perfect 10, 508 F.3d at 1172.

Distilling these principles into a rule of liability, service providers like Grande "can be held contributorily liable if [they] ha[ve] *actual* knowledge[7] that

---

[7] Willful blindness can also satisfy the requirement of actual knowledge. Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 766 (2011) ("[P]ersons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts."); see also In re Aimster Copyright Litig., 334 F.3d 643, 650 (7th Cir. 2003) ("Willful blindness is knowledge, in copyright law . . . as it is in the law generally.")

41

*specific* infringing material is available using its system, and can take simple

measures to prevent further damages to copyrighted works, yet continue[] to

provide access to infringing works." Id. at 1172 (emphasis in original) (internal

citations and quotation marks omitted).

   Turning to the summary judgment evidence, it is clear that Grande has

at least one simple measure at its disposal—terminating the internet services of

repeat infringers—to prevent further damages to copyrighted works.  It is also clear

that for the period in question, 2011 through 2016, Grande continued to provide

access to the infringing works by continuing to provide internet service to such

customers.  (Dkt. # 127-7, Ex. G at 6.)  The question therefore is whether Grande

had actual knowledge of specific infringement on the part of specific customers.

   The Court concludes that the summary judgment evidence is sufficient

to raise a genuine issue of material fact on that question.  Between 2011 and 2016,

Grande received over a million copyright infringement notices, it was tracking

over 9,000 customers on its DMCA "Excessive Violations Report" by late 2016,

and it specifically tracked users by the number of notices it received about them.

(Dkts. ## 127-9, Ex. I at 5; 127-3, Ex. C at 9.)  Further, in internal emails, Grande

employees recognized that "we have users who are racking up DMCA take down

requests" and that "some customers . . . are up to their 54th notice" (Dkt. # 127-22,

42

Ex D).  Grande is therefore not entitled to summary judgment on the issue of contributory liability.

### 3.  Willfulness

A showing of willfulness under the Copyright Act tracks the common law construction of the term.  See Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 395 & n. 7 (5th Cir. 2014) (citing Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 58 (2007)).  Willfulness thus requires a showing that Grande knew its conduct constituted contributory copyright infringement or acted with reckless disregard of Plaintiffs' rights as copyright holders.  Id.  There is evidence in the record— previously discussed—that Grande: (1) was aware of subscriber's infringing conduct; (2) decided not to cut of services to any customers, regardless of their conduct; (3) discussed this conscious decision in internal emails; and (4) profited from continuing to provide service to those subscribers.  (See Dkt. # 172 at 33; see also Discussion Section I, supra.)  This evidence is sufficient to raise a genuine issue of material fact that Grande acted knowingly or recklessly, so as to constitute legally willful conduct.  Summary judgment in favor of Grande is therefore not appropriate on this issue.

### 4.  Discovery Rule

Under 17 U.S.C. § 507(b), a three-year statute of limitations applies to claims of copyright infringement.  Plaintiffs in this case seek to extend that

23-50162.6420

limitations period by invocation of the discovery rule.  (See Dkt. # 172 at 34.)

"The discovery rule tolls the operation of a [statute of limitations] until the point in

time in which the plaintiff learned or by reasonable diligence could have learned

that it had a cause of action."  Edmark Industries SDN. BHD. v. South Asia

International (H.K.) Ltd., 89 F. Supp 2d 840, 842–43 (E.D. Tex. 2000).

"[T]he discovery rule need not be specifically pleaded in federal

court."  TIG Ins. Co. v. Aon Re, Inc., 521 F.3d 351, 357 (5th Cir. 2008).  Instead,

"[u]nder Rule 8 of the Federal Rules of Civil Procedure, it is enough that the

plaintiff plead sufficient facts to put the defense on notice of the theories on which

the complaint is based."  Id.  In this case, the facts pleaded by Plaintiffs were

sufficient to put Grande on notice.  Among other facts, Plaintiffs pleaded that their

claims were: (1) based on notices Grande received from Rightscorp; (2) Grande

had been informed of more than one million infringements; and (3) Grande ignored

the infringement notices and refused to take action—including termination of

service—against users who repeated infringed Plaintiffs copyrights.  (Dkt. # 1 at

11–13.)

The summary judgment evidence indicates that Grande received 1.2

million notices of infringement, including from Rightscorp, between 2011 and

2016 (Dkt. # 127-7, Ex. G at 10) and that Grande refused to terminate any

subscribers between October 2010 and May 2017 (Dkt. # 127-7, Ex. G at 6).  Since

Grande was aware of when it received such a volume of notices, and over what time period it failed or refused to terminate any subscribers or take any action based on such notices, Plaintiffs' pleading of such facts are sufficient to put Grande on notice that Plaintiffs were asserting claims based on conduct dating back to 2010 and thus that Plaintiffs' might assert that the discovery rule applied.  See TIG Ins. Co., 521 F.3d at 357 ("Under Rule 8 of the Federal Rules of Civil Procedure, it is enough that the plaintiff plead sufficient facts to put the defense on notice of the theories on which the complaint is based.")

