No. 23-50162

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

UMG RECORDINGS, INC.; CAPITOL RECORDS, L.L.C.; WARNER BROS. RECORDS INC.; SONY MUSIC ENTERTAINMENT; ARISTA RECORDS, L.L.C.; ARISTA MUSIC; ATLANTIC RECORDING CORPORATION; CAPITOL CHRISTIAN MUSIC GROUP, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; FONOVISA, INC.; FUELED BY RAMEN LLC; LAFACE RECORDS, L.L.C.; NONESUCH RECORDS INC.; RHINO ENTERTAINMENT COMPANY; ROADRUNNER RECORDS, INC.; ROC-A-FELLA RECORDS, L.L.C.; TOOTH & NAIL, L.L.C.; ZOMBA RECORDING, L.L.C.,

*Plaintiffs-Appellees/Cross-Appellants*,

v.

GRANDE COMMUNICATIONS NETWORKS, L.L.C.,

*Defendant-Appellant/Cross-Appellee*.

On Appeal from the United States District Court
for the Western District of Texas (Austin)
No. 1:17-cv-000365-DAE

**REPLY BRIEF OF PLAINTIFFS-APPELLEES/CROSS-APPELLANTS**

[caption continued on next page]

Paige Arnette Amstutz
SCOTT, DOUGLASS &
MCCONNICO, LLP
303 Colorado Street
Suite 2400
Austin, TX 78701
(512) 495-6300
pamstutz@scottdoug.com

Andrew H. Bart
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
abart@jenner.com

Ian Heath Gershengorn
JENNER & BLOCK LLP
1099 New York Avenue NW,
Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

*Counsel for Plaintiffs-Appellees/Cross-Appellants*

# CERTIFICATE OF INTERESTED PERSONS

No. 23-50162, *UMG Recordings, Inc., et al. v. Grande Commc'ns Networks, L.L.C.*

Undersigned counsel of record for Plaintiffs-Appellees/Cross-Appellants certifies that the Certificate of Interested Persons in the previously filed briefs are complete.* These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Dated: February 20, 2024

/s/ Andrew H. Bart
    Andrew H. Bart
*Attorney of Record for Plaintiff-Appellees/Cross-Appellants*

---

* In Grande's Response Brief (ECF No. 87), the Certificate of Interested Persons incorrectly notes that Andrew H. Bart withdrew from this matter on December 26, 2023. Rather, the motion to withdraw (ECF No. 83), was filed by Jacob L. Tracer (formerly of Jenner & Block LLP), and was granted on December 26, 2023, ECF No. 84.

i

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................... i

TABLE OF AUTHORITIES ................................................................. iii

ARGUMENT ........................................................................................ 1

I.  The District Court Should Clarify That Actual Distribution Is Not Required To Prove Infringement Of Plaintiffs' Distribution Right. 2

II. Plaintiffs' Conditional Cross-Appeal Properly Raised The Erroneous Jury Instruction. ........................................................... 7

CONCLUSION .................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) ............................................................. 4

*Art Midwest Inc. v. Atl. Ltd. P'ship XII*,
   742 F.3d 206 (5th Cir. 2014) ......................................................... 8, 10

*Atlantic Recording Corp. v. Anderson*,
   No. H-06-3578, 2008 WL 2316551 (S.D. Tex. Mar. 12,
   2008) ..................................................................................................... 4

*Atlantic Recording Corp. v. Howell*,
   554 F. Supp. 2d 976 (D. Ariz. 2008) ................................................ 5, 7

*Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
   876 F.3d 119 (5th Cir. 2017) ............................................................... 9

*Crocker v. Piedmont Aviation, Inc.*,
   49 F.3d 735 (D.C. Cir. 1995) ............................................................... 8

*Domain Prot., L.L.C. v. Sea Wasp L.L.C.*,
   23 F.4th 529 (5th Cir. 2022) ............................................................... 9

*Kessler v. Nat'l Enters., Inc.*,
   203 F.3d 1058 (8th Cir. 2000) ............................................................ 8

*Maverick Recording Co. v. Harper*,
   No. 07-CV-026, 2008 WL 11411855 (W.D. Tex. Sept. 16,
   2008), *aff'd in part and rev'd in part*, 598 F.3d 193 (5th
   Cir. 2010) .......................................................................................... 3, 4

*Moore v. Omega Protein, Inc.*,
   459 F. App'x 339 (5th Cir. 2012) (per curiam) ............................... 8-9

