# United States Court of Appeals for the Fifth Circuit

UMG Recordings, Incorporated; Capitol Records, L.L.C.; Warner Bros. Records, Incorporated; Sony Music Entertainment; Arista Records, L.L.C.; Arista Music; Atlantic Recording Corporation; Capitol Christian Music Group, Incorporated; Elektra Entertainment Group, Incorporated; Fonovisa, Incorporated; Fueled by Ramen, L.L.C.; LaFace Records, L.L.C.; Nonesuch Records, Incorporated; Rhino Entertainment Company; Roadrunner Records, Incorporated; Roc-A-Fella Records, L.L.C.; Tooth & Nail, L.L.C.; Zomba Recording, L.L.C.,

*Plaintiffs—Appellees/Cross-Appellants*,

*versus*

Grande Communications Networks, LLC,

*Defendant—Appellant/Cross-Appellee.*

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-000365-DAE

## Opposed Motion to File Supplemental Letter Briefs upon Remand from the United States Supreme Court

Richard L. Brophy
rbrophy@atllp.com
Zachary C. Howenstine
zhowenstine@atllp.com
Armstrong Teasdale, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070

Dana Livingston
dlivingston@cokinoslaw.com
Cokinos Young, P.C.
900 S. Capital of Texas Hwy.,
Suite 425
Austin, Texas 78746
Telephone: (512) 482-9304

*Counsel for Appellant/Cross-Appellee Grande Communications Networks, LLC*

Appellant/Cross-Appellee, Grande Communications Networks, LLC, respectfully moves for an order permitting the parties to file five-page, single-spaced supplemental letter briefs addressing (1) the impact of the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026); and (2) the appropriate allocation of costs in this matter. Appellees/Cross-Appellants UMG Recordings, Inc., et al., oppose this request and intend to file an opposition.

By way of background, the district court entered judgment following a jury trial that Grande, an internet service provider, was contributorily liable for $46.8 million in statutory damages based on acts of copyright infringement committed by Grande's subscribers. Both sides appealed. This Court affirmed as to liability but vacated the damages award. Dkt. No. 117-1, 118.

Grande then filed a petition for writ of certiorari. After its March 25, 2026 opinion in *Cox*, the Supreme Court on April 6, 2026 granted Grande's petition, vacated this Court's judgment, remanded the case "for further consideration in light of" *Cox*. *See* Dkt. No. 171. And on May 11, 2026, the Supreme Court's judgment was filed with this Court. Dkt. No. 172.

In *Cox*, the Supreme Court reversed a contributory liability judgment against Cox Communications. Cox Communications is another internet service provider,

and it was sued by the same group of plaintiffs on the same theory of contributory liability. In reversing the judgment, the Supreme Court held that "a company is not liable as a copyright infringer for merely providing a service to the general public with knowledge that it will be used by some to infringe copyrights." 146 S. Ct. at 964.

Grande now respectfully requests that the Court permit the parties to file post-remand supplemental letter briefs addressing the impact of *Cox* on this case and the appropriate allocation of costs. Grande submits that the issues in this case are straightforward in view of *Cox*, and that five-page, single-spaced supplemental letter briefs will be sufficient.

## Conclusion

For these reasons, Appellant/Cross-Appellee Grande Communications Networks, LLC respectfully requests that the Court enter an order permitting the parties to file five-page, single-spaced supplemental letter briefs, within 14 days of such order, addressing (1) the impact of the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. __, 146 S. Ct. 959 (2026); and (2) the appropriate allocation of costs in this matter.

Respectfully submitted,


*/s/ Zachary C. Howenstine*
Richard L. Brophy
Zachary C. Howenstine
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  (314) 621-5070
Facsimile:  (314) 621-5065
E-mail:  rbrophy@atllp.com
E-Mail:  zhowenstine@atllp.com

Dana Livingston
COKINOS YOUNG, P.C.
900 S. Capital of Texas Hwy.
Suite 425
Austin, TX 78746
Telephone: (512) 482-9304
Facsimile:  (512) 610-1184
E-mail: dlivingston@cokinoslaw.com

*Counsel of record for Defendant—
Appellant/Cross-Appellee, Grande
Communications Networks, LLC*

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2026, a copy of the foregoing document was filed and served electronically through the Court's Electronic Case Filing System on lead counsel of record for Plaintiffs—Appellees/Cross-Appellants:

| | |
|---|---|
| Ian Heath Gershengorn<br>igershengorn@jenner.com<br>JENNER & BLOCK, LLP<br>Suite 900<br>1099 New York Avenue, N.W.<br>Washington, DC 20001-4412<br>Telephone: (202) 639-6869<br>Facsimile: (202) 639-6066<br><br>*Counsel for Plaintiffs—Appellees/Cross-Appellants* | Paige Arnette Amstutz<br>pamstutz@scottdouglass.com<br>SCOTT, DOUGLASS<br>& McCONNICO LLP<br>303 Colorado St.<br> Suite 2400<br>Austin, Texas 78701<br>Telephone: (512) 495-6300<br>Facsimile: (512) 495-6399<br><br>*Counsel for Plaintiffs—Appellees/Cross-Appellants* |
| Michael Anthony Petrino<br>petrino@cir-usa.org<br>CENTER FOR INDIVIDUAL RIGHTS<br>Suite 625<br>1100 Connecticut Ave., N.W.<br>Washington, DC 20036<br>Telephone: (202) 833-8400<br><br>*Counsel for Plaintiffs—Appellees/Cross-Appellants* | Andrew H. Bart<br>abart@jenner.com<br>JENNER & BLOCK, LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 891-1645<br>Facsimile: (212) 909-0805<br><br>*Counsel for Plaintiffs—Appellees/Cross-Appellants* |

*/s/ Zachary C. Howenstine*

## CERTIFICATE OF CONFERENCE

Counsel for Defendant—Appellant/Cross-Appellee conferred with counsel for Plaintiffs—Appellees/Cross-Appellant about the relief sought by this motion, and they advised that their clients oppose this request and intend to file an opposition.

/s/ Zachary C. Howenstine

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of FED. R. APP. P. 27(d)(2)(A) because, excluding the parts of the document exempted by FED. R. APP. P. 27(a)(2)(B) and 32(f), this document contains 391 words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013, in 14 point Equity, with the exception of any footnotes in 12 point Equity, as permitted by 5TH CIR. R. 32.1.

/s/ Zachary C. Howenstine