# United States Court of Appeals
# for the Fifth Circuit

UMG Recordings, Inc.; Capitol Records, L.L.C.; Warner Records Incorporated; Sony Music Entertainment; Arista Records, L.L.C.; Arista Music; Atlantic Recording Corporation; Capitol Christian Music Group, Inc.; Elektra Entertainment Group Incorporated; Fonovisa, Inc.; Fueled by Ramen, L.L.C.; LaFace Records, L.L.C.; Nonesuch Records Incorporated; Rhino Entertainment Company; Roadrunner Records, Incorporated; Roc-A-Fella Records, LLC; Tooth & Nail, LLC; Zomba Recording, L.L.C.,

*Plaintiffs—Appellees/Cross-Appellants*,

*versus*

Grande Communications Networks, LLC,

*Defendant—Appellant/Cross-Appellee.*

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-000365-DAE

## Opposition to Defendant-Appellant's Motion to File Supplemental Letter Briefs upon Remand from the United States Supreme Court

Paige Arnette Amstutz
SCOTT DOUGLASS &
MCCONNICO LLP
303 Colorado Street
Suite 2400
Austin, TX 78701
(512) 495-6300
pamstutz@scottdoug.com

*Counsel for Plaintiffs-Appellees/Cross-Appellants*

Appellant/Cross-Appellee Grande Communications Networks, LLC.'s ("Grande") motion for supplemental briefing to address an intervening change in law, as set forth in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026), Dkt. No. 177, should be denied. Instead, the Court should follow its normal practice of vacating the district court's judgment and remanding to the district court for further proceedings in light of the change in law.

In October 2022, a jury found Grande liable for willful contributory infringement of Appellees/Cross-Appellants' copyrighted sound recordings and awarded Appellees/Cross-Appellants nearly $46.8 million in statutory damages. The district court entered judgment consistent with the jury's verdict. This Court affirmed the judgment as to Grande's contributory infringement liability, vacated the damages award, and remanded for a new trial on damages. Dkt. No. 117-1, 118.

Grande then filed a petition for writ of certiorari. On March 25, 2026, prior to ruling on Grande's petition, the Supreme Court issued a decision in a separate case, changing the standard for contributory infringement by an internet service provider. *See Cox*, 146 S. Ct. 959.

On April 6, 2026, with no factual record before it, the Supreme Court granted Grande's petition for writ of certiorari, vacated this Court's judgment, and remanded for further proceedings ("GVR'd") in light of *Cox*. *See* Dkt. No. 171.

This Court's normal practice when intervening Supreme Court precedent affects a case pending before it on direct appeal is to "vacate the judgment below and remand for reconsideration in light of the new decision." *Utah v. Su*, 109 F.4th 313, 319 & n.10 (5th Cir. 2024) (collecting cases and explaining nature of judicial hierarchy, including that "appellate courts generally sit as 'courts of review, not first view'" (quoting *Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 957 (5th Cir. 2024))); *accord, e.g.*, *McCoy v. Alamu*, 842 Fed. App'x 933 (5th Cir. 2021) (vacating district court judgment and remanding for further proceedings after Supreme Court GVR'd case); *Long v. Davis*, 706 Fed. App'x 181 (5th Cir. 2017) (same); *Kopp v. Klein*, 762 F.3d 450 (5th Cir. 2014) (same).

The Court should follow its normal practice of vacating and remanding to allow the district court to consider this case in the first instance in light of *Cox*.

Respectfully submitted,

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street
Suite 2400
Austin, TX 78701
(512) 495-6300
pamstutz@scottdoug.com

*Counsel of record for Plaintiffs-Appellees/Cross-Appellant*

## Certificate of Service

I certify that on June 24, 2026, a copy of the foregoing document was filed and served electronically through the Court's Electronic Case Filing System on lead counsel of record for Defendant—Appellant/Cross-Appellee:

| | |
|---|---|
| Richard L. Brophy<br>rbrophy@atllp.com<br>Zachary C. Howenstine<br>zhowenstine@atllp.com<br>Armstrong Teasdale, LLP<br>7700 Forsyth Blvd., Suite 1800<br>St. Louis, Missouri 63105<br>Telephone: (314) 621-5070 | Dana Livingston<br>dlivingston@cokinoslaw.com<br>Cokinos Young, P.C.<br>900 S. Capital of Texas Hwy.,<br>Suite 425<br>Austin, Texas 78746<br>Telephone: (512) 482-9304 |

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz

## Certificate of Compliance

1.	This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f), this document contains <u>371</u> words.

2.	This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013, in 14 point Equity, with the exception of any footnotes in 12 point Equity, as permitted by 5th Cir. R. 32.1.

<u>/s/ Paige Arnette Amstutz</u>
Paige Arnette Amstutz
