

**VIA ECF**

Lyle W. Cayce
United States Court of Appeals
    for the Fifth Circuit
Office of the Clerk

    Re:    23-50162, *UMG Recordings, Inc. et al. v. Grande Communications Networks, LLC*: Letter Brief regarding Impact of Supreme Court's Decision in *Cox Communications, Inc. v. Sony Music Entertainment*

Dear Mr. Cayce:

We write on behalf of Appellant/Cross-Appellee Grande Communications Networks, LLC to request that the Court render judgment in favor of Grande.

On April 6, 2026, the Supreme Court granted Grande's petition for writ of certiorari, vacated this Court's judgment, and remanded the case to this Court "for further consideration in light of *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. __ (2026)." Dkt. No. 172 (filed May 11, 2026). *Cox* rejected the "material contribution" theory of contributory liability—the sole theory on which the Court affirmed the jury's verdict here—and the Labels cannot prove contributory liability under *Cox* as a matter of law.

As we explain below, the Court should render judgment for Grande in light of *Cox*.[1] The Court should also award Grande its costs on appeal under Fed. R. App. P. 39(a)(3) and remand the case for further proceedings regarding Grande's recovery of costs and attorney's fees at the district court level.

### 1. *Cox* is on all fours with this case.

*Cox* was brought by the same plaintiffs—the three major U.S. record labels ("the Labels")—asserting the same theory of contributory copyright liability against a similarly situated defendant, another internet service provider. In *Cox*, as here, the

---

[1] By order dated July 15, 2026 (Dkt. No. 195), the Court granted Grande's request for supplemental letter briefs on this subject.

Labels contended that the defendant ISP was contributorily liable for its customers' music piracy "because it continued to provide known infringers with Internet access." 146 S. Ct. at 964. And as here, the Labels' primary liability evidence showed that Cox had not terminated service to certain customers despite receiving emails accusing those customers of offering to share copyrighted music files online. *Id.* at 965.

The Fourth Circuit affirmed the jury verdict of contributory liability on grounds that Cox "materially contributed" to its customers' infringing acts by providing known infringers with internet access. *Sony Music Ent. v. Cox Commc'ns, Inc.*, 93 F.4th 222, 235–37 (4th Cir. 2024), *rev'd*, 607 U.S. __, 146 S. Ct. 959 (2026). In affirming the judgment against Grande, this Court reached the same conclusion, quoting the Fourth Circuit's holding that "supplying a product with knowledge that the recipient will use it to infringe copyrights is exactly the sort of culpable conduct sufficient for contributory infringement." *UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C.*, 118 F.4th 697, 717–20 (5th Cir. 2024) (quoting *Cox*, 93 F.4th at 236), *vacated & remanded*, 146 S. Ct. 2152 (2026).

## 2. *Cox* holds that providing internet access to a known infringer is insufficient to support contributory liability as a matter of law.

In *Cox*, the Supreme Court rejected the "material contribution" standard adopted by the Fourth Circuit and this Court, characterizing it as improperly "establishing a new form of contributory liability." 146 S. Ct. at 968. In repudiating "material contribution" as an independent basis for liability, the Supreme Court emphasized that it "has repeatedly made clear that mere knowledge that a service will be used to infringe is insufficient to establish the required intent to infringe." *Id.* Instead, the Supreme Court held—as Grande urged in this appeal—that its prior decisions in *Grokster* and *Sony* set out the exclusive paths for proving contributory infringement. *See id.* at 967; Grande's Reply Br./Cross-Appellee's Br. at 7.

Under the Supreme Court's precedents, "[t]he intent required for contributory liability can be shown ***only if*** [1] the party induced the infringement or [2] the provided service is tailored to that infringement." *Cox*, 146 S. Ct. at 967 (emphasis added). Under the first prong, "[a] provider induces infringement if it actively encourages infringement through specific acts"—for example, where companies "promoted and marketed their software as a tool to infringe copyrights." *Id.* Under the second prong, "[a] service is tailored to infringement if it is 'not capable of 'substantial' or 'commercially significant' noninfringing uses.'" *Id.* (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 942 (2005) (Ginsburg, J., concurring)).