Further, Plaintiffs' produced evidence that they did not learn of Grande's infringements until January 2016, when Rightscorp approached the RIAA with evidence of Grande's customers' infringements.  (Dkt. # 136 at 16.)  In response, Grande presented evidence that Rightscorp marketed its services to Plaintiff Sony in 2012 and that Plaintiff UMG had meetings related to Rightscorp in late 2011.  (Dkts. ## 201-5, 201-4.)  However, the witness testimony on this issue is vague and does not indicate conclusively that Plaintiffs' were made aware of infringement on Grande's network through these meetings.  (See id.)  This evidence also says nothing about Plaintiffs' knowledge of Grande's policy of refusal to take action in the face of such infringement by its customers, which is central to Plaintiffs' contributory liability theory against Grande.  The evidence before the Court thus raises a genuine issue of material fact as to when Plaintiffs

45

became aware, or through reasonable diligence could have become aware, of a cause of action against Grande for contributory liability.  Therefore, Grande is not entitled to summary judgment on the issue of the application of the discovery rule.

> 5.   Damages

17 U.S.C. § 504 provides in the alternative—as damages for copyright infringement—either the copyright owner's actual damages and disgorgement of profits of the infringer attributable to the infringement, or statutory damages. 17 U.S.C. § 504(a)–(c).  A copyright owner is permitted to elect, at any time before final judgment, which of these forms of damages it would prefer to recover. 17 U.S.C. § 504(c)(1).  Grande moved for summary judgment as to actual damages and disgorgement.  (Dkt. # 140 at 22.)  Plaintiffs stated in their response that they do not intend to seek their lost profits as damages, mooting that issue as to Grande's motion.  (Dkt. # 172 at 35.)

In order to be entitled to disgorgement of profits under § 504(b), "a copyright holder must show more than an infringer's total gross revenue from *all* of its profit streams."  MGE UPS Sys., Inc. v. GE Consumer & Indus., Inc., 622 F.3d 361, 367 (5th Cir. 2010) (emphasis in original).  Instead, the copyright holder must come forward with evidence of revenues "*reasonably related* to the infringement."  Id. (emphasis in original).

46

To prove disgorgement damages, Plaintiffs rely on two expert reports. (See Dkts. ## 173-74, 173-81.)  The Bardwell report applies probability analysis to the infringement data collected by Rightscorp to determine the probability that sequential infringements—including of the copyrights asserted in this case—are attributable to individual Grande subscribers.  (Dkt. # 173-81 at 6.)  The Lehr report estimates Grande's average monthly gross margin per customer, for all services a customer purchases from Grande, which can include voice and television services, in addition to high-speed internet.  (Dkt. # 173-74 at 13–15.)  The Lehr report also estimates the average tenure for a Grande subscriber.  (Id. at 15.)  Taking these two numbers together, and after accounting for net present value, the Lehr report arrives at an estimated lifetime net present value to Grande per subscriber.  (Id. at 16.)  The report also derives an alternative net present value amount per customer based on the price paid by TPG Capital to acquire Grande in 2017, and what it implies about the expected value per customer TPG had formed in paying that price.  (Id.)  The Court concludes this evidence is sufficient to raise a genuine issue of material fact about Grande's revenues reasonably related to infringing customers to defeat summary judgment on this issue.[8]

---

[8] Grande's objections to the sufficiency of this evidence are not persuasive.  (See Dkt. #  252 at 38.)  "Gross revenue" under 17 U.S.C. § 504(b) "refers only to revenue reasonably related to the infringement."  MGE UPS Sys., Inc., 622 F.3d at 367.  While the calculations in the Lehr report are not limited to the specific

6.  Copyright Ownership

In order to prove copyright infringement, one of the things a plaintiff

must prove is ownership of the asserted copyright.  BWP Media USA, Inc., 852

F.3d at 439.  To establish ownership, a "plaintiff must prove that the material is

original, that it can be copyrighted, and that he has complied with statutory

formalities."  Lakedreams v. Taylor, 932 F.3d 1103, 1108 (5th Cir. 1991).  The

---

customers who allegedly infringed the copyrights asserted in this case, requiring
such an exacting and specified showing would go far beyond the requirement of
merely showing a "reasonable relationship."  The average value Grande receives
from any given customer is certainly reasonably related to the value Grande
received from a specific infringing customer.  Grande receives more value from
some customers and less value from others, and this includes infringing customers.
Without some showing that infringing customers are somehow different or unique
in their purchase patterns from noninfringing customers, an average value for all
customers is certainly sufficient to reasonably demonstrate the average value
received by Grande from infringing customers.  Further, the argument that Dr.
Lehr's calculations assume that every customer accused of infringement would
have otherwise never become a customer in the first place misstates the question.
Whether they would or would not have become a customer is beside the point.  The
fact is that they did become customers, and Grande received revenues from their
being and continuing to be customers.  Finally, that the lifetime value includes
revenues from unrelated services like phones and cable TV is similarly beside the
point.  The fact is that Grande received that revenue from those allegedly
infringing customers.  That revenue would therefore be reasonably related to
Grande's asserted contributory liability in not terminating the service of such
customers.  If Grande had terminated the internet service of those customers, it is
reasonable to conclude they would have found a new service provider, for all
services purchased from Grande, and Grande would have lost all revenues from
such customers, including those not directly derived from the provision of internet
services.