*Select Comfort Corp. v. Baxter*,
   996 F.3d 925 (8th Cir. 2021) ............................................................... 9

*Warner Bros. Records, Inc. v. Payne*, No. W-06-CA-051, 2006 WL 2844415 (W.D. Tex. July 17, 2006) ................................... 3, 4, 6-7

**Statutes**

17 U.S.C. § 101 ............................................................................... 6

17 U.S.C. § 602(a)(1) ...................................................................... 6

**Other Authorities**

2 David Nimmer, *Nimmer on Copyright* § 8.11 (2023) ......................... 2, 6

H.R. Rep. 94-1476 (1976) ............................................................... 6

U.S. Copyright Office, *The Making Available Right in the United States* (2016), https://www.copyright.gov/docs/making_available/making-available-right.pdf ........................................................... 2, 5, 6

# ARGUMENT

The sole issue addressed in Plaintiffs-Appellees/Cross-Appellants' ("Plaintiffs") conditional cross-appeal concerns the district court's erroneous jury instruction regarding the conduct necessary to prove that the subscribers of Defendant-Appellant/Cross-Appellee ("Grande") directly infringed Plaintiffs' copyrights. Consistent with the weight of applicable precedent, the district court should have instructed the jury that the act of making copyrighted works available for download is sufficient to constitute infringement of Plaintiffs' exclusive distribution right.

In accordance with Fifth Circuit precedent, it was necessary for Plaintiffs to file their conditional cross-appeal to preserve their rights on this issue should the case be remanded for a new trial. However, the Court need not reach these issues should it affirm the jury's verdict. That is what should happen here as there are ample facts supporting the jury verdict in Plaintiffs' favor. None of the arguments raised by Grande call these facts into question. Rather, the bulk of Grande's response brief is a misguided attempt to claim that Plaintiffs misrepresent the relevant facts. However, interpretation of the facts is

purely the province of the jury and the jury's interpretation of the facts is readily evident from its verdict. Grande's attempts to re-characterize and "spin" the evidence presented at trial should be soundly rejected as an attempt to usurp the role of the jury. Nevertheless, in the event the Court remands for a new trial, the district court should correct its erroneous jury instruction.

**I.     The District Court Should Clarify That Actual Distribution Is Not Required To Prove Infringement Of Plaintiffs' Distribution Right.**

The district court's instruction that direct infringement occurs only "by distributing" a work without authorization contravenes the Copyright Act. ROA.13517-18; ROA.9924; ROA.13365-71. The principle that "distribution" includes making copyrighted works available for download has been endorsed by several circuit and district courts, by the United States Copyright Office, and by the leading commentators on copyright law.[1]

*First*, as the district court correctly noted at summary judgment, the "great weight" of authorities holds that taking steps to make

---

[1] *See* U.S. Copyright Office, *The Making Available Right in the United States* at 22-36 (2016), https://www.copyright.gov/docs/making_available/making-available-right.pdf [hereinafter "*Making Available Report*"]; 2 David Nimmer, *Nimmer on Copyright* § 8.11 (2023).

copyrighted works available without authorization violates Section 106(3) of the Copyright Act. ROA.6408-10. Three decisions from district courts in this Circuit are illustrative. In *Warner Bros. Records, Inc. v. Payne*, the Western District of Texas held that "[l]isting unauthorized copies of sound recordings using an online file-sharing system constitutes an offer to distribute those works, thereby violating a copyright owner's exclusive right of distribution." No. W-06-CA-051, 2006 WL 2844415, at *3 (W.D. Tex. July 17, 2006). Grande's response, that *Payne* was decided in the context of a motion to dismiss, is not a substantive response at all. ECF No. 87, Grande Response Br. at 58. In allowing the plaintiffs' claim to proceed, the court accepted the principle that making infringing copies of a plaintiff's copyrighted work available to the public is a violation of a plaintiff's exclusive distribution right as a matter of law. 2006 WL 2844415, at *3.