Applying the correct legal framework, the Supreme Court had no difficulty concluding that "Cox is not contributory liable for the infringement of Sony's copyrights":

> Cox neither induced its users' infringement nor provided a service tailored to infringement. As for inducement, Cox did not "induce" or "encourage" its subscribers to infringe in any manner. Sony provided no "evidence of express promotion, marketing, and intent to promote" infringement. And, Cox repeatedly discouraged copyright infringement by sending warnings, suspending services, and terminating accounts. As for providing a service tailored to infringement, Cox's Internet service was clearly "capable of 'substantial' or 'commercially significant' noninfringing uses." Cox did not tailor its service to make copyright infringement easier. Cox simply provided Internet access, which is used for many purposes other than copyright infringement.

*Id.* at 968 (citations omitted) (quoting *Grokster*, 545 U.S. at 930, 926, 942).

### 3. The Court should render judgment for Grande in light of *Cox*.

It is appropriate for the Court to render judgment in favor of Grande because there is "no clear benefit to remanding this case to the district court." *See Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633, 641 (5th Cir. 2014); *see also, e.g.*, *United States v. Daniels*, 124 F.4th 967, 974–76 (5th Cir. 2025) (reaching the merits following GVR order).

On remand, the Labels cannot argue that they proved (or could prove) that Grande induced or encouraged the infringement at issue. That is because the Labels never pursued that theory below or on appeal. Instead, the Labels always claimed that they needed to prove only that Grande "materially contributed" to its customers' infringing acts, by providing them with internet service. *See, e.g.*, ROA.3654-56 (at summary judgment, arguing that the Supreme Court's inducement case law is irrelevant because material contribution is a separate and independent basis for contributory liability), 11511 (pretrial conference: "[W]e are going to prove that [Grande] had knowledge, that they materially contributed to [infringement], and that there was actual infringement by the underlying user, because that is what our proof is going to show."), 13546 (closing argument: "[T]hroughout the case, Grande has asked questions about whether anyone at Grande intended to encourage infringement. The plaintiffs don't need to prove inducement or encouragement of infringement. All they need to prove is that Grande materially contributed to the

infringement, regardless of Grande's motive."), 10895-96 (at the JMOL phase, arguing only that there was sufficient evidence of material contribution).

Because the Labels expressly disclaimed any reliance on an inducement theory in this appeal and "to protect the integrity of the judicial process," they should be judicially estopped from changing their position now. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). All three elements of judicial estoppel are present. *See In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013). First, if the Labels were to argue that the evidence is sufficient to prove inducement, the Labels would be "assert[ing] a legal position that is plainly inconsistent with a prior position." *See, e.g.*, Labels' Resp. Br./Cross-Appellants' Br. at 45–47 (arguing that the Court need not consider inducement because "Plaintiffs can plainly hold Grande liable for materially contributing to its subscribers' infringements"). Second, this Court "accepted the prior position"—namely, that it was sufficient for the Labels to prove only that Grande materially contributed to infringement. *See Grande*, 118 F.4th at 718–20. Third, because the Labels repeatedly disclaimed any need (or ability) to prove inducement (as set forth above), the Labels "did not act inadvertently."

Even if judicial estoppel did not apply, forfeiture would. Because the Labels never argued below that they proved (or could prove) inducement, that argument has been forfeited. *See, e.g.*, *United States v. Joseph*, 102 F.4th 686, 691 (5th Cir. 2024) ("Our court cannot allow a party to raise an issue for the first time on appeal merely because they believe they may prevail on a new theory never raised before the district court." (quotations omitted)); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341–42 (5th Cir. 1999) (refusing to consider design-defect theory on appeal where party pursued only a manufacturing-defect theory below).

Any inducement theory would also fail for lack of evidence. Everything the Supreme Court said about Cox's conduct applies equally to Grande. "As for inducement, [Grande] did not 'induce' or 'encourage' its subscribers to infringe in any manner." *Cox*, 146 S. Ct. at 968 (quoting *Grokster*, 545 U.S. at 930). As in *Cox*, there was "no 'evidence of express promotion, marketing, and intent to promote' infringement."[2] *Id.* (quoting *Grokster*, 545 U.S. at 926).