48

requisite statutory formalities are receipt of the application for registration, fee, and deposit by the copyright office.  Id.

Grande argued in its motion for summary judgment that of the 782 unique registered copyrights listed by Plaintiffs as at issue in this case, Plaintiffs' evidence only demonstrated that they are the owners of 421 of the copyrights. (Dkt. # 140 at 23.)  Grande thus argued it was entitled to partial summary judgment as to the remaining 361 unique copyrights at issue.  (Id.)  Plaintiffs responded with declarations from executives employed by each Plaintiff, with voluminous attachments, that they claim proves their ownership of these 361 copyrights.  (See, e.g., Dkts. ## 173-2 to 173-47; 173-48 to 173-73; 180-1 to 180-31.)  Such sworn affidavits—when uncontroverted—are generally sufficient to prove ownership. See, e.g., Sony BMG Music Entertainment v. Cuellar, No. CC-07-58, 2008 WL 11398942, at *1 (S.D. Tex. July 24, 2008) ("[P]laintiffs have provided sworn affidavits from their respective in-house counsels confirming that they are owners or licensees of valid copyrights. Defendant has not provided evidence to contradict plaintiffs' sworn statements, and accordingly the Court finds no issue of fact regarding plaintiffs' ownership of the copyrights.").

Grande did not challenge the validity of this evidence on the merits, but instead requested in a motion for sanctions that it should be excluded as untimely because it was produced after discovery.  (See Dkt. # 156.)  In the

Liability Report, the Magistrate Judge denied Grande's motion for sanctions

pursuant to his authority under 28 U.S.C. § 636(b)(1)(A).  Grande has objected to

this decision of the Magistrate Judge.  (Dkt. # 252 at 38–40.)  The Court reviews

such orders of the Magistrate Judge on non-dispositive pretrial matters for clear

error.  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).  The clear error

standard precludes modifying or setting aside the Magistrates Judge's order unless

this Court is "left with the definite and firm conviction that a mistake has been

committed."  Jauch v. Nautical Services, Inc., 470 F.3d 207, 213 (5th Cir. 2006)

(quoting Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985).

   Under Federal Rule of Civil Procedure 37(c)(1), failure to timely

disclose evidence allows exclusion of that evidence "unless the failure was

substantially justified or is harmless."  Plaintiffs' presented arguments that these

disclosures were not in fact untimely. (Dkt. # 179 at 6–7.)  But in any event, even if

they were, such untimeliness was harmless because: (1) the evidence is

fundamental to Plaintiffs claim; (2) Grande will suffer no demonstrable prejudice

from permitting it; (3) the trial date in this case has been vacated and a new trial

date has not yet been set; and (4) there is no evidence of willful misconduct or bad

faith.  See Texas A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402

(5th Cir. 2003) ("In evaluating whether a violation of rule 26 is harmless, . . .

[courts are to] look to four factors: (1) the importance of the evidence; (2) the

prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.") (See also Dkt. # 179 at 7–11.)  Moreover, Rule 37(c) permits—but does not require—exclusion of evidence untimely disclosed.  Fed. R. Civ. P. 37(c) (describing alternative sanctions that can be imposed "[i]n addition to or instead of" exclusion).

For these reasons, the Court is not "left with the definite and firm conviction that a mistake has been committed" by the Magistrate Judge in denying Grande's motion for sanctions.  The order was therefore not clearly erroneous and will not be modified or set aside.

Grande's argument regarding ownership is dependent on the Court striking this supplemental evidence.  (See Dkt. # 252 at 38–40.)  If allowed—as the Court concludes it should be—such evidence is sufficient to prove ownership.  See Sony BMG Music Entertainment, 2008 WL 11398942 at *1.  Therefore, Grande is not entitled to summary judgment on this issue.

Thus, the Court **ADOPTS** the Liability Report with respect to Grande's Motion for Summary Judgment (Dkt. # 140) and Motion for Sanctions (Dkt. # 156).  Grande's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.  It is **GRANTED** as to infringement of the rights of

51

reproduction and public performance, and **DENIED** in all other respects.  (Dkt. # 140.)  Grande's Motion for Sanctions is **DENIED**.  (Dkt. # 156.)