In *Maverick Recording Co. v. Harper*, another copyright infringement case involving peer-to-peer file sharing, the Western District of Texas rejected the argument "that merely making copyrighted works available to the public is not enough evidence for summary judgment purposes to establish infringement." No. 07-CV-

026, 2008 WL 11411855, at *3 (W.D. Tex. Sept. 16, 2008), *aff'd in part and rev'd in part*, 598 F.3d 193 (5th Cir. 2010).  And in *Atlantic Recording Corp. v. Anderson*, the Southern District of Texas held that placing copyrighted works in a "shared folder accessible to numerous other persons" online "constituted a 'distribution' for the purposes of [p]laintiffs' copyright infringement claim."  No. H-06-3578, 2008 WL 2316551, at *8 (S.D. Tex. Mar. 12, 2008).  These decisions are consistent with those from other circuit and district courts around the country which have concluded that the unauthorized act of making copyrighted works available is sufficient to infringe the distribution right.  *See* ECF No. 74, Plaintiffs' Br. at 74-75 (collecting cases).

Grande's two attempts to rebut Plaintiffs' authorities are unpersuasive.  As a preliminary matter, Grande's argument that none of Plaintiffs' cited cases deal with claims involving file sharing, *see* Grande Response Br. at 57-58, is simply not true.  *See, e.g., Payne*, 2006 WL 2844415, at *3 (addressing the file sharing context); *Maverick*, 2008 WL 11411855, at *3 & n.4 (same); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) (same).

Moreover, the cases Grande cites that required a plaintiff to demonstrate actual distribution to prove infringement of the distribution right are all out-of-circuit. Further, Grande offers no reason why this Court should disregard the majority of cases that have addressed this issue, including decisions of district courts within this Circuit, in favor of minority out-of-circuit authority. *See* Grande Response Br. at 56-58. Indeed, while Grande attempts to paint Plaintiffs' cited authority as outlier cases, it is Grande's cited authority, including *Atlantic Recording Corp. v. Howell*, 554 F. Supp. 2d 976 (D. Ariz. 2008), that is "contrary to the great weight of the case law." ROA.6408-10.

*Second*, in its comprehensive analysis of Section 106(3), the United States Copyright Office has soundly rejected the holdings of the cases Grande cites. *See Making Available Report*, *supra* note 1, at 22-36. After conducting an extensive survey of the available caselaw and the Copyright Act's text and legislative history, the Copyright Office concluded that the unauthorized making of copyrighted works available for download violates the exclusive distribution right. *See id.*

More specifically, the Copyright Office noted that the making available theory of infringement is consistent with the statutory text and the legislative history of the Copyright Act. The Office drew support for its conclusion from the text of Section 602 of the Copyright Act concerning "importation of copies or phonorecords," which notably does *not* require evidence that copies were actually disseminated to members of the public to establish a violation of the distribution right. *See Making Available Report*, *supra* note 1, at 27-28. Instead, merely importing copies of a work can violate the distribution right. *See* 17 U.S.C. § 602(a)(1); H.R. Rep. 94-1476, at 169-70 (1976); *Nimmer on Copyright* § 8.11.

In addition, the Copyright Office reviewed the legislative history of the Copyright Act and concluded that the exclusive distribution right was meant to fully incorporate the "publication" right that existed under the 1909 Act. *See Making Available Report*, *supra* note 1, at 33-34. Consistent with this history, "publication" is defined in the current Act to include "offering to distribute copies or phonorecords." 17 U.S.C. § 101. Courts have relied on this definition in interpreting the meaning of "distribute" in the Copyright Act. *See, e.g.*, *Payne*, 2006 WL 2844415,

at *3 (quoting 17 U.S.C. § 101 in support of its recognition of making available as a basis for infringement). Indeed, the *Howell* case, cited by Grande, notes that many courts have held that publication and distribution are synonymous. *See Howell*, 554 F. Supp. 2d at 984-85.

Grande's position, that a plaintiff cannot prove a violation of the distribution right by demonstrating that an infringer took affirmative steps to make a copyrighted work available for download, is inconsistent with the bulk of authority on this issue. Further, such a position would result in inconsistent rulings depending on whether there is proof that a work was actually transferred to a third party when in all such situations the final act by the infringer was making the unauthorized copy available to the public.

Accordingly, should the Court remand this case for a new trial, it should also require the district court to clarify that making an infringing copy of a work available is sufficient to establish infringement of Plaintiffs' exclusive distribution right.