---

[2] Because inducement liability requires proof that the defendant "actively encourages infringement through specific acts," *Cox*, 146 S. Ct. at 967, the defendant is not required to show that it actively *discouraged* infringement. An ISP's admonitions are only relevant because they refute the notion of any active encouragement. But in any event, the undisputed evidence at trial also showed that Grande, like Cox, "repeatedly discouraged copyright infringement by sending warnings, suspending services, and terminating accounts." *See, e.g.*, ROA.12405-06, 12698-99, 12753-54, 12890-91, 13075-79.

The Labels had many opportunities to come forward with any evidence of inducement, and each time they declined to do so—because there is none. Grande consistently maintained—at summary judgment, at the JMOL phase, and on appeal—that the Labels needed to prove that Grande induced or encouraged infringement, and that there was no such evidence here. *See, e.g.*, ROA.3047-48, 5178-81 (summary judgment), 10558-59, 10957-58 (JMOL); Grande's Appellant Br. at 26; Grande's Reply Br./Cross-Appellee's Br. at 16. In response, the Labels never even *attempted* to demonstrate that there was a triable issue regarding inducement. That is because the Labels' case was based entirely on Grande providing internet service to known infringers; there was not a shred of evidence that Grande encouraged any of its customers to infringe the Labels' copyrights.

Finally, there is also no factual issue regarding whether Grande's internet service is "tailored to infringement"—i.e., "not capable of 'substantial' or 'commercially significant' noninfringing uses."[3] *Cox*, 146 S. Ct. at 967 (quoting *Grokster*, 545 U.S. at 942 (Ginsburg, J., concurring)). Like Cox, Grande "simply provided Internet access, which is used for many purposes other than copyright infringement." *Id.* at 968; *see also, e.g.*, *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1149 (9th Cir. 2018) ("Providing internet access can hardly be said to be distributing a product or service that is not capable of substantial or commercially significant noninfringing uses." (quotations & citation omitted)).

### 4. Conclusion

The Court should render judgment for Grande. Because the Labels cannot prove contributory infringement under *Cox*, there is "no clear benefit to remanding this case to the district court." *See Fisher*, 758 F.3d at 641. Additionally, the Court should award Grande its costs on appeal under Fed. R. App. P. 39(a)(3) and remand the case for further proceedings regarding Grande's recovery of costs and attorneys' fees at the district court level.

---

[3] In any event, for the same reasons the Labels should be precluded from pursuing a new inducement theory, they may not raise this issue for the first time on appeal. The Labels never previously argued that Grande's internet service is incapable of "substantial or commercially significant noninfringing uses."

Respectfully Submitted,

/s/ *Zachary C. Howenstine*
Richard L. Brophy
Zachary C. Howenstine
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Facsimile: (314) 621-5065
E-mail: rbrophy@atllp.com
E-mail: zhowenstine@atllp.com

Dana Livingston
COKINOS YOUNG, P.C.
900 S. Capital of Texas Hwy.
Suite 425
Austin, TX 78746
Telephone: (512) 482-9304
Facsimile: (512) 610-1184
E-mail: dlivingston@cokinoslaw.com

*Counsel for Defendant—*
*Appellant/Cross-Appellee, Grande*
*Communications Networks, LLC*

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2026, a copy of the foregoing document was filed and served electronically through the Court's Electronic Case Filing System on counsel of record for Plaintiffs—Appellees/Cross-Appellants:

Paige Arnette Amstutz
pamstutz@scottdouglass.com
SCOTT, DOUGLASS
    & MCCONNICO LLP
303 Colorado St.
Suite 2400
Austin, Texas 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

/s/ *Zachary C. Howenstine*
Zachary C. Howenstine

**CERTIFICATE OF COMPLIANCE**

This letter complies with the length limitation of this Court's July 15, 2026 directive because the body of the supplemental letter brief does not exceed five pages. *See* Fed. R. App. P. 32(c)(2).

This letter also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)(A) and the type-style requirements of Rule 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font (except for footnotes, which are in 12-point typeface as permitted by 5th Cir. R. 32.1).

/s/ *Zachary C. Howenstine*
Zachary C. Howenstine