      B.    <u>Plaintiffs' Motion for Summary Judgment</u>

      Plaintiffs also moved for summary judgment as to liability for contributory infringement on essentially the same evidence discussed in relation to Grande's motion for summary Judgment.  (Dkt. # 172).  The Liability Report recommended denying this motion for the same reasons it recommended Grande's motion be denied on that issue.  Plaintiffs object to this recommendation.  (Dkt. # 250 at 6.)  Because the Court has concluded that genuine issues of material fact exist as to Grande's customers' direct liability, (<u>See</u> Discussion Section II.A, <u>supra</u>) and contributory liability cannot exist in the absence of direct liability, <u>A&M Records, Inc.</u>, 239 F.3d at 1013 n.2, Plaintiffs are not entitled to summary judgment as to Grande's liability for contributory infringement.  Plaintiffs are also not entitled to summary judgment because genuine issues of material fact exist as to Grande's actual knowledge of specific instances of direct infringement committed by specific customers.  (<u>See</u> Discussion Section II.B, <u>supra</u>.)

      Therefore, the Court **ADOPTS** the Liability Report with respect to Plaintiffs' Motion for Summary Judgment.  (Dkt. # 240.)  Plaintiffs' motion is **DENIED**.  (Dkt. # 172.)

23-50162.6429

<u>CONCLUSION</u>

For the reasons stated, the Court **ADOPTS** the Safe Harbor Report

and the Liability Report.  (Dkts. ## 240, 241.)  Plaintiffs' Motion for Partial

Summary Judgment as to Grande's DMCA safe harbor defense is **GRANTED**.

(Dkt. # 127.)  Grande's Motion for Summary Judgment is **GRANTED IN PART**

**AND DENIED IN PART**.  (Dkt. # 140.)  It is **GRANTED** as to infringement of

the rights of reproduction and public performance and **DENIED** in all other

respects.  (<u>Id.</u>)  Grande's Motion for Sanctions is **DENIED**.  (Dkt. # 156.)

Plaintiffs' Motion for Summary Judgment as to Liability is **DENIED.**  (Dkt.

# 172.)

    **IT IS SO ORDERED.**

    **DATED**: Austin, Texas, March 15, 2019.


_____

David Alan Ezra
Senior United States Distict Judge

53

# TAB 8

FILED

NOV 0 1 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

UMG RECORDINGS, INC., *et al.*,　　　§
　　　　　　　　　　　　　　　　　　§
　　　Plaintiffs,　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
vs.　　　　　　　　　　　　　　　　§　　　Civil Action No. 1:17-cv-00365-DAE
　　　　　　　　　　　　　　　　　　§
GRANDE COMMUNICATIONS　　　　　　§
NETWORKS LLC,　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
　　　Defendant.　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§

# JURY INSTRUCTIONS

23-50162.9907

# **TABLE OF CONTENTS**

Instruction No. 1 Jury Charge (General Instruction) ........................................................ 1

Instruction No. 2 Evidence ...................................................................................................... 3

Instruction No. 3 What Is Not Evidence ............................................................................. 4

Instruction No. 4 Ruling on Objections ............................................................................... 5

Instruction No. 5 Witnesses .................................................................................................... 6

Instruction No. 6 Impeachment.............................................................................................. 7

Instruction No. 7 Expert Witnesses ...................................................................................... 8

Instruction No. 8 Deposition Testimony.............................................................................. 9

Instruction No. 10 Limiting Instruction ............................................................................... 10

Instruction No. 11 No Inference from Filing Suit.............................................................. 11

Instruction No. 12 Burden of Proof: Preponderance of the Evidence .............................. 12

Instruction No. 13 The Digital Millennium Copyright Act .............................................. 13

Instruction No. 14 Copyright Definition.............................................................................. 14

Instruction No. 15 Plaintiffs' Claim...................................................................................... 15

Instruction No. 16 Infringement ............................................................................................ 16

Instruction No. 17 Damages: Consider Damages Only If Necessary .............................. 18

Instruction No. 18 Damages: Statute of Limitations ......................................................... 19

Instruction No. 19(a) Statutory Damages—Generally........................................................ 20

Instruction No. 19(b) Statutory Damages—Willfulness.................................................... 23

Instruction No. 20 Limiting Instruction Regarding *BMG v. Cox* ................................... 24

Instruction No. 21 Duty to Deliberate.................................................................................. 25

23-50162.9908

## Instruction No. 1
### Jury Charge (General Instruction)

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

1

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

2

**Instruction No. 2**
**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

23-50162.9911

## Instruction No. 3
## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence has been received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4

23-50162.9912

**Instruction No. 4**
**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence, and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer might have objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

23-50162.9913

## Instruction No. 5
### Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

23-50162.9914

**Instruction No. 6**
**Impeachment**

In determining the weight to give to the testimony of a witness, you may consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Instruction No. 7**
**Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**Instruction No. 8**
**Deposition Testimony**

Certain testimony has been presented to you through depositions.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under appropriate circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers have been shown to you.  This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

9

**Instruction No. 10**
**Limiting Instruction**

When testimony or an exhibit was admitted for a limited purpose, you may consider that

testimony or exhibit only for the specific limited purpose for which it was admitted.