## II. Plaintiffs' Conditional Cross-Appeal Properly Raised The Erroneous Jury Instruction.

Plaintiffs have standing to raise this issue in a conditional cross-appeal. Unambiguous precedent from this Circuit addressing

7

conditional cross-appeals instructs that a party waives its objection to an "adverse ruling in an initial district court proceeding" unless it preserves that issue for appeal via a conditional cross-appeal. *See Art Midwest Inc. v. Atl. Ltd. P'ship XII*, 742 F.3d 206, 211-12 (5th Cir. 2014).[2] Plaintiffs pursued this conditional cross-appeal specifically to avoid waiver pursuant to that precedent. Accordingly, Grande's argument that Plaintiffs have no standing to appeal the district court's jury instruction is simply wrong. *See* Grande Response Br. at 58-59.

Because a judgment may become adverse to a cross-appellant's interests should the appellate court decide to vacate or modify the trial court's decision, "a 'party who prevails in the district court is permitted to conditionally raise issues in a cross-appeal.'" *Art Midwest Inc.*, 742 F.3d at 211 (citations omitted). Consistent with this rule, litigants, including those in the Fifth Circuit, routinely file conditional cross-appeals concerning erroneous jury instructions, even when the jury verdict was in their favor. *See, e.g.*, *Moore v. Omega Protein, Inc.*, 459

---

[2] Other circuits similarly recognize the risk of waiver in a subsequent appeal following remand when an issue "could have been raised" in the initial appeal. *See Kessler v. Nat'l Enters., Inc.*, 203 F.3d 1058, 1059 (8th Cir. 2000) (citation omitted); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995) (collecting cases).

8

F. App'x 339, 340 (5th Cir. 2012) (per curiam); *Select Comfort Corp. v. Baxter*, 996 F.3d 925, 938 (8th Cir. 2021).

The cases Grande cites do not support a contrary result. *See Domain Prot., L.L.C. v. Sea Wasp L.L.C.*, 23 F.4th 529, 539-40 (5th Cir. 2022); *Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 876 F.3d 119, 126-27 (5th Cir. 2017); *see generally* Grande Response Br. at 58-59. Both cases arose in a significantly different procedural context—following a grant of summary judgment rather than following a jury verdict. In *Cooper Industries*, this Court recognized the cross-appeal as an attempt to advance alternative grounds for affirming the judgment, *see* 876 F.3d at 127, which is materially different from an appeal which seeks to correct an erroneous jury instruction and avoid waiver on key issues in the event the case is remanded for a new trial. And *Domain Protection* did not address a conditional cross-appeal at all. *See* 23 F.4th 529.

Adopting Grande's position would also be enormously inefficient for both litigants and the courts. Under such circumstances, if this Court remanded the case for a new trial, Plaintiffs would be unable to litigate the district court's erroneous jury instruction until after a

9

second trial—thus raising the prospect of a *third* trial that otherwise could have been avoided.  Accordingly, Plaintiffs' conditional cross-appeal "furthers the important value of procedural efficiency." *Art Midwest Inc.*, 742 F.3d at 211-12 (citation omitted).

## CONCLUSION

The Court should uphold the jury's verdict and affirm the judgment below.  However, if this Court vacates the judgment and remands this case to the district court for a new trial, it should clarify that taking affirmative steps to make an unauthorized copy of a copyrighted work available for others to download online violates the exclusive right of distribution.

Dated: February 20, 2024                Respectfully submitted,

/s/ Andrew H. Bart
Andrew H. Bart
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1645
abart@jenner.com

Paige Arnette Amstutz
SCOTT, DOUGLASS &
MCCONNICO, LLP
303 Colorado Street
Suite 2400
Austin, TX 78701
(512) 495-6300
pamstutz@scottdoug.com

Ian Heath Gershengorn
JENNER & BLOCK LLP
1099 New York Ave NW, Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I caused the **Reply Brief of Plaintiffs-Appellees/Cross-Appellants** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that service on opposing counsel listed below will be accomplished by the CM/ECF system.

Richard L. Brophy
Zachary C. Howenstine
Armstrong Teasdale, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
rbrophy@atllp.com
zhowenstine@atllp.com

Dana Livingston
Cokinos Young, P.C.
900 South Capital of Texas Hwy.
Suite 425
Austin, TX 78746
(512) 482-9304
dlivingston@cokinoslaw.com

/s/ Andrew H. Bart
Andrew H. Bart

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 28.1(e)(2)(C) and (e)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,838 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365, in 14 point Century Schoolbook for the main text and 12 point Century Schoolbook for the footnotes, as permitted by 5th Cir. R. 32.1.

/s/ Andrew H. Bart  
Andrew H. Bart