**Instruction No. 11**
**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Instruction No. 12**
**Burden of Proof: Preponderance of the Evidence**

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Some of you might have heard the term "proof beyond a reasonable doubt." That is a stricter standard. It only applies to a criminal case and it requires more proof than a preponderance of the evidence. The reasonable doubt standard does not apply to a civil case, like this one, so you should put the reasonable doubt standard out of your minds.

23-50162.9920

**Instruction No. 13**
**The Digital Millennium Copyright Act**

You have heard testimony and seen documents that refer to the Digital Millennium Copyright Act, known as the "DMCA." The DMCA provides that an internet service provider, like Grande, may have a defense, called a safe harbor defense, to claims of secondary liability arising from infringement by users on its network. That defense is not available to Grande in this case. However, the fact that the safe harbor provision does not apply does not bear adversely on the consideration of a defense by Grande that Grande's conduct is not infringing under the Copyright Act or any other defense. Attempting to qualify for the DMCA safe harbor is optional for internet service providers; it is not a legal requirement.

23-50162.9921

**Instruction No. 14**
**Copyright Definition**

A "copyright" is a set of rights granted by federal law to the owner of an original work of authorship, such as a musical composition or sound recording. In this case, the copyrighted works at issue all consist of sound recordings. The term "owner" includes the author of the work, an assignee, and an exclusive licensee. Among other rights, the owner of a copyright has the exclusive right to distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease, or lending.

14

**Instruction No. 15**
**Plaintiffs' Claim**

In this case, Plaintiffs contend that Grande is contributorily liable for the unauthorized distribution of Plaintiffs' 1,422 copyrighted sound recordings by subscribers of Grande's internet service.

23-50162.9923

**Instruction No. 16**
**Infringement**

In order to prove contributory copyright infringement, Plaintiffs first must establish by a preponderance of the evidence the following four elements:

**_First_**, that they own copyrights in their sound recordings and that the copyrights and their registrations in each of the sound recordings is valid. This issue has already been resolved, and you do not need to decide it. Plaintiffs have already established that they are the owners of the 1,422 copyrighted sound recordings at issue in this case, and that the copyrights and their registrations in each of these 1,422 sound recordings is valid.

However, you do need to determine the other three elements.

**_Second element_**. Whether users of Grande's internet service used that service to infringe Plaintiffs' right to distribute their works. A copyright owner's exclusive right to distribute its copyrighted work is infringed by distributing any part of the copyrighted work without Plaintiffs' authorization.

Plaintiffs are not required to prove the specific identities of the infringing users and Plaintiffs may prove infringement through direct or circumstantial evidence. As evidence of direct infringement, Plaintiffs are entitled to rely on, and you are permitted to consider, evidence that copyrighted content was offered or distributed to a third party who is investigating or monitoring infringing activity.

If you find that users of Grande's internet service distributed any of Plaintiffs' copyrighted works at issue or any portion thereof, without Plaintiffs' authorization, then Plaintiffs have established that users of Grande's internet service have infringed Plaintiffs' copyrights in those works.

23-50162.9924

***Third element.***   Whether Grande knew of specific instances of infringement or was willfully blind to such instances of infringement.  The term "willful blindness" means that someone believes there is a high probability of a fact but deliberately takes steps to avoid learning it.

***Fourth element***: Whether Grande induced, caused, or materially contributed to the infringing activity.  This standard is met when a defendant can take basic measures to prevent further damages to copyrighted works, yet intentionally continues to provide access to infringing sound recordings.

**Instruction No. 17**
**Damages: Consider Damages Only If Necessary**

If the Plaintiffs have proved some or all of their claims against Grande by a preponderance of the evidence, you must determine the damages to which the Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about the Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Grande is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Grande is liable and that the Plaintiffs are entitled to recover money from Grande.

23-50162.9926

### Instruction No. 18
### Damages: Statute of Limitations

Plaintiffs may only recover damages for a sound recording that you find was infringed on or after April 21, 2014. You may consider evidence of events or recordings that occurred prior to April 21, 2014, but only for the purpose of assessing the Defendant's state of mind, knowledge, and/or willfulness.

23-50162.9927

## Instruction No. 19(a)
### Statutory Damages—Generally

Plaintiffs may elect to receive "statutory damages" under the United States Copyright Act. "Statutory damages" are damages that are established by Congress in the Copyright Act to compensate the copyright owner, penalize the infringer, and deter future copyright infringements.

You must issue an award of between $200 and $30,000 for each eligible copyrighted work that you found to be infringed. You must not award statutory damages for any of the 19 copyrighted sound recordings listed at the end of this instruction. However, the other 1,403 copyrighted sound recordings are eligible for statutory damages.

If Plaintiffs prove that Grande acted willfully in contributorily infringing Plaintiffs' copyrights you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 eligible per copyrighted work. An instruction defining willfulness will be given next.

If you find that the infringement was innocent, then you may, but are not required to, award as little as $200 for each work innocently infringed. An infringement is considered innocent if Grande proved by a preponderance of the evidence that Grande was not aware and had no reason to believe that its acts constituted an infringement of copyright.

You should award as statutory damages an amount that you find to be fair under the circumstances. In determining the appropriate amount to award, you may consider the following factors:

- The profits Grande earned because of the infringement;
- The expenses Grande saved because of the infringement;
- The revenues that Plaintiffs lost because of the infringement;
- The difficulty of proving Plaintiffs' actual damages;
- The circumstances of the infringement;

23-50162.9928

- Whether Grande acted willfully, intentionally, or recklessly in contributorily infringing Plaintiffs' copyrights;

- The need to deter Grande from infringing again in the future;

- The need to deter others from infringing in the future; and

- In the case of willfulness, the need to punish Grande.

In considering what amount would have a deterrent effect, you may consider Grande's total profits and the effect the award may have on other Internet service providers in the marketplace.

Plaintiffs are not required to prove any actual damage suffered by Plaintiffs to be awarded statutory damages. Should you choose to do so, you should award statutory damages whether or not there is evidence of the actual damage suffered by Plaintiffs, and your statutory damage award need not be based on the actual damages suffered by Plaintiffs.

| Bruno Mars | Gorilla |
| --- | --- |
| Bruno Mars | If I Know |
| Bruno Mars | Natalie |
| Bruno Mars | Show Me |
| Bruno Mars | When I Was Your Man |
| Bruno Mars | Young Girls |
| Trey Songz | About You |
| Foo Fighters | The Pretender |
| Wiz Khalifa | KK (Feat. Project Pat Juicy J.) |
| Wiz Khalifa | Still Down (feat. Chevy Woods Ty Dolla $ign) |
| Wiz Khalifa | The Sleaze |
| Wiz Khalifa | True Colors (Feat. Nicki Minaj) |

23-50162.9929

| | |
|---|---|
| Jennifer Lopez | Same Girl |
| Katy Perry | By the Grace of God |
| Katy Perry | Choose Your Battles |
| Katy Perry | Dark Horse |
| John Legend | The Beginning… |
| John Legend | Who Do We Think We Are |
| One Direction | Ready to Run |

23-50162.9930

**Instruction No. 19(b)**
**Statutory Damages—Willfulness**

Grande's contributory infringement is considered willful if Plaintiffs proved by a preponderance of the evidence that Grande had knowledge that its subscribers' actions constituted infringement of Plaintiffs' copyrights or that Grande acted with reckless disregard for or willful blindness to the Plaintiffs' rights.

23

**Instruction No. 20**
**Limiting Instruction Regarding *BMG v. Cox***

You have heard evidence in another case, in another court, with different parties, that there was a verdict reached in a copyright litigation against a different internet provider. This evidence may be considered by you only for the purpose of evaluating the state of mind of Grande executives and employees, and the state of mind of Plaintiffs' executives and employees, at the time and nothing else.

It is not to be considered by you as evidence that because a different internet service provider was found liable that Grande in this case is liable. Although the other case involved Rightscorp, it involved different parties, different lawyers, different facts, additional evidence and different instructions on the law. In other words, it was a totally different case with the exception of the involvement of Rightscorp. Further, this case went up on appeal, and the final result of that case is not before you and is not relevant.

23-50162.9932

**Instruction No. 21**
**Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in

mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberation.

23-50162.9934

# TAB 9

```
 1                 UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                       AUSTIN DIVISION

 3  UMG RECORDINGS, INC., ET AL,   :
    Plaintiffs,                     :
 4                                  : Case Number:
    vs.                             : 1:17-CV-00365-DAE
 5                                  :
    GRANDE COMMUNICATIONS           : Austin, Texas
 6  NETWORKS, LLC, ET AL,           : October 28, 2022
    Defendants.                     :
 7  *********************************************************

 8              TRANSCRIPT OF JURY TRIAL PROCEEDINGS
                BEFORE THE HONORABLE DAVID A. EZRA
 9              SENIOR UNITED STATES DISTRICT JUDGE

10  APPEARANCES:
    FOR THE PLAINTIFFS:
11
    Andrew H. Bart, Esquire
12  Jacob Tracer, Esquire
    Jenner & Block, LLP
13  1155 Avenue of the Americas
    New York, NY  10036
14  (212)891-1600; abart@jenner.com

15  Robert B. Gilmore, Esquire
    Philip J. O'Beirne, Esquire
16  Kevin Attridge, Esquire
    Stein Mitchell Cipollone Beato & Missner LLP
17  1100 Connecticut Avenue, NW, Suite 1100
    Washington, DC  20036
18  (202)601-1589; rgilmore@steinmitchell.com

19  Paige Arnette Amstutz, Esquire
    Scott, Douglass & McConnico, LLP
20  303 Colorado Street, Suite 2400
    Austin, Texas  78701
21  (512)495-6300; pamstutz@scottdoug.com

22

23

24

25
```

23-50162.13346

1   any Court of Appeals.  And like I said, the Eighth Circuit has

2   directly held it requires actual dissemination.  So we feel

3   that's the proper instruction.

4              THE COURT:  Mr. Bart.

5              MR. BART:  Thank you, Your Honor.  First off, Your

6   Honor said in his decision, *"For the reasons previously stated,*

7   *the Court concludes the theory of direct liability properly*

8   *applies to Grande's customers either through making infringing*

9   *materials available or through actual dissemination of*

10  *infringing materials."*

11             So this is a motion for reconsideration in the guise

12  of jury instruction argument.  Beyond that, there absolutely is

13  Circuit Court support for this.  Your Honor had cited the

14  Warner Brothers v. Payne case from Western District of Texas

15  which in turn cited the Ninth Circuit Napster decision which

16  also holds specifically that making available is sufficient to

17  support this claim.  I don't really think it's worth much more

18  argument than that.  Your Honor decided this point and I think

19  it's resolved as a matter of law.

20             MR. HOWENSTINE:  Your Honor, I think Mr. Bart's

21  argument just acknowledged what I was saying which is that no

22  Court of Appeals has adopted the standard that they're

23  proposing.

24             THE COURT:  No, Mr. Bart just said that the District

25  Court cited the Napster decision which is the Ninth Circuit.

 1   And I hope that's the Court of Appeals.  I've been sitting on

 2   it for 33 years.  Unless there's been some big spoof.  I feel

 3   like that actor in that movie where he's in -- he doesn't know

 4   he's being watched.

 5              MR. BROPHY:  The Truman Show.

 6              THE COURT:  Go ahead.

 7              MR. HOWENSTINE:  Your Honor, we just feel based on

 8   these authorities that we've cited that it's the great weight

 9   of authority is that infringement requires actual distribution.

10   And the cases that they are cited are a minority view.  And

11   given the fact that there were two cases, two similar cases

12   against an ISP, Sony and BMG, and in both of those cases the

13   Court gave the instruction that we are proposing, that there

14   has to be an actual --

15              THE COURT:  That exact instruction?

16              MR. HOWENSTINE:  Yes, I can show Your Honor the Sony

17   instruction.

18              THE COURT:  Well, if I was wrong, I was wrong.  I have

19   to look.  I don't think I was wrong, but --

20              This is an important one, it may take some time to

21   look at this issue.

22              MR. BART:  I may have to respond further.

23              THE COURT:  That's fine.  Mr. Bart, I've never cut you

24   off.  Well, I might have cut you off, once or twice.

25              MR. HOWENSTINE:  May I approach?

23-50162.13366

Case 1:23-cv-00365 Document 75 filed 11/26/23 Page: 206 of 211
Case 1:23-cv-00365 Document 75 Client Page: 206 of 211 Date Filed: 12/02/2023

JURY CHARGE CONFERENCE                                    1892

```
1              THE COURT:  Yes, of course.

2              MR. BART:  What are you showing him?

3              MR. HOWENSTINE:  I'm showing him the jury charge from

4    Sony versus Cox.

5              THE COURT:  I'll read it, counsel.

6              LAW CLERK:  Which instruction number?

7              THE COURT:  23.  Counsel, you don't have it in front

8    of you.  "In order to prove contributory or vicarious copyright

9    infringement, plaintiff must establish by a preponderance of

10   the evidence that the users of Cox's Internet service used that

11   service to infringe plaintiff's copyrighted works.  Plaintiffs

12   are not required to prove the specific identities of the

13   infringing users.  A copyright owner's exclusive right to

14   distribute, reproduce and copy its copyrighted work is

15   infringed by the downloading or uploading of the copyrighted

16   work without authorization.  If you find that users of Cox

17   Internet service uploaded or downloaded all or part of

18   plaintiff's copyrighted works at issue without authorization,

19   then plaintiffs have established that users of Cox Internet

20   service have infringed plaintiff's copyrighted works."  Okay.

21             MR. HOWENSTINE:  Right.  So this instruction

22   specifically says "downloading or uploading."  Because the

23   reproduction right is not at issue in this case, our

24   instruction just says "uploading."  But in either case, what's

25   clear from this instruction is that offering to upload is not
```

 1    infringement.  There has to be an actual transmission of a file

 2    from one person to another.  Just having it and making it

 3    available to someone else is not infringement.  That's an

 4    attempt to violate the copyright law and there's no attempt

 5    liability under the statute.  So the District Court in Sony,

 6    which was the same judge who presided over the BMG case who had

 7    been through this issue many times --

 8              THE COURT:  Who is this?

 9              MR. HOWENSTINE:  Judge Grady.

10              MR. BART:  O'Grady.

11              MR. HOWENSTINE:  O'Grady.  Eastern District of

12    Virginia.

13              THE COURT:  I don't know him.

14              MR. HOWENSTINE:  In both cases --

15              THE COURT:  Which is unusual, I know all these judges.

16              MR. HOWENSTINE:  In both cases he held that there has

17    to be this actual distribution.  And that didn't kill the

18    plaintiff's case or anything because still, you know, it can be

19    the case that a notice of infringement is circumstantial

20    evidence that the file was actually transferred at some point,

21    but just the act of offering it, making it available, that's an

22    attempt.  So there's no infringement liability unless you can

23    prove -- unless the jury is convinced that at some point a file

24    was actually transmitted from one person to another.

25              THE COURT:  Mr. Bart.

```
 1              MR. BART:  Thank you, Your Honor.

 2              THE COURT:  You want to take a look at this?  I don't

 3    know.

 4              MR. BART:  I've seen that.

 5              THE COURT:  I'm sure you have.

 6              MR. BART:  Of course.  And Your Honor has surveyed

 7    this subject and researched it in his decision carefully and

 8    the -- there's another quote from your decision that says that

 9    "The reliance that they're placing on this theory --" and this

10    is at page 764 "-- appears to be contrary to the great weight

11    of case law including decisions of other courts in this

12    district." Then you cite Warner Brothers versus Payne.  Warner

13    Brothers vs. Payne sites the Ninth Circuit decision in Napster,

14    which specifically holds that making available is a sufficient

15    demonstration for purposes of direct infringement.  And that

16    decision was just recently followed this year by Judge Orrick

17    in the Northern District of California.

18              THE COURT:  Well, he had no choice.

19              MR. BART:  Understood, but by the same token --

20              THE COURT:  Bill Orrick is no fool.

21              MR. BART:  I have a case before him.  He is certainly

22    no fool, he's a very, very bright judge, Your Honor.  But

23    similarly, your decision has been followed by other cases.  So,

24    I mean, we can talk about Judge O'Grady which, frankly, is

25    against the weight of the majority of the decisions, but Judge
```

Case 1:23-cv-02365-LGS Document 75 Filed 12/05/2023 Page 209 of 211
Case 1:23-cv-02365-LGS Document 75 Page: 209 Date Filed: 12/05/2023

JURY CHARGE CONFERENCE                                    1895

1   Ship in the District of New Jersey in a case pending against

2   Grande's sister company that we are litigating held that the

3   offer to share, the making available, was sufficient to state a

4   claim.  And Judge Orrick, as I said, did the same thing.

5            I will say that Your Honor also noted in quoting the

6   Warner Brothers decision, that the Supreme Court has equated

7   distribute with publication and that publication is defined

8   under 17 U.S.C. 101 as the offering to distribute.  So I think

9   that there is the overwhelming bulk of the case law, in

10  addition to Your Honor's prior decision which has been relied

11  on by other cases, as well as by us in trying this case as the

12  standards of the case.

13           THE COURT:  Somebody relied on my decision?

14           MR. BART:  Maybe just a little.  We submit that your

15  suggestion is appropriate.

16           THE COURT:  Let me tell you what, counsel, you don't

17  need to argue it further because what I'm going to do is take

18  this one under advisement.  All right?  I understand your

19  argument.  I really do.  You have made it quite clear, you were

20  quite -- is there something different you want to add?

21           MR. HOWENSTINE:  I just want to add one brief point

22  that the portion of Your Honor's summary judgment order that

23  Mr. Bart is referring to on the bottom of page 31 concerns a

24  different issue.  It does not concern this issue.  I just want

25  to make that clear.

```
 1         THE COURT:  I will look at my own summary judgment
 2   order.
 3         MR. BART:  Your Honor, they had, before the Cox
 4   decision, one District Court case from Arizona in 2008, that
 5   Howell case, to support their position.  That was basically all
 6   they had at that point.  And you said, "To the extent that
 7   Grande relies on Atlantic Recording for the proposition that
 8   contributory infringement of the reproduction right is the only
 9   viable theory against the party who makes infringing material
10   available to the public, that reliance is misplaced because
11   Atlantic Recording appears to be contrary to the great weight
12   of the case law including decisions of other courts in this
13   District."  That's the full quotation.
14         THE COURT:  Look, I said I will take this under
15   advisement.  I will look at it this afternoon and you will have
16   my final word this weekend.  How about that?  So you can get
17   yourself ready for Tuesday morning.  No fooling, you will.  I'm
18   not going to sit on it.
19         MR. HOWENSTINE:  Just a couple more things on this
20   instruction.
21         THE COURT:  Aye!
22         MR. HOWENSTINE:  I will just list them in the interest
23   of making a record.  In the first element, we have the same
24   issue that we had in the previous instruction in terms of
25   whether we're saying "works" or "songs" or as the plaintiffs
```

1                          *   *   *   *   *

2    UNITED STATES DISTRICT COURT

3    WESTERN DISTRICT OF TEXAS

4

5         I certify that the foregoing is a correct transcript from

6    the record of proceedings in the above-entitled matter.  I

7    further certify that the transcript fees and format comply with

8    those prescribed by the Court and the Judicial Conference of

9    the United States.

10

11   Date signed:  November 23, 2022

12

13   /s/ Angela M. Hailey

14   Angela M. Hailey, CSR, CRR, RPR, RMR
     Official Court Reporter
15   262 West Nueva Street
     San Antonio, Texas  78207
16   (210)244-5048

17

18

19

20

21

22

23

24

25